**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | Criminal Case No. 21-582 (CRC) |
| | **:** | |
| **MICHAEL SUSSMANN,** | **:** | |
| | **:** | |
| Defendant. | | |

**PROTECTIVE ORDER GOVERNING UNCLASSIFIED DISCOVERY**

To expedite the flow of discovery material between the parties and adequately protect personal identity information entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and with the consent of the parties, ORDERED:

**All Unclassified Materials**

1.      All unclassified materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") are subject to this protective order ("the Order") and may be used by the defendant and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.      The defendant and defense counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense (including, but not limited to, any experts, investigators, database processors, and administrative or technical personnel), persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court.

3.      The defendant, defense counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defense counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. The defendant, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to

the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

4.      Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

5.      Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

6.      The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the materials in judicial proceedings in this case, except as described below.

### Sensitive Materials

7.      The United States may produce materials containing personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure ("sensitive materials") to defense counsel, pursuant to the defendants' discovery requests.  Sensitive materials shall be plainly marked as "Sensitive Materials" by the United States prior to disclosure.

8.      No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defendant, defense counsel, persons employed to assist the defense (including, but not limited to, any experts, investigators, database processors, and administrative or technical personnel), persons who are interviewed as potential witnesses, counsel for potential witnesses, or the person to whom the sensitive information solely and directly pertains, without prior notice to the United States and authorization from the Court.  Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

9.      Sensitive materials must be maintained in the custody and control of defense counsel.  Defense counsel may show sensitive materials to the defendant, persons who are interviewed as potential witnesses, or counsel for potential witnesses as necessary to assist in preparation of the defense, however, defense counsel may not provide a copy of sensitive materials to the defendant, persons who are interviewed as potential witnesses, or counsel for potential witnesses.  Moreover, if defense counsel does show sensitive materials to the defendant, persons

who are interviewed as potential witnesses, or counsel for potential witnesses, defense counsel may not allow the defendant or such persons to write down any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure that is contained in the sensitive materials.  If the defendant or such persons takes notes regarding sensitive materials, defense counsel must inspect those notes to ensure that the defendant or such persons has not copied down personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure.

10.     The procedures for use of designated sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.   No party shall disclose designated sensitive materials in open court without prior consideration by the Court.

11.     The Clerk shall accept for filing under seal any filings so marked by the parties pursuant to this Order.

## Scope of this Order

12.     **Modification Permitted.**  Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

13.     **No Waiver**.  The failure by the United States to designate any materials as "sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as sensitive.

14.     **No Ruling on Discoverability or Admissibility**.  This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

_____
CHRISTOPHER R. COOPER
United States District Judge

DATE:  October 6, 2021.