**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| *v.* | Case No. 1:21-cr-00582 |
| **MICHAEL A. SUSSMANN,** | |
| *Defendant*. | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION**
**FOR A BILL OF PARTICULARS**

## I.    INTRODUCTION

In his Opposition to the Defendant's Motion for a Bill of Particulars, the Special Counsel principally contends that: (1) the Indictment adequately informs Mr. Sussmann of the false statement charge against him; and (2) discovery provides Mr. Sussmann with all the information he needs to prepare his defense.  These arguments cannot be squared with either the facts or the law.

While the Indictment is undoubtedly long, it falls short on providing the details that actually matter, namely, the details concerning what false statement Mr. Sussmann allegedly made, in what context, and why it was material.  As to these allegations, the Indictment simply does not provide the kind of clarity and precision that the law requires—clarity and precision that is all the more important here because the purported false statement was made over five years ago to a single witness who did not record it, who did not make notes of it, and who has previously testified under oath that he lacks a specific memory of what Mr. Sussmann said about his clients.  Nor does the law permit the Special Counsel to attempt to cure his vague and muddled Indictment by pointing to discovery he *intends to* produce.  Whatever his intentions, the Special Counsel has not, in fact,

produced any of the discovery that could provide Mr. Sussmann with the information he has requested. Indeed, it has been over a month since Mr. Sussmann was indicted and the Special Counsel has not even produced certain material pursuant to his obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), even though the Special Counsel has effectively conceded that such material exists.[1]

The Special Counsel chose to bring this false statement case. Having made that choice, he has an obligation to identify the details that enable Mr. Sussmann to mount a vigorous defense. *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987); *see also* Fed. R. Crim. P. 7(f). For the reasons set forth below, the Defendant respectfully requests that the Special Counsel be ordered to provide a bill of particulars, as detailed in Section III below.

## II.   ARGUMENT

### A.   The Special Counsel Must Provide Particulars Regarding the False Statement Mr. Sussmann Allegedly Made to Mr. Baker

The Special Counsel suggests that Mr. Sussmann is not entitled to particulars regarding the false statement charged against him because the "27-page speaking indictment more than adequately informs the defendant of the charge[] against him." Opp'n at 1. As an initial matter, this argument is unavailing because the Indictment, in fact, advances multiple, and inconsistent

---

[1] By way of example, the Indictment alleges that Mr. Sussmann billed the September 19, 2016 meeting with Mr. Baker to the Clinton Campaign, Indictment ¶ 29, while Mr. Sussmann denies that he did so. Among other evidence contradicting the Indictment on this point, there are expense reports showing that Mr. Sussmann took taxis to and from this meeting and that Mr. Sussmann expensed those taxis not to the Clinton Campaign, not to Tech Executive-1, but indeed to no client at all. These expense reports cannot be reconciled with the Special Counsel's allegations about Mr. Sussmann's billing, nor can they be reconciled with the Special Counsel's theory of the case. Therefore, they are quintessential *Brady* material, and the Special Counsel has yet to produce them to Mr. Sussmann. So, too, has the Special Counsel failed to disclose witness statements, including unclassified grand jury testimony of an immunized witness, that either exculpate Mr. Sussmann or conflict with the core allegations that the Special Counsel has made against him, or both.

versions of the purported false statement at issue in this case.  At times, the Indictment suggests that Mr. Sussmann falsely stated that he was not "acting on behalf of any client in *conveying particular allegations*" to the Federal Bureau of Investigation ("FBI"), Indictment ¶ 46 (emphasis added); at other times, the Indictment suggests Mr. Sussmann lied about the "*capacity* in which he was providing the allegations to the FBI," *id.* ¶ 4 (emphasis added); and at other times still, the Indictment alleges that Mr. Sussmann falsely stated that he was "*not doing his work* on the aforementioned allegations 'for any client,'" *id.* (emphasis added).

Although the Special Counsel's Opposition does not acknowledge the Indictment's contradictions and inconsistencies, the Special Counsel has nonetheless confirmed that the specific false statement he has committed to proving is that Mr. Sussmann falsely stated "to the General Counsel of the FBI that he was not acting on behalf of any client in conveying particular allegations concerning a Presidential candidate." *Id.* ¶ 46; Opp'n at 9.  This confirmation is helpful.  But it does not satisfy the Special Counsel's obligations under the law.  "In a criminal false statement case, it is insufficient for the government to tell defense counsel 'the substance' of what the false statements are or to offer to make a particular witness available for interview prior to trial."  *See United States v. Anderson*, 441 F. Supp. 2d 15, 19 (D.D.C. 2006).

The Special Counsel cannot circumvent the obvious truth that words matter.  Here, the law accordingly requires him to identify the specific wording that Mr. Sussmann used in his allegedly false statement.  *See United States v. Trie*, 21 F. Supp. 2d 7, 21-22 (D.D.C. 1998) (the government must "provide information as to exactly what the false statements are"); *Anderson*, 441 F. Supp. 2d at 19 ("In a criminal false statement case, it is insufficient for the government to tell defense counsel 'the substance' of what the false statements are or to offer to make a particular witness available for interview prior to trial."); *United States v. Brown*, No. 07-75 (CKK), 2007 WL

3

2007513, at *16 (D.D.C. July 9, 2007) ("Defendants shall be on notice of the specific alleged actions and specifically worded false statements on which the Government shall rely in proving its case."); *see also United States v. Weinberger*, No. 92-cr-235, 1992 WL 294877, at *4 (D.D.C. Sept. 29, 1992) ("Under § 1001, the indictment has to provide adequate notice of the *wording* of the statements alleged to be false." (emphasis added)).[2]

The Special Counsel's arguments to the contrary intentionally misconstrue Mr. Sussmann's arguments and fail to meaningfully engage with all of the relevant case law.

First, the Special Counsel suggests that Mr. Sussmann's Motion argues "in essence, that the Indictment is insufficient because there is no recording or verbatim transcript of the defendant's false statement." Opp'n at 10. This is not Mr. Sussmann's argument. Mr. Sussmann's argument is that he is entitled to know what Mr. Baker is alleging that Mr. Sussmann said and in what context because: (a) the law entitles him to that information; and (b) his need for the information is only heightened here, where there is no transcript or recording that clarifies the statement, and where Mr. Baker previously testified under oath that he could not specifically remember the statement in question.

Second, the Special Counsel argues that "the few cases that the defendant relies on to support his argument are easily distinguishable." *Id.* But the Special Counsel only bothers to try to distinguish one of those cases—specifically, *United States v. Trie*—and he does not succeed.

---

[2] In the Defendant's Motion, Mr. Sussmann also argued that the allegations in the Indictment were inconsistent as to which crime Mr. Sussmann allegedly committed, charging an affirmative misrepresentation under 18 U.S.C. § 1001(a)(2) but also including allegations that suggest an omissions offense under 18 U.S.C. § 1001(a)(1). Mot. at 10-11. Although the Special Counsel previously refused to clarify which theory the Indictment meant to allege, he has now confirmed that is the Indictment only charges an affirmative misrepresentation under 18 U.S.C. § 1001(a)(2). Opp'n at 11-12. Without prejudice to any pretrial motions Mr. Sussmann may make, the Defendant accepts the Special Counsel's representation.

In *Trie*, the defendant was charged with several offenses, including aiding and abetting false statements to the Federal Election Commission ("FEC") by causing the Democratic National Committee to submit false reports to the FEC.  21 F. Supp. 2d at 13.  The defendant sought a bill of particulars regarding the allegedly false statements made in the reports, which the court granted in part, noting that "[a] defendant faced with false statements charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend."  *Id.* at 21.  No matter the facts giving rise to the court's conclusion in that case, its conclusion stands: a defendant in a false statements case is entitled to know "exactly what the false statements are" and "what about them is false."  *Id.* at 22.

Furthermore, far from being an outlier, the principle identified in *Trie* has been echoed in multiple other cases.  The Special Counsel does not even address these additional cases, let alone explain why they are, as he asserts with no analysis, "easily distinguishable."  Those other cases are, in fact, applicable here.  In *Brown*, while the court found the allegations in the indictment sufficient to survive a motion to dismiss, the court nevertheless found that a bill of particulars was warranted "such that Defendants shall be on notice of the . . . *specifically worded* false statements on which the Government shall rely in proving its case."  2007 WL 2007513, at *14, 16 (emphasis added).  In *Anderson*, for example, the court held, among other things, that "it is insufficient for the government to tell defense counsel 'the substance' of what the false statements are or to offer to make a particular witness available for interview prior to trial"  441 F. Supp. 2d at 19.  And in *Weinberger*, while the court denied the defendant's motion to dismiss, the court nevertheless noted that, in order to allege a false statement under 18 U.S.C. § 1001, "the indictment has to provide adequate notice of the *wording* of the statements alleged to be false."  *Weinberger*, 1992 WL 294877, at *4 (emphasis added).  Rather than being "distinguishable," as the Special Counsel

argues, these cases support Mr. Sussmann's request for particulars regarding the exact wording of the statement he is alleged to have made.

Accordingly, the Court should order the Special Counsel to provide Mr. Sussmann with the exact statement he is alleged to have made, and the context in which the statement was made. To the extent the Special Counsel cannot produce the exact words of the statement, he should be required to acknowledge this in a bill of particulars.

**B.    The Special Counsel Must Provide Particulars Regarding Materiality**

The Special Counsel suggests that Mr. Sussmann is not entitled to particulars regarding materiality because he seeks to know the "government's trial strategy" and "limit the government's trial evidence." Opp'n at 12. The Special Counsel again misapprehends Mr. Sussmann's Motion.

Here, the Special Counsel chose to include allegations about materiality in the Indictment. Among other reasons, the Indictment alleges that the purported false statement was material because it misled "the FBI General Counsel and other FBI personnel concerning the political nature of [Mr. Sussmann's] work and deprived the FBI of information that might have permitted it more fully to assess and uncover the origins of the relevant data and technical analysis, including the identities and motivations of Sussmann's clients." Indictment ¶ 5. The Indictment also alleges that Mr. Sussmann's alleged false statement was material because "among other reasons, it was relevant to the FBI whether the conveyor of these allegations . . . was providing them as an ordinary citizen merely passing along information, or whether he was instead doing so as a paid advocate for clients with a political or business agenda." *Id.* ¶ 32. The Indictment goes on to allege that the FBI *might* have asked different questions, taken additional steps, or allocated its resources differently had Mr. Sussmann disclosed the clients on whose behalf he was purportedly conveying the allegations. *Id.* And yet, as set forth in Defendant's Motion, among other things, the Indictment fails to explain the relevance of the "political nature" of Mr. Sussmann's work or

why the FBI was unaware of this fact when the Indictment makes clear that Mr. Baker knew of Mr. Sussmann's work for the Democratic National Committee and other high-profile clients affiliated with the Democratic party. *Id.* ¶ 28. The Indictment also fails to explain what about the relevant data the FBI could not uncover, and what different steps the FBI would have taken or what different questions it might have asked.

Because the Special Counsel chose to make these allegations in the Indictment, Mr. Sussmann is entitled to understand what they mean. *See* Fed. R. Crim. P. 7(c)(1). It is fundamentally unfair for the Special Counsel to make vague allegations and then refuse to provide the information necessary to give them content. *See United States v. Hubbard*, 474 F. Supp. 64, 80 (D.D.C. 1979) (ordering a bill of particulars to define "unnecessarily vague" phrases used in the indictment); *cf. United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 78-79 (D.D.C. 2019) (requiring the government to give particulars where the government had chosen to allege, but was not required to allege, that the defendant had committed certain regulatory violations in the course of the charged conspiracy).

### C.    The Special Counsel Must Provide Particulars Regarding the Identities of *All* Agency-2 Personnel Who Attended the Agency-2 Meeting, and Regarding the Specific Statements Allegedly Made to Agency-2 Personnel

In his original Motion, Mr. Sussmann requested three categories of particulars regarding his meeting with Agency-2 personnel: (1) particulars regarding the statements he allegedly made; (2) the names of Employee-1 and Employee-2; and (3) the names of the other Agency-2 personnel who attended the meeting. Mot. at 16-18. The Special Counsel has argued the first request is unnecessary because Mr. Sussmann has all the information he needs; the Special Counsel has argued that the second request is premature; and the Special Counsel chose simply to ignore the third request. Opp'n at 14. The Special Counsel's positions only prove why it is essential to order the Special Counsel to provide these additional particulars now.

First, the Indictment in no way provides Mr. Sussmann with the information he needs about the statements made to Agency-2 personnel.  To be sure, the Indictment does not charge the statements made to Agency-2, as the Special Counsel emphasizes at the outset.  But the Special Counsel chose to include allegations about such statements in the Indictment.  Indeed, the Special Counsel made these allegations central to the Indictment, arguing that the Defendant made a "repeated false statement to employees of Agency-2, which was a substantially similar false statement as he had made to the FBI General Counsel."  *Id.* at 13; *see also* Indictment ¶ 39 (alleging that Mr. Sussmann "repeated, in substance, the same false statement he had made to the FBI General Counsel that he was not acting on behalf of a client."); *id.* ¶ 42(a) ("Sussmann stated falsely—as he previously had stated to the FBI General Counsel—that he was 'not representing a particular client.'").

But contrary to the Special Counsel's claim, he has not, in fact, provided Mr. Sussmann with sufficient information about the statements made to Agency-2 personnel.  The Special Counsel alleges that the statement made to Agency-2 personnel and the purported false statement made to the FBI were "substantially similar."  Opp'n at 13.  And yet the Special Counsel has refused to clarify what specifically he is alleged to have said; why his statements were purportedly false; how many people were in the meeting (although the Opposition appears to implicitly concede more people were in attendance than the two people referenced in the Indictment); or even the names or positions of the Agency-2 personnel in attendance.  Indeed, the Special Counsel's Opposition explicitly states that the Defendant "is entitled to none of this information."  Opp'n at 13.  Putting aside the obvious impropriety of including Federal Rule of Evidence 404(b) conduct in the body of the Indictment, having chosen to include such allegations, the Special Counsel must provide Mr. Sussmann with enough information about them such that he is able to defend against

them, including by bringing appropriate pre-trial motions.  *See Hubbard*, 474 F. Supp. at 80; *cf. Concord*, 385 F. Supp. 3d at 78-79.

Second, there is nothing premature about Mr. Sussmann's request for the names of Employee-1 and Employee-2.  The Special Counsel suggests that Mr. Sussmann should wait for the production of discovery before seeking such particulars.  As discussed in greater detail below, however, discovery is an insufficient response to a defendant's motion for a bill of particulars.  *See United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011); *Anderson*, 441 F. Supp. 2d at 19; *Trie*, 21 F. Supp. 2d at 21 n.12.  And even if discovery could theoretically provide the particulars the law requires, the Defendant has not received such discovery to date and the Special Counsel has merely stated—without any specific timeline or deadline—that the "[t]he government anticipates producing information in discovery that will provide the defendant with the identities of the[] two individuals [explicitly referenced in the Indictment]."  Opp'n at 14.  This open-ended commitment to production is not sufficient; Mr. Sussmann is entitled to this information *now*.

Third, whether the Special Counsel wants to address it or not, Mr. Sussmann has requested—and is entitled to know—the identities of the other Agency-2 personnel who were in the room at the time of his purported statements.  This information is critical to Mr. Sussmann's defense.  For one thing, these individuals are additional witnesses to the alleged conduct.  For this reason alone, Mr. Sussmann is entitled to know their identities.  And it is especially important that Mr. Sussmann understand their identities here.  According to the Special Counsel, Employee-1 and Employee-2 created a memorandum subsequent to the meeting and destroyed the original notes they took of that meeting, purportedly consistent with their normal practices.  Given these facts, it is critical that Mr. Sussmann understand the identities of the additional Agency-2 personnel who attended the meeting, so he can, if necessary, interview them or call them as witnesses at trial.

9

*See United States v. Lampkin*, No. 96-cr-0103 (JHG), 1996 WL 294276, at *2 (D.D.C. May 28, 1996) (ordering, under *Brady*, disclosure of witness name and statements for witness who would not testify at trial, where witness statements could be favorable to the defense or used for impeachment at trial).

To adequately prepare his defense, including to make any relevant motions regarding the statements purportedly made to Agency-2, Mr. Sussmann is entitled to the particulars he has requested as set forth in Section III below.

**D.     The Special Counsel Must Provide Particulars Regarding the "Representatives and Agents of the Clinton Campaign"**

Finally, Mr. Sussmann requested particulars regarding the specific representatives and agents of the Clinton Campaign with whom he personally is alleged to have coordinated in Paragraph 6 of the Indictment, which alleges that: "Sussmann, Tech Executive-1, *and* Law Firm-1 had coordinated, and were continuing to coordinate, with representatives and agents of the Clinton Campaign with regard to the data and written materials that Sussmann gave to the FBI and the media." Indictment ¶ 6 (emphasis added). The Special Counsel opposed the request, suggesting that the "representatives and agents" referred to in Paragraph 6 simply described others mentioned later in the Indictment, namely, Campaign Lawyer-1, the Clinton Campaign's campaign manager, the Clinton Campaign's communications director, the Clinton Campaign's foreign policy advisor, and U.S. Investigative Firm. Opp'n at 15.

Mr. Sussmann is entitled, however, to know the representatives and agents with whom he *personally* is alleged to have coordinated. The Special Counsel has not, after all, charged Mr. Sussmann with participating in a conspiracy. Given that the Special Counsel has charged Mr. Sussmann with a single false statement, and given that the animating theory of the Indictment is that Mr. Sussmann intentionally failed to disclose to the FBI that he represented the Clinton

Campaign when conveying the allegations to the FBI, the Special Counsel should be required to identify the specific "representatives and agents" of the Clinton Campaign with whom Mr. Sussmann is alleged to have coordinated in doing so.  Was it the campaign manager?  The communications director?  Or Mr. Sussmann's own law partner?  Without these specifics, Mr. Sussmann is left to guess about the nature of the Special Counsel's allegations against him.  *See Hubbard*, 474 F. Supp. at 80; *cf. Concord*, 385 F. Supp. 3d at 78-79.

As a result, the Court should order the Special Counsel to provide Mr. Sussmann with the particulars he has requested regarding the identities of the "representatives and agents" the Special Counsel alleges Mr. Sussmann to have coordinated with.

### E.    The Special Counsel's Promised Discovery Does Not Relieve Him of the Obligation to Provide Necessary Particulars

Throughout the Opposition, the Special Counsel contends that a bill of particulars is unnecessary here because discovery will provide Mr. Sussmann with the information he seeks. Opp'n at 4-5, 7-9, 13-16.  This argument is without merit.

First, contrary to the Special Counsel's claims, discovery is not an appropriate vehicle for providing Mr. Sussmann with the details he needs to understand the offense charged against him. *See* Fed. R. Crim. P. 7(c)(1).  In fact, courts have repeatedly held that "it is not sufficient for the government to respond to a motion for a bill of particulars by pointing to the voluminous discovery already provided."  *Bazezew*, 783 F. Supp. 2d at 168; *see also Anderson*, 441 F. Supp. 2d at 19 ("The Court agrees with the defendant that it is not a sufficient response to a motion for a bill of particulars to point to the voluminous discovery already provided or to a governmental open file policy."); *Trie*, 21 F. Supp. 2d at 21 n.12 ("The open file discovery . . . is no substitute for adequate specification of the crimes with which he is charged." (citing *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987))).

Second, even if discovery could theoretically substitute for a bill of particulars, here the Special Counsel has not provided in discovery *any* of the information sought by Mr. Sussmann's Motion.  In fact, the vast majority of the discovery produced to date is comprised of documents not involving or related to Mr. Sussmann, such as communications involving Tech Executive-1, Originator-1, and Researcher-1.  To be sure, while the Special Counsel has indicated that he intends to produce additional discovery that will provide some of the information Mr. Sussmann seeks, Mr. Sussmann has not seen any such discovery, and he has no way to evaluate this claim.

For this reason, the Special Counsel's reliance on *Butler* is misplaced.  In that case, the court found that the information that the defendant had requested in the bill of particulars motion had essentially been provided in the government's response to the motion.  *Butler*, 822 F.2d at 1194 (noting "this response furnished essentially the information that Butler had requested").  The court therefore "c[ould] not say that the district court abused its discretion" in denying the motion. *Id.*  Here, by contrast, the Special Counsel has yet to produce the much-vaunted discovery he claims will furnish Mr. Sussmann with the particulars he seeks.  There is, as a result, utterly no reason to conclude that the information Mr. Sussmann seeks will in fact be made available to him "in some other form."  *Id*. at 1193.[3]

## III.  CONCLUSION

For the foregoing reasons, and for the reasons stated in Mr. Sussmann's Motion, the Motion for a Bill of Particulars should be granted.  Specifically, the Court should order the Special Counsel to promptly:

---

[3] Nor is there any merit to the Special Counsel's complaint that Mr. Sussmann seeks disclosure of the government's trial strategy.  As discussed further herein in Section II.B, Mr. Sussmann simply seeks clarification of the vague, ambiguous, inconsistent allegations made against him—a clarification to which he is entitled under the precedent of this Court.  *See Hubbard*, 474 F. Supp. at 80; *cf. Concord*, 385 F. Supp. 3d at 78-79.

A.   Provide particulars regarding the specific false statement the Special Counsel alleges Mr. Sussmann made to Mr. Baker, or acknowledge the Special Counsel's inability to provide such particulars, namely:

    1.   The exact words of Mr. Sussmann's alleged false statement;

    2.   The specific context in which the statement was made so that the meaning of the words is clear;

    3.   What is meant by "his work," as referenced in Paragraph 4;

    4.   What is meant by "acting [or acted] on behalf of any client" as alleged in Paragraphs 27(a) and 30; and

    5.   What "this" refers to in the Assistant Director's notes referenced in Paragraph 28.

B.   Provide particulars regarding how the alleged false statement to Mr. Baker was material, specifically:

    1.   The "other reasons" why Mr. Sussmann's false statement was material, as alleged in Paragraphs 5 and 32;

    2.   What "his work" refers to as referenced in Paragraph 5, what about such work was unknown to the FBI at the time, and how the "political nature of his work" was material to the FBI's investigation;

    3.   How Mr. Sussmann's alleged false statement was material to the FBI's ability to "assess and uncover the origins of the relevant data and technical analysis," as alleged in Paragraph 5;

    4.   How Mr. Sussmann's role as a paid advocate would have been materially "relevant" to the FBI's investigation, as alleged in Paragraph 32, given that the information shared by Mr. Sussmann raised serious national security concerns and the FBI otherwise enables *and encourages* civilians to provide anonymous tips; and

    5.   What potential questions, additional steps, resource allocations, or more complete information the FBI would have gathered absent Mr. Sussmann's false statement, as alleged in Paragraph 32.

C.   Provide particulars regarding the alleged false statement Mr. Sussmann made to *all* Agency-2 employees and representatives, as alleged in Paragraphs 39 and 42, namely:

    1.   The exact words of Mr. Sussmann's alleged false statement;

2.      The specific context in which the statement was made so that the meaning of the words is clear;

3.      What portion of the statement is allegedly false;

4.      The identities of all individuals attending the meeting and to whom the statement was allegedly made, including:

   a.      both Employee-1 and Employee-2 as referenced in Paragraph 42; and

   b.      the other Agency-2 personnel who were present at the meeting and heard the alleged false statement.

**D.**      Provide particulars regarding the identities of the "representatives and agents of the Clinton Campaign" with whom Mr. Sussmann personally coordinated, as referenced in Paragraph 6.

Dated: October 25, 2021

                    Respectfully submitted,

                    */s/ Sean M. Berkowitz*
                    Sean M. Berkowitz (*pro hac vice*)
                    LATHAM & WATKINS LLP
                    330 North Wabash Avenue
                    Suite 2800
                    Chicago, IL 60611
                    Tel:  (312) 876-7700
                    Fax: (312) 993-9767
                    Email: sean.berkowitz@lw.com

                    Michael Bosworth (*pro hac vice*)
                    LATHAM & WATKINS LLP
                    1271 Avenue of the Americas
                    New York, NY 10020
                    Tel:  (212) 906-1200
                    Fax: (212) 751-4864
                    Email: michael.bosworth@lw.com

                    Natalie Hardwick Rao (D.C. Bar # 1009542)
                    Catherine J. Yao (D.C. Bar # 1049138)
                    LATHAM & WATKINS LLP
                    555 Eleventh Street, NW
                    Suite 1000

Washington, DC 20004
Tel:  (202) 637-2200
Fax: (202) 637-2201
Email: natalie.rao@lw.com
Email: catherine.yao@lw.com