```
 1                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA
 2
        - - - - - - - - - - - - - - - x
 3      THE UNITED STATES OF AMERICA,
                                          Criminal Action No.
 4                    Plaintiff,          1:21-cr-00582-CRC-1
                                          Tuesday, October 26, 2021
 5      vs.                               11:03 a.m.

 6      MICHAEL A. SUSSMANN,

 7                    Defendant.
        - - - - - - - - - - - - - - - x
 8

 9      _____

10                  TRANSCRIPT OF STATUS CONFERENCE
             HELD BEFORE THE HONORABLE CHRISTOPHER R. COOPER
11                    UNITED STATES DISTRICT JUDGE
        _____
12
        APPEARANCES:
13
        For the United States:      ANDREW DeFILIPPIS, ESQ.
14                                   SPECIAL COUNSEL'S OFFICE
                                     145 N Street Northeast
15                                   Washington, DC 20002
                                     212-637-2231
16                                   andrew.defilippis@usdoj.gov

        For the Defendant:          SEAN M. BERKOWITZ, ESQ.
17                                   LATHAM & WATKINS LLP
                                     330 North Wabash Avenue
18                                   Suite 2800
                                     Chicago, IL 60611
19                                   312-876-7700
                                     sean.berkowitz@lw.com
20

21      Court Reporter:             Lisa A. Moreira, RDR, CRR
                                     Official Court Reporter
22                                   U.S. Courthouse, Room 6718
                                     333 Constitution Avenue, NW
23                                   Washington, DC  20001
                                     202-354-3187
24

25
```

1              P R O C E E D I N G S

2          THE COURTROOM DEPUTY:  Your Honor, we're on the

3    record for Criminal Case 21-582, *United States of America*

4    *vs. Michael A Sussmann*.

5          Counsel, if you can please identify yourselves for

6    the record.

7          MR. DeFILIPPIS:  Good morning, Your Honor;

8    Assistant Special Counsels Andrew DeFilippis, Michael

9    Keilty, and Jonathan Algor for the United States.

10          THE COURT:  Good morning, gentlemen.

11          MR. BERKOWITZ:  And Sean Berkowitz, Michael

12    Bosworth, Natalie Rao, and Catherine Yao on behalf of

13    Michael Sussmann, who is also present by Zoom, Your Honor.

14          THE COURT:  Okay.  Good morning.

15          Mr. Sussmann, I can see you.  Can you see and hear

16    me?

17          THE DEFENDANT:  Yes, Your Honor; good morning.

18          THE COURT:  Good morning.  And I take it we have

19    your consent to proceed by video this morning?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Okay.

22          All right.  Mr. DeFilippis, where are we?

23          MR. DeFILIPPIS:  Yes, Your Honor.  As we noted in

24    our opposition to the bill of particulars, we have commenced

25    the discovery process.  As of today we've produced to the

1   defense approximately 6,000 documents totaling over 80,000

2   pages, and those consisted primarily of documents obtained

3   pursuant to grand jury subpoena from approximately 15

4   different entities.

5        We are in the process of declassifying a large

6   volume of materials that we intend to turn over to the

7   defense in unclassified form.  As Your Honor can imagine, a

8   large bulk of the materials, the documents, in this case are

9   currently classified, and so we are pushing through that

10  process.

11       We expect to make an additional production to the

12  defense --

13       THE COURT:  Why don't we stop at the

14  declassification process.

15       MR. DeFILIPPIS:  Yes, Your Honor.

16       THE COURT:  My past experience has been that that

17  process can be quite time-consuming and cumbersome depending

18  on the various equities at stake.  Any sense of when that

19  process can be completed?  And relatedly, whether there will

20  remain classified -- remain evidence that will be still

21  classified after that?

22       MR. DeFILIPPIS:  Yes, Your Honor.  The defense has

23  asked us the same question, and, again, recognizing that

24  we're giving best estimates, what we are endeavoring to do

25  is produce, within the next 60 days approximately, the bulk

4

1   of the materials in our possession that do not require any

2   declassification.

3           As to classified materials, we expect to make a

4   very large production of those materials within the next

5   month, and our goal would be to complete the balance of

6   currently classified discovery within the next three to four

7   months.

8           We then, Your Honor, anticipate there may be some

9   motion practice under the Classified Information Procedures

10  Act.  Based on our assessment now, it doesn't look like it

11  will be a large quantity of materials that we would move

12  under CIPA to withhold, but we do expect there probably will

13  be some.

14          THE COURT:  Okay.  Anything else?

15          MR. DeFILIPPIS:  Not from the government, Your

16  Honor.

17          I'd also note that we are conferring with the

18  defense on some discrete discovery requests that they've

19  made, and this is why we think there's a bit of uncertainty

20  in terms of final production deadlines.

21          They've requested a number of things that we are

22  happy to search for and produce and look for in the

23  government's holdings.  Those requests, however, will

24  require some additional searches over government systems,

25  and so, again, we will work and continue to work as quickly

1      as humanly possible on those with the defense.

2              THE COURT:  All right.  Mr. Berkowitz, anything to

3      add?

4              MR. BERKOWITZ:  Yes, I do, Your Honor.  Thank you.

5              First of all, I think Mr. DeFilippis is correct

6      that we've been in communication with them on discovery.

7      I've had a call as recently as today, and I've had regular

8      calls.

9              Having said that, we remain frustrated with the

10     pace of discovery to date.  The bulk of material identified

11     in the response to the motion for bill of particulars we

12     have not yet received, and the concept of waiting another 60

13     days to get the bulk of the nonclassified information or

14     discovery that doesn't require declassification seems

15     particularly long given that the case was charged 30 days

16     ago -- over 30 days ago.  We would ask that the government

17     produce, within the next 30 days, the bulk of the discovery

18     that is not classified or does not require declassification.

19             To the extent that there are additional matters

20     that we have asked them for that they are searching and were

21     not part of their original investigation, we understand

22     that, and they can weed out past the next 60 days.  We're

23     not looking to play a game of "Gotcha" on those issues.

24             But with respect to those materials in their

25     possession that do not require declassification, we see no

1    reason why we couldn't get those in the next 30 days.

2              THE COURT:  That's not holding up the critical

3    path of the case, is it, since we still have to go through

4    this declassification process?

5              MR. BERKOWITZ:  Well, it's not holding up the

6    critical path of the case, Your Honor.  I do think it may be

7    holding up our pretrial motions, and there's also a *Brady*

8    issue with respect to information that we think the

9    government has that has not yet been provided to us,

10   including, as referenced in our reply on the bill of

11   particulars, expense reports showing that the meeting with

12   the FBI was not billed to the Clinton Campaign but was

13   billed to a firm account as well as certain grand jury

14   testimony of witnesses that we understand exist that have

15   exculpatory information that we've not yet seen.

16             THE COURT:  Okay.

17             MR. BERKOWITZ:  So those are things that we'd like

18   to get forthwith, needless to say.

19             THE COURT:  How is your clearance coming?

20             MR. BERKOWITZ:  We have a couple of -- we've all

21   applied for clearance.  One of our attorneys, Ms. Rao, has

22   her two-hour FBI interview today.  Mr. Bosworth had

23   previously had Top Secret clearance, and we expect that to

24   move quickly, but I don't know that we have an exact date.

25             We've done everything, I believe, that we're

1    required to do to more that forward, but the ball is in the

2    hands of the FBI, I believe, at this stage.

3              THE COURT:  Okay.  All right.  Well, it sounds

4    to me like the government is moving apace.  I understand,

5    Mr. Berkowitz, your desire to get out of the box quickly and

6    litigate these issues sooner rather than later, but given

7    the declassification process and potential CIPA proceedings

8    and further legal motions, I don't think that anything is in

9    the critical path at this point; so I am going to decline to

10   order the government to produce any particular things by any

11   particular date.

12             But obviously the government's aware of their

13   discovery obligations, and it appears to me that they are

14   proceeding to meet them with reasonable efficiency.  So just

15   keep it up.

16             And, you know, you mentioned your bill of

17   particulars motion.  I just saw that a reply was filed last

18   night.  I have not reviewed that.  I briefly read the

19   opposition, and I take it that certain of the requests may

20   be overtaken by events once the declassification process

21   starts and the government gives you additional discovery

22   material.  Is that fair, Mr. Berkowitz?

23             MR. BERKOWITZ:  Yes, Your Honor.

24             THE COURT:  Okay.  Well, once we get to a point --

25   well, how do you propose we proceed on the remaining issues

1    in the bill of particulars that the government has not

2    indicated it will provide the defense in due course through

3    the discovery process?

4          MR. BERKOWITZ:  I think our reply tries to tee up

5    the issues that we don't think are satisfied by the

6    additional discovery.  You know, needless to say, without

7    having seen the particulars of the discovery, it's hard for

8    me to say for certain that it's not there, but they've not

9    pointed to a particular language, for example -- again, I'm

10   not looking to argue it; I'm just trying to give an

11   example -- what the specific statement is and the context

12   of that statement.  We've not seen anything to suggest that.

13   I don't know if there is a specific statement or whether

14   it's -- you know, they've done as much as they can.

15          I think that one is ripe for consideration and

16   discussion.  If they want to point us to a particular

17   language and say this is the language we'll be doing from

18   the discovery, that's understandable, the identities of

19   individuals and so forth.

20          I think that they are ripe, Judge.  We're happy to

21   take a look at the discovery to see if it's there, although

22   the government could point to the discovery and say, "Here's

23   your answer."

24          We haven't seen that yet, and so I think those --

25   the four issues that we teed up in the reply I think are

1     ripe for your consideration.

2              THE COURT:  Okay.  I don't want to argue the bill

3     of particulars here, but, Mr. DeFilippis, that issue is

4     obviously sort of the starting point or, perhaps, the main

5     point of the defense's motion.  Can you say whether the

6     government intends to put on testimony of an exact

7     statement, or will the government illicit testimony as to

8     the general tenor of the statement that was made?

9              MR. DeFILIPPIS:  Your Honor, we will put on a

10    witness, namely the former general counsel of the FBI,

11    Mr. Baker, whose testimony -- obviously until the day of

12    trial we don't know exactly what his testimony will be, but

13    he will testify with as specific a recollection as he can as

14    to the statement.

15             I would note that in the interim we have produced

16    to the defense the notes, including review of the original

17    notes that another official made relating to that statement,

18    and the defense will also have available, once discovery is

19    provided, Mr. Baker's recounting of those events in multiple

20    interviews with us as well as before the grand jury.

21             So all of those materials are about as specific an

22    accounting of the statement as the government can possibly

23    provide when, as in this instance, we're relying on a live

24    witness to convey it at trial.

25             THE COURT:  Okay.  Well, I'll review your reply,

1    and we'll make a determination as to whether we need

2    argument on the bill of particulars.  If we do, it probably

3    makes more sense to combine it with our next status

4    conference.

5              MR. BERKOWITZ:  Understood.  And we appreciate

6    that.

7              And we may have information by then from a

8    discovery standpoint as to all of Baker's comments.  I don't

9    know.  We're a little bit hamstrung in not knowing what is

10   out there.

11             I did have -- and so I'm happy to do that.  I

12   think we'd like to get a status conference in the next 30

13   days or so approximately, same rhythm, which we think is

14   helpful to keep this on track.

15             I have a couple of other issues that I did want to

16   raise with Your Honor, if you'll indulge me.

17             THE COURT:  We're here.  Raise whatever you'd

18   like.

19             MR. BERKOWITZ:  Okay.  You know, I do appreciate

20   that things are moving forward with reasonable pace.  I want

21   to make sure that we convey our desire to have a speedy

22   trial, and I'll try and define that a little bit more.  I'm

23   not looking to pin us down on a date today.

24             Mr. Sussmann is not currently working or employed

25   as a result of these charges, and while we understand that

1    that is, you know, an issue that he needs to address, we

2    don't want this to go on unnecessarily long because of the

3    burden that it imposes upon him and his family.

4              This is an investigation that's been going on for

5    some time, and we would like to target the spring of next

6    year for a trial date.  We recognize, Your Honor, that your

7    calendar is the most important thing here and has a tendency

8    to fill up.  Our schedules also are busy, and the sooner we

9    can get a date that we can target, I think that will help

10   with discovery, help with the CIPA process, and help set

11   things.

12             Again, I'm not asking you today to do that.  We've

13   spoken to the government about that date, and they, I think,

14   are aligned in targeting that time period.

15             THE COURT:  All right.  How I've handled this in

16   the past, Counsel, with, you know, large criminal cases is

17   to invite you folks to get together and to propose, you

18   know, a rough range for a trial date, and then work

19   backwards for, you know, major motions, milestones.  And

20   here it seems to me that the thing that's really driving the

21   bus is, you know, the declassification process and any

22   resulting CIPA hearings.  Those tend to be fairly time-

23   intensive and require a fair amount of back-and-forth.

24             And so, you know, if you all are agreed that, you

25   know, a trial in the second or third quarter of next year or

1    even the first quarter of next year is where this is headed,

2    I would invite you to get together and to file a proposed

3    joint pretrial order that has a trial date or, you know, a

4    target month, at least, and then work backwards with some

5    motions deadlines.

6            The other limitation here obviously is we're still

7    working under a standing order regarding COVID and courtroom

8    limitations.  That order expires on October 31st, but I

9    would not be at all surprised if it is extended.  We're

10   still trying to schedule trials off a master trial calendar

11   that's kept by the court as a whole -- so it's not just my

12   calendar, but it's the calendar of all of my colleagues that

13   we're dealing with -- and that might counsel in favor of

14   trying to, you know, set something on the master calendar

15   sooner rather than later and then, you know, having to move

16   it potentially, if that doesn't work out.

17           So, you know, get together and talk about it, but

18   it seems to me that the, you know, potential CIPA process is

19   the one thing that could hold that up.

20           MR. BERKOWITZ:  Understood, and we will work with

21   the government to come up with that hopefully by the next

22   pretrial -- or by the next conference we've got, Judge.

23           THE COURT:  Okay.

24           MR. BERKOWITZ:  One I'll call it a housekeeping

25   matter, but the motion to amend the setting of the orders of

1    conditions of release.  When Mr. Sussmann was -- the bond

2    was implemented at court with the officer's as well as the

3    government's blessing, he was given permission to travel to

4    see family in New York without checking and within the

5    continental United States with permission of pretrial

6    services.  For whatever reason, the order that was

7    ultimately entered required court approval for such travel,

8    and we'd just ask that the conditions of release be amended

9    to allow him to travel within the continental United States

10   with approval of pretrial services.

11          I think that that's acceptable to the government,

12   although they're on the call and can say what they believe.

13          THE COURT:  All right.  Mr. Berkowitz, you're

14   breaking up a little bit.  I think I got the gist of it.

15          Mr. DeFilippis, any objection to that?

16          MR. DeFILIPPIS:  No, Your Honor.  That reflects

17   the agreement the parties had at the time of arraignment.

18          THE COURT:  Okay.  Just, Ms. Jenkins, technically

19   how should we deal with that?

20          THE COURTROOM DEPUTY:  The parties can please file

21   a motion and propose an order for the Court to sign.

22          THE COURT:  We'll just enter a minute order to

23   that effect.  You don't have to file a separate motion.

24          But we don't need to fill out a probation form, do

25   we?

1          THE COURTROOM DEPUTY:  I'm not sure.  Pretrial's

2     involved.

3          MR. BERKOWITZ:  Just travel to New Jersey and D.C.

4     doesn't need approval.  But travel outside of those areas

5     within the continental United States would need pretrial

6     approval, is what we're seeking.

7          THE COURT:  Got it.  All right.  We'll just enter

8     a minute order just so the record's clear.

9          Anything else?

10         MR. BERKOWITZ:  That is it on behalf of

11    Mr. Sussmann, Your Honor.

12         THE COURT:  And the government?

13         MR. DeFILIPPIS:  Yes, Your Honor.  The government

14    would just respectfully ask, so that the defense can review

15    discovery and the government can continue to produce

16    discovery, that the speedy trial time be excluded until the

17    next conference date.  We believe it's in the interests of

18    justice.

19         THE COURT:  Okay.  Hearing no objection from the

20    defense, the Court will exclude the time between now and the

21    next status conference from the otherwise applicable speedy

22    trial calculations to enable the discovery process to

23    continue apace as well as due to the standing order

24    regarding COVID.

25         Dates, Counsel?

```
 1                    Ms. Jenkins, how about a date 30 days out or so?
 2                    THE COURTROOM DEPUTY:  December 8th at 2:00 p.m.
 3                    THE COURT:  December 8th at 2:00 p.m.?
 4                    MR. DeFILIPPIS:  That's good for the government,
 5          Your Honor.
 6                    MR. BERKOWITZ:  That should work, yes.
 7                    THE COURT:  Okay.  The Court will set the next
 8          status conference by video on December 8th at 2:00 p.m.  And
 9          if there's nothing else, we're adjourned.
10                    MR. DeFILIPPIS:  Thank you, Your Honor.
11                    MR. BERKOWITZ:  Thank you.
12                         (Whereupon the hearing was
13                          concluded at 11:21 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF OFFICIAL COURT REPORTER**

I, LISA A. MOREIRA, RDR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

**NOTE:**  This hearing was held during the COVID-19 pandemic stay-at-home restrictions and is subject to the technological limitations of court reporting remotely.

Dated this 27th day of October, 2021.


/s/Lisa A. Moreira, RDR, CRR
Official Court Reporter
United States Courthouse
Room 6718
333 Constitution Avenue, NW
Washington, DC 20001