# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                                                           CR Action
          Plaintiff,                   No. 1:21-582

      vs.                               Washington, DC
                                                     September 17, 2021

MICHAEL A. SUSSMANN,

                                            11:08 a.m.

          Defendant.
_____/

TRANSCRIPT OF INITIAL APPEARANCE/ARRAIGNMENT
BEFORE THE HONORABLE ZIA M. FARUQUI
UNITED STATES DISTRICT MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:    ANDREW DEFILIPPIS
                       MICHAEL T. KEILTY
                          SPECIAL COUNSEL'S OFFICE
                          145 N Street, Northeast
                          Washington, DC 20002
                          212-637-2231

For the Defendant:    MICHAEL BOSWORTH
                       SEAN M. BERKOWITZ
                          LATHAM & WATKINS LLP
                          1271 Avenue of the Americas
                          New York, NY 10020
                          212-906-1200

Reported By:      LORRAINE T. HERMAN, RPR, CRC
                       Official Court Reporter
                       U.S. District & Bankruptcy Courts
                       333 Constitution Avenue, NW
                       Room 6720
                       Washington, DC 20001
                       202-354-3196

**P R O C E E D I N G S**

1

2      THE COURT:  Good morning.

3      COURTROOM DEPUTY:  Good morning.

4      >>  Good morning, Your Honor.

5      COURTROOM DEPUTY:  This is criminal case 21-582,

6  United States of America versus Michael A. Sussmann.  This

7  matter is set from an initial appearance and arraignment.

8      Parties, please introduce yourselves for the

9  record, starting with the prosecutors.

10      MR. DeFILIPPIS:  Good morning, Your Honor,

11  assistant special counsel Andrew Defilippis and assistant

12  special counsel Michael T. Keilty for the United States.

13      THE COURT:  Great to see you.  Good morning.

14      MR. KEILTY:  Good morning, Your Honor.

15      MR. BERKOWITZ:  Good morning, Your Honor.  Sean

16  Berkowitz and Michael Bosworth on behalf of the defendant,

17  Michael Sussmann, who is present in court.

18      THE COURT:  Great.  Thanks so much.

19      COURTROOM DEPUTY:  Please stand.

20      PRETRIAL SERVICES:  Good morning, Your Honor.

21  John Copes, pre-trial services.

22      THE COURT:  Okay.  Pre-trial is on the line and

23  not in person.  Go ahead, Mr. Sussmann.

24      COURTROOM DEPUTY:  Do you solemnly swear you will

25  well and truly answer all questions propounded to you so

1    help you God?

2           THE DEFENDANT:  I do.

3           THE COURT:  Great.  Thanks so much.

4           To begin, we are going to have Mr. Sussmann --

5    it's weird to be back in person.  So, you know, some of the

6    things I hope are a little easier, but as always -- you have

7    the additional gloss of being an attorney.  I'm sure some of

8    these things seem self-evident but, of course, it is my job

9    to make sure that your constitutional rights are protected;

10   and we go through and follow with what the statute and rules

11   direct me to do.

12          If at any time you need a moment, please let me

13   know; that's not a problem.  If you need to speak to your

14   counsel -- that is, you know, as I always say, we are not in

15   a rush.  We are here to take our time.  It's your life.

16   It's your day.

17          THE DEFENDANT:  Thank you.

18          THE COURT:  Keep me posted if there is anything

19   you need or have any questions.

20          To begin with, I am going to ask you some

21   questions.  So if you would come up to the lectern with your

22   counsel, we will start with these questions that I ask

23   everyone when they are before me.

24          MR. BERKOWITZ:  Your Honor, do you prefer that I

25   keep my mask on or off?

4

1          THE COURT:  It's fine by me because we have this

2     separation.  So if you have any trouble, it may be easier

3     for you to talk but you are fine.

4          MR. BERKOWITZ:  Thank you.

5     **BY THE COURT:**

6          **Q.**   So to begin with, as you know, Ms. Lavigne-Rhodes

7     has sworn you in, so it's very important you are truthful.

8     Anything I say that is confusing -- as I'm sure you well

9     know, judges can sometimes be confusing.  So it's important

10    that you just make sure you understand what I am saying and

11    you are accurate.  Because if not, obviously, you could face

12    contempt and perjury charges.

13          To begin with, we will start with the questions

14    just to make sure you are competent to go forward today.

15    Can you tell me your name for the record, please?

16          **A.**   Michael A. Sussmann.

17          **Q.**   Thank you.  How old are you, sir?

18          **A.**   Fifty-seven.

19          **Q.**   Okay.  How far did you go in school?

20          **A.**   Through law school.

21          **Q.**   Great.  And last question, Have you taken any

22    medicine, pills, drugs or drank any alcohol in the last 24

23    hours that would make it difficult for you to understand

24    what is going on today?

25          **A.**   No, Your Honor.

1          **Q.**   Okay.  Great.  Thanks so much.

2               I am going to go through today and advise you of

3     your rights, notify you of the charges that are pending.

4     And as I understand from the government, they will be

5     seeking your release on certain conditions.  I will hear

6     from the government as to their request of release

7     conditions.  We have Mr. Copes on the line from pre-trial

8     services.  He will review the release conditions that

9     pre-trial has recommended.  Of course, I will hear from your

10    counsel as well about what he may have, any objections or

11    concerns.  Ms. Lavigne-Rhodes will then swear you in to the

12    conditions of release, once they are set.  And then I will

13    arraign you, and we will go forward and find out if we have

14    a date from Judge Cooper for the next proceeding or we will

15    work to get one on the books.  Okay?

16         **A.**   Great.

17         **Q.**   All right.  Great.

18               So to begin with, I want to notify you of the

19    charges that are here.  Have you received a copy of the

20    charging instrument?

21         **A.**   I have.

22         **Q.**   Okay.  It charges you with one count of false

23    statement, in violation of 18 U.S.C. 1001, subsection

24    (a)(2), which states you have knowingly and willfully made a

25    materially false, fictitious or fraudulent statement or

1    representation in a matter within the jurisdiction of the

2    executive branch of the government of the United States; and

3    that is punishable by a fine under Title 18 and a maximum

4    sentence of 5 years of imprisonment or both.  There can be

5    certain aggravating penalties, depending on the nature of

6    the crime.

7            As I remind everybody, you are presumed innocent,

8    Mr. Sussmann, so that is what anyone could face if they were

9    before me.  But that is not necessarily what you would face,

10   because as I and Judge Cooper believe -- and I couldn't do

11   this job otherwise -- you are innocent.  But it's important

12   that we tell you the ceiling of what the penalties could be.

13           I next want to advise you of your rights.  You

14   have the right to remain silent.  That means you don't have

15   to say anything to law enforcement officers while these

16   charges are pending against you.  If you've already said

17   something, you need say nothing more.  Anything you do say

18   can be used against you in this proceeding or in future

19   proceedings.  Do you understand that?

20       **A.**   Yes, Your Honor.

21       **Q.**   Thank you.  Next, as you well know, you have the

22   right to counsel.  So you have the right to have an attorney

23   represent you.  I understand you have retained counsel to

24   represent you in this matter; is that right?

25       **A.**   Yes, Your Honor.

1	**Q.**	Okay.  Great.  I am going to ask your counsel to

2	come up to the lectern.  Again, obviously, any questions

3	that you have, you are welcome to jump in or if you need me

4	to clarify anything, but I will be largely speaking to him

5	going forward, and I want to preserve your right to remain

6	silent.  Okay?

7	**A.**	Thank you, Your Honor.

8	**Q.**	Great.  Thanks so much.  Counsel, please, happy to

9	hear from you.

10	Mr. Sussmann, of course, I want -- one final thing

11	to let you and counsel know.  I am going to warn the

12	government now.  Pursuant to (5)(f) of the Rules of Criminal

13	Procedure, they need to turn over any exculpatory evidence

14	that they have, as that is defined in *Brady versus Maryland*

15	and its related cases.

16	Exculpatory evidence, as I'm sure you well know,

17	means evidence helpful to your case.  They simply cannot sit

18	on that.  They must turn it over in a timely fashion.  If

19	they do not, they will face sanctions up to the exclusion of

20	evidence, adverse jury instructions, the dismissal of

21	charges and potential contempt proceedings.  Okay?

22	**A.**	Thank you.

23	THE COURT:  Next I want to hear from your counsel.

24	Have you had an opportunity to enter your appearance -- I

25	haven't had a chance to check the docket yet -- or not?

1          MR. BERKOWITZ:  I believe the answer is, Yes,

2     Your Honor.  We did file our appearance.

3          THE COURT:  Okay.  Great.  Excellent.

4          You shall obviously be receiving notices through

5     the electronic process through our court system, but if for

6     any reason you don't, just reach out to chambers, and my law

7     clerks will be sure to get you on the right page.  All

8     right?

9          MR. BERKOWITZ:  We will do so.

10          THE COURT:  All right.  Great.

11          Next I want to hear from the government -- if they

12     can come to the lectern.  You all can sit down -- about the

13     conditions of release that they are requesting.

14          MR. DeFILIPPIS:  Good morning, Your Honor.

15          I believe we have an agreement with defense

16     counsel on conditions of release, so let me describe them to

17     the Court.  The parties have agreed that the five standard

18     conditions of release on the order will apply.

19          In addition to those conditions, first, the

20     defendant would surrender his passport to his counsel

21     immediately.  Second, in terms of travel restrictions, the

22     defendant's travel will be restricted to the greater

23     D.C. metropolitan area, which the defense has asked that we

24     construe as 50 miles, which the government is fine with.

25     The terms would also allow the defendant to travel to New

1   Jersey to visit family there.

2          In addition, the defendant shall not possess a

3   firearm, destructive device or other weapon.  And the

4   parties have agreed that the defendant would transfer a

5   firearm, that he apparently possesses, to a third party.  A

6   third party approved by the government.

7          The defendant will not unlawfully use or possess

8   narcotics/drugs as stated in the additional release

9   conditions form.

10         And, finally, the defendant will report as soon as

11  possible to his pre-trial services officer every contact

12  with law enforcement to include arrests, questioning or

13  traffic stops.

14         THE COURT:  Thanks, Mr. DeFilippis.

15         If you can, as well, just read the five additional

16  ones.  I know they are on the first page, but just so we

17  make sure we are all on the same page.

18         MR. DeFILIPPIS:  Yes, Your Honor.

19         In addition, I would also note that we agreed

20  there would be a $100,000 non-surety bond, on which he would

21  be released today.

22         In terms of the five conditions, first, the

23  defendant must not violate federal, state or local law while

24  on release.  Second, the defendant must cooperate in the

25  collection of a DNA sample, if it is authorized by 42 United

1    States Code, Section 1435(a).  Third, the defendant must

2    advise the Court or pre-trial services or a supervising

3    officer in writing before making any change of residence or

4    telephone number.  Fourth, the defendant must appear in

5    court as required, and if convicted, must surrender as

6    directed to serve a sentence that the Court may impose.

7    And, finally, the defendant must sign an appearance bond if

8    ordered.

9                    THE COURT:  Thanks so much.

10                   MR. DeFILIPPIS:  Thank you, Your Honor.

11                   THE COURT:  Thank you.  You may be seated.

12                   Mr. Copes, from pre-trial services -- as you all

13   know, pre-trial services, the Court appointed an agency that

14   oversees people while they are on pre-trial release.

15   Mr. Copes, is there anything you would like to add from

16   pre-trial services end, in addition to what was already

17   stated regarding the report?

18                   PRETRIAL SERVICES:  Yes, Your Honor.

19                   Pre-trial services makes the following

20   recommendation, that the defendant report for an interview

21   on Monday, September 20th at 10:00 a.m. so that we can

22   obtain additional information from the defendant; that the

23   defendant report weekly by phone; and that the defendant

24   verify his address, in addition to the recommendation from

25   the government.

1        THE COURT:  Great.  Thanks so much.

2            Counsel, if I can hear from you.  I understand

3    that you agree to the conditions of release; is that right?

4            MR. DeFILIPPIS:  That is correct, Your Honor.

5            The only thing that I would add is in addition to

6    the travel, that the government has agreed that Mr. Sussmann

7    can make to -- within 50 miles of his home, as well as to

8    New Jersey, that if he wants to travel somewhere else, he

9    would need the approval of the pre-trial services officer,

10   not Your Honor.

11           THE COURT:  That's right.  Yep.  No, that sounds

12   great.  I think our standard practice is just he would, in

13   fact, have to notify -- within the continental United

14   States.  Is that right, Mr. Copes?

15           PRETRIAL SERVICES:  Yes, Your Honor.

16           THE COURT:  Okay.  Great.

17           MR. BERKOWITZ:  And I would note that Mr. Sussmann

18   has already provided to us, his lawyers, his passport, so we

19   have possession of that.  And we will accommodate the other

20   requirements.

21           Was the date on the 20th for him to be interviewed

22   by pre-trial services at 10:00 a.m.?  And is that in person?

23   I just want to make sure I heard correctly.

24           THE COURT:  Good question.

25           Mr. Copes, if you can provide the phone number so

1    that he can dial in for the interview with pre-trial.

2              PRETRIAL SERVICES:  Yes, Your Honor.  That is by

3    phone.  And the phone number to report on Monday is

4    202-442-1000; and that's also the number to report weekly by

5    phone.

6              MR. BERKOWITZ:  Very good.

7              And Mr. DeFilippis has correctly stated the terms

8    of pre-trial release, and we appreciate them working with us

9    on it.

10             THE COURT:  Great.  Thanks so much.  You can stay

11   there.

12   **BY THE COURT:**

13       **Q.**  Mr. Sussmann, if you can come to the lectern,

14   please.  I want to confirm that you understood the

15   conditions of release as we discussed so far.

16       **A.**  I do.

17       **Q.**  Great.  Are you going to follow the conditions?

18       **A.**  Yes, Your Honor.

19       **Q.**  Excellent.  I know you will, but it's important

20   that I just warn you as well to the consequences if you were

21   to fail to do so.  To begin with, if you fail to follow the

22   conditions of release, you could face a bench warrant, your

23   release could be revoked and you could be held pending

24   trial, and you could face contempt charges as well.

25             I want to highlight two conditions that's very

1    important that you follow -- obviously, you have to follow

2    them all, but those carry additional penalties, which is if

3    you fail to appear, you can face those same penalties as

4    well as a new charge for failure to appear.  Most hearings

5    are occurring by Zoom still these days, although some are in

6    person.  So it will just be -- you are really working out

7    with your counsel, the special counsel's office, as well as

8    Judge Cooper's courtroom deputy to set the procedures going

9    forward.  Just do make sure that, you know, you appear.

10          The other thing is that if you commit another

11   state or federal crime while on release, you could face the

12   same penalties, as well as an additional penalty for

13   committing a crime while on release.  Do you understand

14   that?

15       **A.**   Yes, Your Honor.

16       **Q.**   Great.

17          THE COURT:  Ms. Lavigne-Rhodes, can you swear the

18   defendant in to the conditions of release, please?

19          COURTROOM DEPUTY:  Please raise your right hand.

20   Do you solemnly swear to abide by the conditions of your

21   release as set forth by this Court so help you God?

22          THE DEFENDANT:  I do.

23          COURTROOM DEPUTY:  Thank you.

24          THE COURT:  Great.  Thanks so much.

25          If I can have your counsel come to the lectern,

1    please, we are next going to go through the arraignment.

2             An arraignment is a very brief proceeding but very

3    important.  As I stated -- and it can't be stated enough.

4    We try to say it in every proceeding -- you are presumed

5    innocent.  This is an opportunity to get that on the record

6    and, in fact, indicate that that is what you are and to

7    trigger the next phase of these proceedings.

8             So I will ask your counsel, Have you had an

9    opportunity to review the indictment with your client?

10            MR. BERKOWITZ:  We acknowledge receipt, would

11   waive a formal reading and enter a plea of not guilty on

12   behalf of Mr. Sussmann, Your Honor.

13            THE COURT:  Thanks so much.  I will go ahead and

14   enter a plea of not guilty as to the count of the

15   indictment.

16            Next, as you know, you will be in front of Judge

17   Cooper.  He is your district judge in this case.  He is the

18   one who you have the opportunity to make inquiries upon the

19   government's evidence, put them to their paces, seek to

20   suppress evidence or potentially, also, to go to trial or

21   seek other resolutions.  This will be a date that will be

22   set.  As I said, we don't have one yet.  Ms. Lavigne-Rhodes,

23   have you gotten one?

24            COURTROOM DEPUTY:  Yes, September 22nd at

25   11:00 a.m. before Judge Cooper.

1          MR. BERKOWITZ:  And if I may inquire, will that be

2     Zoom or in person, if you know?  We can check with him as

3     well.

4          COURTROOM DEPUTY:  Yes.  It's up in arms.  If you

5     want in-person, contact the courtroom deputy, and she can

6     coordinate that for you.

7          THE COURT:  As with Judge Cooper, we just follow

8     what our courtroom deputies tell us to do.  If you can

9     follow up with your courtroom deputy, I'm sure they will be

10    able to set that up with you.

11         MR. BERKOWITZ:  Of course.

12         THE COURT:  I want to hear from the government, if

13    they would like to make a request on any speedy trial

14    tolling.  So I will hear from them and hear from you in

15    response.

16         MR. DeFILIPPIS:  Yes, Your Honor, with consent of

17    the defense counsel, the government respectfully requests,

18    because we believe it is in the interest of justice and

19    would help facilitate the production and review of

20    discovery, the government respectfully requests to exclude

21    time until the conference date of September 22nd.

22         THE COURT:  Great.  Thanks so much.

23         Is that right, counsel?

24         MR. BENOWITZ:  That is correct.  We do not object

25    to the exclusion of time through the 22nd of September.

1         THE COURT:  Great.  Thanks so much.

2         Mr. Sussmann -- and again, as I'm sure you know

3    but I always take the opportunity -- you are fine.  You can

4    sit down -- it's important to just remind you of what your

5    rights are.  You have the right to a speedy trial.  As you

6    have heard, your counsel has consented to the government's

7    motion.

8         I will exclude the time between now and the next

9    hearing date in front of Judge Cooper.  I think doing so is

10   in the interest of justice, outweighs the right of the

11   public, as well as you, to a speedy trial.  As you've heard,

12   there is an opportunity to review evidence during that time,

13   consider how you want to handle the case.  And I think that

14   that is helpful to your counsel as well as to the government

15   to get all of their ducks in a row before you are next in

16   front of Judge Cooper.

17        As I always say, you are not waiving the right.

18   You have the opportunity to assert it again at your next

19   hearing.  That will be up to you and, of course, ultimately

20   what Judge Cooper decides.

21        Anything else on behalf of the government?

22        MR. DeFILIPPIS:  No, Your Honor.  Thank you.

23        THE COURT:  Do you have a booking order?  I know

24   -- you may not have one.  If not, I know the --

25        MR. DeFILIPPIS:  We do not, Your Honor.  We spoke

1    to your deputy, who graciously offered to help us with that.

2    We will confer with her after.  Thank you.

3              THE COURT:  Great.  What we need to do next,

4    mechanically, we will get a booking order -- if you can wait

5    about 15 minutes or so -- then you will take that with the

6    marshals to processing downstairs and through CCB.  Great.

7    Nothing else on your end?

8              MR. DeFILIPPIS:  No.  Thank you, Your Honor.

9              THE COURT:  Great.  Counsel, anything else on your

10   end?

11             MR. BERKOWITZ:  Nothing else.  We appreciate your

12   accommodating us today, Your Honor.  Thank you.

13             THE COURT:  I'm happy to do so.  Thank you for

14   making the time to come in here.

15             Mr. Copes, anything else in terms of pre-trial?

16             PRETRIAL SERVICES:  No, Your Honor.  Thank you.

17             THE COURT:  Great.

18             Ms. Lavigne-Rhodes, are we good?

19             COURTROOM DEPUTY:  No, Your Honor, thank you.

20             THE COURT:  Okay.  The parties are excused.  This

21   matter is concluded.  We will get that document to you as

22   soon as possible.

23             Good luck to you, sir.  Take care.

24             (Proceedings concluded at 11:24 a.m.)

25

18

1                    **C E R T I F I C A T E**

2

3              I, **Lorraine T. Herman, Official Court**

4    **Reporter,** certify that the foregoing is a true and correct

5    transcript of the record of proceedings in the

6    above-entitled matter.

7

8              **Please Note:**  This hearing occurred during

9    the COVID-19 pandemic and is therefore subject to the

10   technological limitations of court reporting remotely.

11

12

13

14      **October 6, 2021**               ___/s/_____
             **DATE**                     **Lorraine T. Herman**

15

16

17

18

19

20

21

22

23

24

25