**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal Case No. 21-582 (CRC)** |
| | : | |
| **MICHAEL A. SUSSMANN,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER UNDER**
**SECTION 3 OF THE CLASSIFIED INFORMATION PROCEDURES ACT**

The United States of America respectfully moves this Court, pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2006) ("CIPA"); the Security Procedures established pursuant to Pub. L. 96-456, 94 Stat. 2052, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA Section 9); Rules 16 and 57 of the Federal Rules of Criminal Procedure; the general supervisory authority of the Court; and to protect the national security, to enter the attached proposed Protective Order ("Proposed Order") regarding the disclosure and dissemination of classified national security information and documents. Counsel for the Defendant Michael A. Sussmann have reviewed the Proposed Order and stated that they have no objections to the Proposed Order.

In support of this motion, the Government states that the Defendant has been indicted for Making False Statements in violation of Title 18, United States Code, Section 1001. The Government foresees the possibility of classified evidence being offered during this case. Moreover, Defense Counsel may raise defenses which the Court may find requires Defense Counsel to be provided access to certain United States Government documents and information classified at the "Confidential," "Secret," and "Top Secret" levels, and which is further controlled

as "Sensitive Compartmented Information" and/or "Special Access Program" information. "Top Secret" information is information the unauthorized disclosure of which reasonably could be expected to cause exceptionally grave damage to the national security. Exec. Order No. 13526, §1.3(a)(1), 3 C.F.R. 333, 335 (1995 Comp.). "Secret" information is information the unauthorized disclosure of which could be reasonably expected to cause serious damage to the national security. Id. §1.3(a)(2), 3 C.F.R. at 336. "Confidential" information is information the disclosure of which could be reasonably expected to cause damage to the national security. Id. §1.3(a)(3), 3 C.F.R. at 336. Sensitive Compartmented Information (SCI) is information that requires special controls for restricted handling within compartmented systems and for which compartmentation is established. 32 C.F.R. §159a.9(ii). "Special Access Program" ("SAP") information refers to information within a program established for a specific class of classified information that imposes safeguarding and access requirements that exceed those normally required for information at the same classification level. Exec. Order No. 13526, §4.1(h), 3 C.F.R. at 348. Accordingly, it is necessary that there be no disclosure or dissemination of classified documents or information except as provided by order of this Court.

      The Court is respectfully advised that the Government Counsel identified in Paragraph 11 of the Proposed Order hold United States Government security clearances which authorize them to have access to the classified information involved in this case. The Government has been informed that Defense Counsel are undergoing background investigations and will likely receive Top Secret security clearances. In connection with his prior employment by the United States Government and his subsequent legal practice in the private sector, the Defendant held a Top Secret security clearance, with access to SCI and SAP information. On July 16, 2021, Defendant's national security clearances were administratively terminated as a consequence of

his commencing a leave of absence from his law firm. In order to assist in the preparation of his defense, the Government has requested that the Federal Bureau of Investigation assist  - and the FBI has agreed to assist – Defense Counsel in securing appropriate waivers for the Defendant to review the classified information involved in this case when his Counsel are present.  Further, to the extent the Defendant may need to share with Defense Counsel information known to him which is classified at the Top Secret level, and assuming Defense Counsel is cleared to the Top Secret level and such disclosures occur in a location designed to contain classified discussions, the Government does not object to any such disclosures provided there is a good faith belief that there is a need-to-know the information for proper preparation of the defense.

Of course, any classified information disclosed to the Defendant or Defense Counsel must be properly handled under the terms of the proposed Protective Order.

WHEREFORE, the Government respectfully moves that the Court issue the attached Protective Order.

Respectfully submitted this 2nd day of November 2021.

>JOHN H. DURHAM
>Special Counsel
>
>By: /s/ Jonathan E. Algor
>    Jonathan E. Algor
>    Assistant Special Counsel
>    jonathan.algor@usdoj.gov
>
>    Andrew J. DeFilippis
>    Assistant Special Counsel
>    andrew.defilippis@usdoj.gov
>
>    Michael T. Keilty
>    Assistant Special counsel
>    michael.keilty@usdoj.gov