IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>**MICHAEL A. SUSSMANN,**<br><br>*Defendant*. | Case No. 1:21-cr-00582 |

**DEFENDANT MICHAEL A. SUSSMANN'S**
**MOTION TO SET A TRIAL DATE AND ENTER A SCHEDULING ORDER**

Defendant Michael A. Sussmann ("Mr. Sussmann" or "Defendant"), by and through his undersigned counsel and pursuant to the Court's instruction during the October 26, 2021 hearing, respectfully requests that the Court set a trial date of May 2, 2022 and enter the scheduling order attached hereto as Exhibit A.  For the reasons set forth below, a trial commencing May 2, 2022 or sooner is needed to protect Mr. Sussmann's constitutional and statutory rights to a speedy trial; is workable and practicable; and is comparable to the April 18, 2022 trial date set in the false statements case brought by the Special Counsel in the Eastern District of Virginia nearly seven weeks *after* Mr. Sussmann was charged.

**BACKGROUND**

1.      On September 17, 2021, the Defendant was charged in a one-count Indictment with making a single false statement to James Baker, then-General Counsel of the Federal Bureau of Investigation ("FBI"), on September 19, 2016.  Specifically, the Indictment alleges that Mr. Sussmann falsely told Mr. Baker that he was not "acting on behalf of any client in conveying particular allegations concerning a Presidential candidate."  Dkt. No. 1 at ¶ 46.

2.      Since his Indictment, Mr. Sussmann has not been able to practice law, which understandably has affected his ability to support his family.  Therefore, any undue delay in commencing his trial will amplify the burdens that this matter unfairly imposes on him and his family.  It is against this backdrop that we first noted for the Court at the October 26, 2021, pretrial conference that Mr. Sussmann intended to seek a speedy trial to clear his name at the earliest possible opportunity.  Your Honor instructed that the parties meet and confer to identify an acceptable date range for trial and file a proposed joint pretrial order reflecting that date and any additional relevant deadlines.  *See* Dkt. No. 22 at 11:15-12:5.

3.      Although counsel for Mr. Sussmann has met and conferred with the Special Counsel concerning a proposed trial date, the parties remain far apart on an acceptable date. Mr. Sussmann proposed that jury selection and trial start on May 2, 2022 and proposed interim deadlines working backwards from that date.  While the Special Counsel initially suggested that a spring trial date might be acceptable, and subsequently indicated it would propose a June 2022 trial date during a November 22, 2021 telephone call, the Special Counsel has now proposed that trial start on July 25, 2022.  The Special Counsel has also suggested that four more months are necessary for the Special Counsel to produce both classified and unclassified discovery in this single-count false statement case.  *See* Special Counsel's Revised Proposed Scheduling Order, attached hereto as Exhibit B.  By contrast, the Special Counsel apparently will be able to produce classified and unclassified discovery at much less leisurely pace in *United States v. Danchenko*, a case brought by the Special Counsel in the Eastern District of Virginia nearly seven weeks after charging Mr. Sussmann and for which that court has set an April 18, 2022 trial date.

4.      The Special Counsel's approach to discovery—as well as the material produced as part of that discovery—only underscores the need for a speedy trial in this case.  While the Special

Counsel has produced significant discovery since Mr. Sussmann's Indictment, the Special Counsel has delayed in producing key evidence, which the Special Counsel was required to timely disclose under *Brady v. Maryland*, 373 U.S. 83 (1963).  Indeed, it was only last week—nearly two and a half months after Mr. Sussmann's indictment, and in the face of persistent demands by Mr. Sussmann's counsel—that the Special Counsel for the first time disclosed some (but not all) of Mr. Baker's statements about the September 19, 2016 meeting.[1]  And a number of those statements directly contradict the Special Counsel's allegation that Mr. Sussmann affirmatively told Mr. Baker that he was not meeting with him on behalf of any clients.  For example, when Mr. Baker gave testimony to the U.S. Department of Justice's Office of Inspector General in July 2019, Mr. Baker testified that Mr. Sussmann had expressly said he *was* meeting with him on behalf of his clients:

> So Michael came in and met with me [a]nd he had some amount of information . . . that he said related to strange interactions that some number of people *that were his clients*, who were, he described as I recall it, sort of *cyber-security experts*, had found . . . .

SCO-006235 at 31:5-11 (emphases added), attached hereto as Exhibit C.

5.      As another example, and again, contrary to the allegations in the Indictment, when Mr. Baker first met with the Special Counsel in June 2020, he told the Special Counsel that the topic of Mr. Sussmann's clients *never even came up* during the September 19, 2016 meeting.  *See* SCO-006251, attached hereto as Exhibit D ("Baker said that Sussmann did not specify that he was representing a client regarding the matter, nor did Baker ask him if he was representing a client.").  The existence of *Brady* material of this kind only underscores the baseless and unprecedented

---

[1] Moreover, significant portions of the statements that were disclosed were redacted, an issue which defense counsel has raised with the Special Counsel.

nature of this indictment and the importance of setting a prompt trial date so that Mr. Sussmann can vindicate himself as soon as possible.

6.     Finally, to the extent that classification of portions of the remaining discovery are alleged by the Special Counsel to be impediments to timely disclosure, we note that members of the defense team have had security clearances permitting them access to classified case materials since at least October 29, 2021, and the Special Counsel has accordingly begun to produce some classified discovery.

## ARGUMENT

7.     Mr. Sussmann respectfully submits that a trial commencing May 2, 2022 is: (1) necessary to protect Mr. Sussmann's rights and interests; (2) workable and practicable; and (3) in keeping with the April 18, 2022 trial date set in a similar false statements case brought by the Special Counsel in the Eastern District of Virginia nearly seven weeks after Mr. Sussmann was charged.

8.     First, a trial commencing May 2, 2022 or sooner is needed to protect Mr. Sussmann's constitutional and statutory rights to a speedy trial. "A criminal defendant's right to a speedy trial is 'one of the most basic rights preserved by our Constitution.' Congress chose to safeguard this important right through the rigid procedural requirements of the Speedy Trial Act." *United States v. Ammar*, 842 F.3d 1203, 1212-13 (11th Cir. 2016) (citation omitted). "[T]he Speedy Trial Act imposes on the Court duties and responsibilities designed to protect [a defendant's] and the public's right to an expeditious disposition of his case." *United States v. Dixon*, 355 F. Supp. 3d 1, 3 n.1 (D.D.C. 2019). To ensure such an expeditious disposition, the Speedy Trial Act mandates that "the government must bring a defendant to trial within seventy days of an indictment." *United States v. Hemphill*, 514 F.3d 1350, 1357 (D.C. Cir. 2008).

9.      Here, Mr. Sussmann was indicted on September 16, 2021, *see* Dkt. No. 1.  Setting a trial date on July 25, 2022—over ten months after Mr. Sussmann was indicted—would well exceed the 70-day Speedy Trial clock and thereby violate Mr. Sussmann's constitutional and statutory guarantee of a speedy trial.  Because Mr. Sussmann is not currently working as a result of the baseless charge brought against him, any undue delay in commencing his trial would also unnecessarily extend the burden that this matter imposes on both him and his family.

10.     Second, commencing trial in May 2022 is eminently workable for both sides.  The Special Counsel's principal rationale for a July 2022 trial date is that the Special Counsel must have until the end of March to produce unclassified and classified discovery.  But it cannot be that the Special Counsel needs a total of over six months to produce discovery in a case charging a single false statement and for which there is only one witness to that statement.  Rather, the delay can only be seen as an effort to slow-walk this matter, or as a result of an inadequate application of resources to the case: how else to explain, for example, that—inconsistent with the Special Counsel's *Brady* obligations—it took over two months to produce even a portion of some of the textbook *Brady* material in this case (and only then on the eve of a status conference before this Court)?  *See United States v. Hsia*, 24 F. Supp. 2d 14, 29 (D.D.C. 1998) (the government must "disclose . . . in sufficient time for the defendant to 'use the favorable material effectively in the preparation and presentation of its case'" (citation omitted)); *see also* LCrR 5.1(a) ("the government . . . make good-faith efforts to disclose [*Brady*] information to the defense *as soon as reasonably possible after its existence is known*, so as to enable the defense to make effective use of the disclosed information in the preparation of its case" (emphasis added)).

11.     Third and finally, whatever the Special Counsel may say about the practical problems posed by a case involving classified material, the Special Counsel charged another case

involving classified information—a five-count false statements case—nearly seven weeks *after* Mr. Sussmann's indictment was returned, and the court in that matter has already set a trial date several weeks *earlier* than the one Mr. Sussmann is requesting here.  Specifically, on or about November 3, 2021, a grand jury sitting in the Eastern District of Virginia returned an indictment sought by the Special Counsel against Igor Danchenko, charging five separate false statement counts.  In that case, as in this one, the Special Counsel pointed to purportedly voluminous discovery and classification issues.  *Compare* Arraignment Hr'g Tr. 4:5-14, *United States v. Danchenko*, No. 1:21-cr-00245-AJT-1 (E.D. Va. Nov. 10, 2021) ("[W]e believe that discovery is going to be fairly extensive.  The government will move expeditiously to produce the unclassified discovery as soon as possible, but there's going to be a vast amount of classified discovery here, Your Honor."), with Dkt. No. 13 at 4:20-5:22 ("The discovery in this case will be more voluminous, we think, than the average case" and "[t]here are classification issues with regard to some of the discovery.").  Notwithstanding the Special Counsel's assertions, Judge Trenga set a trial date of April 18, 2022.  Thus, even though *Danchenko* also involves classified material, even though that case was charged nearly seven weeks after Mr. Sussmann's case, and even though there are four more counts in that matter, the Special Counsel will have to be ready to—and has agreed to—try the matter in April 2022.  If the Special Counsel can be ready to try the more complicated *Danchenko* case in April, he can be ready to try this case in May.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Michael A. Sussmann requests that this Court set a trial date of May 2, 2022 and enter the scheduling order attached hereto as Exhibit A.

Dated: December 6, 2021

Respectfully submitted,

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Email: sean.berkowitz@lw.com

Michael S. Bosworth (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: michael.bosworth@lw.com

Natalie Hardwick Rao (D.C. Bar # 1009542)
Catherine J. Yao (D.C. Bar # 1049138)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: natalie.rao@lw.com
Email: catherine.yao@lw.com