# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> *v.* <br><br> **MICHAEL A. SUSSMANN,** <br><br> *Defendant*. | Case No. 1:21-cr-00582 |

## [PROPOSED] PRE-TRIAL ORDER

In order to administer the trial of the above-captioned criminal case in a manner that is fair and just to the parties and is consistent with the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and the goal of completing the trial of this case in the most efficient manner, it is hereby

**ORDERED** that counsel shall comply with each of the following procedures and requirements:

1.      TRIAL.  Jury Selection and Trial of this matter will commence on **May 2, 2022 at 9:00 a.m.** in Courtroom 27A.

2.      PRE-TRIAL CONFERENCE.   A pre-trial conference will be held on March ___ **2022 at** _____ in Courtroom 27A.  The Court will rule on all unresolved pre-trial motions and objections to proposed exhibits, to the extent possible, at the pre-trial conference, hearing argument as necessary.

3.      PRE-TRIAL PROCEEDINGS.   The Court adopts the following schedule for pretrial proceedings:

| Date | Event |
|---|---|
| January 14, 2022 | Production of all unclassified discovery (including all unclassified *Brady* material) by the  Special Counsel to the Defendant. |
| January 28, 2022 | Production of all classified discovery (including all classified *Brady* material) by the Special Counsel to the Defendant. |
| February 2, 2022 | The Special Counsel's CIPA Section 4 Motion due. |
| February 18, 2022 | Defense motions (including any motion(s) to dismiss the Indictment) due. |
| March 4, 2022 | The Special Counsel's opposition(s) to defense motion(s) due. |
| March 11, 2022 | Defense replies to the Special Counsel's opposition(s) due. |
| March 2, 2022 | The Special Counsel provides notice and full details of all Fed. R. Evid. 404(b) evidence it intends to offer. |
| March 2, 2022 | Production of all Jencks Act and *Giglio* material by the Special Counsel to Defendant. |
| Mid-March | Motions hearing, subject to Court's calendar. |
| March 21, 2022 | Motions *in limine* and motions relating to voir dire process due. |
| April 1, 2022 | Last day for the Defendant to file Section 5 Notice of Intention to Disclose Classified Information. |
| April 4, 2022 | Production of trial exhibits and exhibit list by the Special Counsel to the Defendant. |
| April 4, 2022 | Production of trial witness list by the Special Counsel to the Defendant. |
| April 4, 2022 | Responses to motions *in limine*. |
| April 15, 2022 | Production of joint jury questionnaire by the Special Counsel and the Defendant. |
| April 18, 2022 | Production of trial exhibits and exhibit lists by the Defendant to the Special Counsel. |
| April 18, 2022 | Production of trial witness list by the Defendant to the Special Counsel. |
| April 26, 2022 | Production of proposed jury instructions and a proposed verdict form. |
| May 2, 2022 | Jury selection/trial begins. |

At present, the Special Counsel has not identified or indicated that it intends to identify an expert witness.  To the extent the Special Counsel identifies an expert witness, it will promptly

disclose such witness under Rule 16(a)(1)(G), and the parties will meet and confer regarding a proposed schedule related to expert disclosures.

Discovery is ongoing, and involves unclassified materials, materials subject to complete or partial declassification, and classified materials. To the extent the Special Counsel is unable to produce all discovery materials by January 28, 2022 the parties will meet and confer by January 21, 2022 regarding the proposed schedule.

Defendant anticipates that it may be necessary to use classified information or material at trial. To that end, Defendant will promptly provide, on a rolling basis as such materials are identified and no later than 30 days before trial, a Section 5 Notice of Defendant's Intention to Disclose Classified Information, and the parties will meet and confer on dates by which to litigate the use of this information.

The parties believe that trial will last approximately 1.5 to 2 weeks. With regard to the trial, the parties agree they will exchange an order of call for witnesses on a daily basis.

4.    <u>PROPOSED JURY INSTRUCTIONS</u>.  Both counsel shall file proposed jury instructions and a proposed verdict form—jointly to the extent possible—on or before **April 26, 2022**. To the extent that they are pattern jury instructions from the current version of the Redbook, it is sufficient simply to list the numbers of those instructions. Special instructions shall be submitted verbatim with citations to cases and other authorities to support each instruction. Proposed instructions shall be filed on ECF. In addition, a set of the instructions shall be emailed to Chambers (c/o Lauren_Jenkins@dcd.uscourts.gov) in MS Word form.

5.    <u>BRADY AND GIGLIO</u>.  The Special Counsel is under a continuing and ongoing obligation to provide defense counsel any favorable or exculpatory information (*Brady*), whether or not admissible in evidence, as soon as reasonably possible. *Brady* information must be disclosed

on a rolling basis—"the duty to disclose is ongoing." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). *Giglio* obligations are also ongoing. Should the Special Counsel request it, the Court will enter a protective order precluding counsel from sharing *Giglio* information with their clients.

6.     <u>EXHIBIT LISTS</u>. All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from Courtroom Deputy Clerk Lauren Jenkins. The written list of exhibits must contain a brief description of each exhibit. At the commencement of trial, counsel shall furnish the Court with two sets of binders containing their exhibit lists and copies of their pre-marked exhibits.

7.     <u>WITNESS LISTS</u>. In addition to its witness list, **each Friday immediately before and during trial** the Special Counsel shall provide to the defense an "order of call" of witnesses for the following week and Jencks Act material for those witnesses to the extent not previously provided in the schedule set forth above. The Special Counsel must also provide a list of witnesses it anticipates calling on a particular trial day **no less than 36 hours in advance (if not earlier)**. Defendant shall provide its witness list to the Special Counsel (and this Court) no later than the close of the Special Counsel's case and the reverse Jencks material no later than the Friday before the witness is to testify. Counsel will not be absolutely bound by the witness lists or order of call in calling their witnesses because, on occasion, in good faith they must call an additional witness and/or change an intended order of proof or find it necessary to call a witness out of turn. In some cases, security concerns by either party may justify non-identification of witnesses until shortly before they are actually called. These situations, if any, shall be brought to the Court's attention *in camera* when the witness list excluding those names is provided to the other counsel.

8.     <u>JURY SELECTION</u>. The Court will summarize its jury-selection procedures at the pre-trial conference.

9.     TRIAL AND PUNCTUALITY.  Unless counsel are notified otherwise, the jury portion of the trial will be conducted each trial day from **9:30 a.m. to 12:30 p.m. and from 1:45 p.m. to 5:00 p.m. on Mondays through Thursdays in Courtroom 27A.**  The need for Friday trial sessions will be assessed as necessary.  Unless otherwise instructed by the Court, counsel shall be present in the courtroom each morning **promptly at 9:00 a.m.** to address preliminary matters. Trial will convene promptly at the designated time on each trial day and the jury will not be kept waiting.

10.     ELECTRONIC EQUIPMENT.  Representatives of either side who intend to use electronic equipment during the course of this trial shall promptly meet with John Cramer, Courtroom Technology Administrator (202-354-3019), to arrange for the necessary equipment. Representatives of both sides shall meet with Mr. Cramer to become familiar with the equipment in the courtroom.

11.     VIDEO/AUDIO.  For all video or audio to be used in this case, counsel for both sides shall resolve any dispute between any alleged inaccuracy in the transcripts and/or discrepancies between the transcripts and the source material.  If it proves impossible for counsel to resolve the dispute, they shall so advise the Court **at least three days before the video/audio is to be offered** so that the Court may resolve the dispute efficiently.

12.     GENERAL COURTROOM RULES.  The Court expects counsel to exercise civility at all times toward each other and toward everyone involved in the case or working with the Court.

        a.     Unless leave is otherwise given, counsel shall interrogate witnesses and make opening statements and closing arguments from the lectern and shall speak into the microphone.

b.  Counsel shall obtain permission from the Court before approaching a witness.

c.  One counsel for the Special Counsel and one counsel for the Defendant shall be designated as lead counsel for each and every witness, for purposes of direct examination, cross-examination, redirect examination, and raising objections.

d.  The Court will strictly apply the rules on rebuttal evidence.  *See* Black's Law Dictionary (9th ed. 2009) (defining "rebuttal evidence" as "[e]vidence offered to disprove or contradict the evidence presented by an opposing party").

e.  Counsel are reminded that the traditional rules regarding opening statements and closing arguments will be enforced by the Court.

f.  All statements by counsel should be directed to the Court and not to opposing counsel.

g.  Counsel are reminded that their own opinions regarding facts or issues in a case are irrelevant and should not be communicated to the jury (*e.g.*, "I think . . ."; "We believe . . .").

h.  Counsel are reminded to secure clearance from the Court before posing questions or engaging in procedures in the presence of the jury that carry a risk of undue prejudice, or that by law or customary procedures require judicial pre-approval.

i.  Unless otherwise permitted by the Court, counsel shall refer to all witnesses over the age of 18, including their clients, as "Mr." or "Ms." or by their

6

official title (*e.g.*, "Captain" or "Dr."). The use of first names or nicknames is prohibited. All witnesses are to be addressed in a respectful and polite manner.

13.     DIRECT AND CROSS-EXAMINATION. On direct and cross-examination of a witness, counsel shall not:

a.     Testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received in evidence;

b.     Use an objection as an opportunity to argue or make a speech in the presence of the jury;

c.     Show the jury a document or anything else that has not yet been received in evidence without leave of the Court. If counsel is using electronic equipment to display documents to the jury and the Court, counsel shall make sure that the document has been admitted in evidence before it is shown to the jury; or

d.     Except in extraordinary circumstances, be permitted to recross-examine any witness.

14.     OBJECTIONS AND EVIDENTIARY MATTERS. Any legal matters or evidentiary issues that arise during the course of the trial and have not been the subject of a motion *in limine* or pre-trial motion should be discussed between counsel no later than the night before the witness or exhibit is to be offered. If there is no resolution, the proponent of the objection or evidence shall email Chambers and opposing counsel that evening or, in any case, **no later than 7:00 a.m. the next morning**, in succinct terms, a statement of the evidentiary issue or objection and their position, with legal authority. The opposing party shall email by **no later than 8:00 a.m.**

7

the contrary position with legal authority.  The Court will discuss and rule during the time for preliminary matters each morning.  In this way the jury will not be kept waiting while legal issues are discussed and resolved.

15.     <u>OBJECTIONS AT TRIAL</u>.  Bench conferences are discouraged.[1]  Counsel who make objections during trial must state the legal basis for their objections without elaboration or argument (unless invited)—*e.g.*, "objection, hearsay," "objection, lack of foundation."  The Court will generally rule on the objection without additional discussion except in the most critical areas.  For purposes of "protecting the record" and assisting appellate review, counsel may explain or amplify their objections on the record after the jury has been excused for a break, for lunch, or for the day.

16.     <u>WAIVER OF BENCH CONFERENCES</u>.  Counsel may arrange with the Courtroom Deputy Clerk, Lauren Jenkins, to permit the Defendant to listen to bench conferences through a headset.  The Defendant will not be permitted at the bench.

17.     <u>RULE ON WITNESSES</u>.  Except for the parties or their authorized representatives permitted under Rule 615 of the Federal Rules of Evidence and any expert witnesses, all witnesses shall remain outside the courtroom except while actually testifying.  Unless permission for a witness to remain in the courtroom is expressly sought and granted, the rule on witnesses is always in effect, even during voir dire and opening statements.  Counsel shall instruct witnesses not to discuss their testimony with others after they leave the stand.  Except for a Defendant-witness (because of Sixth Amendment implications), counsel calling a witness to testify, and counsel's agents, should have no further discussions with that witness concerning any aspect of the testimony

---

[1] Counsel may seek to convene a bench conference if counsel is about to engage in a line of inquiry on direct or cross-examination that reasonably necessitates preclearance, e.g., potentially inflammatory areas of interrogation.

8

already given or anticipated until such time as the witness has completed his or her testimony.  As to a Defendant-witness, counsel and their agents are directed to the D.C. Circuit's opinion in *United States v. McLaughlin*, 164 F.3d 1, 4–7 (D.C. Cir. 1998).  At all other times, within the bounds of governing ethics rules and the law, counsel may pursue their discussions with witnesses during the trial.

18.    <u>WITNESSES ON CALL</u>.  Once the trial begins, witnesses shall be put on call at the peril of the calling party.  The trial will not be recessed because a witness on call is unavailable, except in extraordinary circumstances.  The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court.  The party calling a witness shall arrange for that witness's presence until cross-examination is completed, including the following trial day if need be.  The failure to have a witness present for cross-examination following direct examination is grounds to strike the witness's testimony.

19.    <u>PRESENCE OF COUNSEL</u>.  Once court is in session, lead counsel shall not leave the courtroom without the Court's express permission.

20.    <u>SUA SPONTE JURY INSTRUCTIONS</u>.    Any necessary *sua sponte* jury instructions shall be written out by counsel requesting them and shall be given to the Court in a form in which the Court might read the instructions to the jury.  Failure to do so shall be deemed a waiver of any such request.  In the event that the instructions are given, it shall be counsel's responsibility to remind the Court of the necessity for inclusion of any *sua sponte* instructions in its final charge by **4:00 p.m. on the day *before* the date on which** the final charge is to be given by the Court to the jury.

21.    <u>CONTACT WITH THE JURY</u>.    Counsel, Defendant, and law-enforcement personnel shall not make any verbal comments, facial expression, laughter or other contact with

the jury that could be interpreted as conveying a comment one way or the other with respect to any testimony, argument, or event that may occur during trial.  Nor shall any such persons offer gratuitous comments or asides about witnesses' testimony or opposing counsel.

      22.    <u>CLOSING ARGUMENTS AND INSTRUCTIONS</u>.  The courtroom will be locked during jury instructions and no one will be permitted to enter or leave.  In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the jurors' prejudices.  Moreover, during closing argument and throughout the trial, counsel shall not:

      a.    Comment adversely on the failure of the Defendant to testify on his own behalf;

      b.    Make statements of personal belief to the jury;

      c.    Make personal attacks on other counsel in the case;

      d.    Appeal to the self-interest of the jurors; or

      e.    Make potentially inflammatory racial, ethnic, political, or religious comments.

With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections.  The Court will intervene *sua sponte* and not wait for objections if it detects a failure to adhere to basic legal principles and standards of civility.  Failure to abide by these rules may result in sanctions.

**SO ORDERED.**

Date: _____, 2021

                                          _____
                                          Hon. Christopher R. Cooper
                                          United States District Judge

## NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDERS

**For Michael A. Sussmann:**

Sean M. Berkowitz (*pro hac vice*)
Latham & Watkins LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

Michael Bosworth (*pro hac vice*)
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200

Natalie Hardwick Rao
Catherine J. Yao
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Tel: (202) 637-2200

**For the United States of America:**

John Durham, Special Counsel
Andrew DeFilippis, Assistant Special Counsel
Michael Keilty, Assistant Special Counsel
Jonathan Algor, Assistant Special Counsel
United States Department of Justice
145 N Street Northeast
Room 3E.803
Washington, D.C. 20530