UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 21-582 (CRC) |
| : | |
| MICHAEL A. SUSSMANN, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO SET A TRIAL DATE AND ENTER A SCHEDULING ORDER**

1. The United States of America, by and through its attorney, Special Counsel John H. Durham, respectfully submits this Response to the defendant's December 6, 2021 Motion to Set a Trial Date and Enter a Scheduling Order. The Government shares the defendant's desire to conduct as speedy a trial as possible in this case, which involves complex discovery and occurs in the midst of an international pandemic. The Government submits, however, that a trial date in late July 2022 is reasonable and necessary for the Government to fully declassify and produce discovery, for the parties to draft and file appropriate motions (including motions under the Classified Information Procedures Act), and for the Court to adjudicate those motions. The defendant's request for a May 2, 2022 trial date would rush and unnecessarily truncate these events, make it exceedingly difficult for the Government to fully met its discovery obligations, and thereby prejudice the defendant, the Government, and the interests of justice.

2. *First*, the defendant's reference to the recent scheduling of an April 2022 trial date in another case in a separate district involving entirely different facts is of little moment. (Mot. at 2-2). The Government has proposed a trial date here based on a careful evaluation of factors

relevant to *this* case, including current COVID-19 protocols, the volume of discovery, the quantity and complexity of the numerous broad discovery requests recently made by the defense, the pace of declassification thus far, the need to coordinate with multiple national security agencies on classified matters, and the Government's intent to file a CIPA Section 4 motion.

3.  *Second*, the defendant's assertion that a May 2, 2022 trial is necessary because the Government has belatedly disclosed *Brady* evidence is meritless. (Mot. at 2-4).  As an initial matter, the defendant's motion provides a skewed portrayal of the purported *Brady* evidence at issue by cherry-picking excerpts from the substantial discovery the Government has already provided to the defense.  The defendant, for example, alleges that FBI General Counsel James Baker "contradict[ed] the Special Counsel's allegation that Mr. Sussmann affirmatively [said] he was not meeting with him on behalf of any clients" in (i) a 2019 interview with the U.S. Department of Justice's Office of Inspector General, and (ii) a 2020 interview with the Special Counsel team. (Mot. at 3).  But as the defendant is aware from discovery, both of those interviews occurred years after the events in question, and Mr. Baker made these statements *before* he had the opportunity to refresh his recollection with contemporaneous or near-contemporaneous notes that have been provided to the defense in discovery.  Indeed, the defendant's motion entirely ignores law enforcement reports of Mr. Baker's subsequent three interviews with the Special Counsel's Office in which he affirmed and then re-affirmed his now-clear recollection of the defendant's false statement.  Nor does the defendant's motion disclose that the Government recently produced to the defendant a copy of notes that another high-ranking official in the FBI Office of General Counsel ("OGC") took during a meeting with Mr. Baker and others on the same day as Mr. Baker's meeting with the defendant.  Those notes, like the notes cited in the Indictment taken by an FBI Assistant

Director, reflect that the defendant told Baker he had "no specific client."  Finally, the defendant's motion also ignores the Government's production of a memorandum that two employees of another agency (referred to in the Indictment as "Agency-2") drafted after their February 9, 2017 meeting with the defendant on a matter related to the allegations the defendant brought to the FBI.  That memorandum similarly reflects that the defendant told these employees that he was not representing "a particular client."  In sum, discovery produced to date reflects that the recollections and/or contemporaneous records of *five separate government* employees support the Indictment's allegations.  Accordingly, Mr. Baker's initial, un-refreshed recollections hardly constitute the type of *Brady* evidence that would warrant the Court's rushing to trial in this matter.

4. Finally, the Government notes that even under the defendant's own proposed schedule, the Government would be not be required to complete the production of all classified and unclassified *Brady* evidence until the end of January 2022.  (Mot. Ex. A).  The Government is working expeditiously to satisfy its discovery obligations and intends to produce all evidence of which it is aware that constitutes *Brady* material sufficiently in advance of any trial so that the defense can make full use of those materials in preparing its case.  Indeed, the Government has produced to date more than 91,000 pages in unclassified discovery and more than 5,000 pages in classified discovery.  These materials have included an entire FBI case file with relatively minor redactions, more than 60 reports of interview containing Jencks Act materials (including investigator notes and documentary exhibits), three grand jury transcripts, and other documents.  The Government also expects to produce a substantial quantity of additional discovery materials from multiple agencies.  Moreover, the defendant has made several broad discovery requests that the Government is attempting to address in cooperation with the defense, which will require the

Government to search for, retrieve, and review potentially responsive data from numerous systems – both classified and unclassified.  It is precisely because the Government seeks to comply fully with its discovery obligations and aid the defense in preparing adequately for trial that the Government believes a modestly later trial date is appropriate in this case.

5. In light of the foregoing, the Government respectfully submits that setting a July 25, 2022 trial date more reasonably balances the interests of the public and the defendant in a speedy trial against the complexity of the discovery in this case – including serious national security equities – and the complications caused by the ongoing COVID-19 pandemic.

### **CONCLUSION**

6. For the foregoing reasons, the Government respectfully requests that the Court set a July 25, 2021 trial date in this matter.

Respectfully submitted,

JOHN H. DURHAM
Special Counsel

By:

 /S/ Andrew J. DeFilippis\_\_\_\_
Andrew J. DeFilippis
Assistant Special Counsel
andrew.defilippis@usdoj.gov

Jonathan E. Algor
Assistant Special Counsel
jonathan.algor@usdoj.gov

Michael T. Keilty
Assistant Special Counsel
michael.keilty@usdoj.gov