**DeFilippis, Andrew (USANYS)**

| | |
|---|---|
| **From:** | Michael.Bosworth@lw.com |
| **Sent:** | Friday, January 21, 2022 9:57 PM |
| **To:** | Durham, John H. (JMD); DeFilippis, Andrew (USANYS); Keilty, Michael (USANYE); Algor, Jonathan (USANYE) |
| **Cc:** | Sean.Berkowitz@lw.com; Natalie.Rao@lw.com; Catherine.Yao@lw.com |
| **Subject:** | [EXTERNAL] Discovery |

All,

We write to follow up on your recent request regarding the upcoming discovery deadlines in this matter. During our call on January 20, you requested our consent to the production of certain unclassified and classified materials after the January 28 and February 11 deadlines for all such productions, respectively, that are set forth in the pretrial order. Specifically, you requested an extension until "the end of March" for the production of the following materials:

- Hits on "Sussmann" and "Sussman" in the FBI's Enclave system, to the extent you cannot produce relevant materials by January 28.
- Hits on "Sussmann" and "Sussman" among certain Top Secret FBI materials.
- Hits on "███████" in the FBI's Enclave system, for emails dated before and after 2016.
- The FBI's contracts with ███'s Companies.
- Reports of interviews conducted by DOJ OIG with FBI employees involved in Crossfire Hurricane.
- Materials generated by the FBI's Inspection Division.
- Materials responsive to our requests for information regarding the number of individuals at the February 9, 2017 Agency-2 meeting.
- Forensic reports of Mr. ███'s cell phones, including call log and text message data.
- FBI protocols regarding anonymous tips.

As an initial matter, we understand that you have agreed to in fact produce these materials, to the extent they exist, and your request merely pertains to the *timing* of such agreed productions.

We are amenable to an extension of the production deadline for *unclassified* materials from January 28 until February 11 (the date by which, pursuant to the pretrial order, all *classified* materials must be produced). However, your proposed deadline of "the end of March" for production of all of these materials is unreasonable.

We note that your proposed deadline falls after the Court's March 18 deadline for production of all remaining Jencks Act and *Giglio* material. Further, trial is scheduled to commence on May 16, with exhibits due on April 15, and motions in limine due April 4. Receiving what you described during our January 20 call as potentially *tens of thousands of documents* six weeks before trial, two weeks before the exhibit deadline, and less than a week before motions in limine are due would impose an unreasonable burden on Mr. Sussmann's defense. Consenting to such an extension would hamper our ability to appropriately review those materials and prepare for trial, or potentially force us to move back the trial date, when Mr. Sussmann is entitled to a speedy trial and has repeatedly emphasized his desire for a quick resolution of this matter. Moreover, much of the material you propose to produce after the January 28 deadline for unclassified discovery is plainly relevant to this case. We believe these materials fall squarely within your obligations under Rule 16, and several likely constitute *Brady* material, which, as you know, you are required to produce as soon as reasonably possible.

To the extent that you do not agree to our proposed compromise extension and intend to file a motion seeking an extension beyond February 11, please attach this email to any motion you may file with the Court.

1

Please let us know if you have any questions.

Respectfully,
Michael


**Michael Scott Bosworth**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Direct Dial: +1.212.906.1221
Email: michael.bosworth@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.