UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal Case No. 21-582 (CRC)** |
| | : | |
| **MICHAEL A. SUSSMANN,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S CROSS-MOTION TO STRIKE**

1. The United States of America, by and through its attorney, Special Counsel John H. Durham, writes respectfully in opposition to the defendant's Cross-Motion to Strike six paragraphs from the Government's February 11, 2022 Motion to Inquire into Potential Conflicts of Interest. For the reasons set forth below, this Court should deny the defendant's motion.

2. As an initial matter, defense counsel has presumed the Government's bad faith and asserts that the Special Counsel's Office intentionally sought to politicize this case, inflame media coverage, and taint the jury pool. (Dkt. No. 36). That is simply not true. The Government included two paragraphs of limited additional factual detail in its Motion for valid and straightforward reasons. First, those paragraphs reflect conduct that is intertwined with, and part of, events that are central to proving the defendant's alleged criminal conduct. Second, the Government included these paragraphs to apprise the Court of the factual basis for one of the potential conflicts described in the Government's Motion, namely, that a member of the defense team was working for the Executive Office of the President of the United States ("EOP") during relevant events that involved the EOP. If third parties or members of the media have overstated, understated, or otherwise

1

misinterpreted facts contained in the Government's Motion, that does not in any way undermine the valid reasons for the Government's inclusion of this information.

3.  In light of the above, there is no basis to strike any portion of the Government's Motion. Indeed, the Government intends to file motions *in limine* in which it will further discuss these and other pertinent facts to explain why they constitute relevant and admissible evidence at trial. Pursuant to caselaw and common practice in this and other districts, the filing of documents containing reference to such evidence on the public docket is appropriate and proper, even in high-profile cases where the potential exists that such facts could garner media attention. *See, e.g., United States v. Stone*, 19 Cr. 18 (D.D.C. October 21, 2019) (ABJ), Minute Order (addressing the Government's publicly-filed motion *in limine* seeking to admit video clip from the movie "Godfather II" that defendant sent to an associate and permitting admission of a transcript of the video); *United States v. Craig*, 19 Cr. 125 (D.D.C. July 10, 2019) (ABJ), Minute Order (addressing Government's publicly-filed Rule 404(b) motion to offer evidence of defendant's efforts to assist Paul Manafort's relative in obtaining employment); *United States v. Martoma*, S1 12 Cr. 973, 2014 WL 164181 (S.D.N.Y. January 9, 2014) (denying defendant's motion for sealing and courtroom closure relating to motions *in limine* concerning evidence of defendant's expulsion from law school and forgery of law school transcript);[1] *see also Johnson v. Greater SE Cmty. Hosp. Corp.*, 951 F.

---

[1] The publicly-filed evidentiary motions and judicial rulings in each of the above-cited cases received significant media attention. *See, e.g.*, Prosecutors Can't Show Godfather II Clip at Roger Stone Trial, Judge Rules, CNN, October 21, 2019 (https://www.cnn.com/2019/10/21/politics/godfather-ii-roger-stone/index.html); Greg Craig Pushed to Hire Manfort's Relative at Skadden, Prosecutors Say, POLITICO, May 10, 2019 (https://www.politico.com/story/2019/05/10/greg-craig-hire-manaforts-relative-1317600); SAC's Martoma Tried to Cover Up Fraud at Harvard, Documents Show, REUTERS, January 9, 2014 (https://www.reuters.com/article/us-sac-martoma-harvard/sacs-martoma-tried-to-cover-up-fraud-at-harvard-documents-show-idUSBREA081C720140109).

2d 1268, 1277 (D.C. Cir. 1991) (holding that there is a "strong presumption in favor of public access to judicial proceedings").  Moreover, any potential prejudice or jury taint arising from such media attention can effectively and appropriately be addressed through the *voir dire* process during jury selection.

      4.      That said, to the extent the Government's future filings contain information that legitimately gives rise to privacy issues or other concerns that might overcome the presumption of public access to judicial documents – such as the disclosure of witness identities, the safety of individuals, or ongoing law enforcement or national security concerns – the Government will make such filings under seal.  *United States v. Hubbard,* 650 F. 2d 293, 317-323 (D.C. Cir. 1980) (setting forth factors for considering whether the presumption of public access is overridden, including (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.)  The Government respectfully submits that no such issues or concerns are implicated here.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the defendant's Cross-Motion to Strike.

Respectfully submitted,

JOHN H. DURHAM
Special Counsel

By:

 /s/ Brittain Shaw
Jonathan E. Algor
Assistant Special Counsel
jonathan.algor@usdoj.gov

Andrew J. DeFilippis
Assistant Special Counsel
andrew.defilippis@usdoj.gov

Michael T. Keilty
Assistant Special Counsel
michael.keilty@usdoj.gov

Brittain Shaw
Assistant Special Counsel
brittain.shaw@usdoj.gov