# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *v.* | Case No. 1:21-cr-00582 |
| **MICHAEL A. SUSSMANN,** | |
| *Defendant*. | |

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE THE SPECIAL COUNSEL FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING MATTERS SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE AND MEMORANDUM IN SUPPORT**

We understand that the Special Counsel will shortly be moving to vitiate certain assertions of privilege made in this case. Defendant Michael A. Sussmann, by and through undersigned counsel, separately moves the Court regarding a different set of issues concerning privilege. Specifically, the Special Counsel has suggested it intends to take the extraordinary—and improper—steps of: (1) introducing privilege logs into evidence; (2) showing redacted documents to the jury where information has been withheld by third parties on the basis of attorney-client privilege; and (3) even identifying for the jury the name of the party or parties asserting privilege in those documents. Mr. Sussmann respectfully moves the Court to preclude the Special Counsel from taking these actions because they are improper and prejudicial. Mr. Sussmann further requests that the Court schedule a conference for the purpose of providing the parties with further guidance on negotiating other issues involving the attorney-client privilege at trial in a manner that will not prejudice Mr. Sussmann, such as taking witness testimony where there is a likelihood that the attorney-client privilege will be invoked.

**BACKGROUND**

During our pretrial conference with the Court on March 31, 2022, the Special Counsel announced his intent to challenge privilege assertions by third parties, including the Clinton Campaign, Mr. Joffe, and another political organization. Hr'g Tr. 45:15-47:9 (Mar. 31, 2022). The purpose of this motion is not to litigate that issue, but to address how the parties should handle materials that remain protected by privilege at the time of trial. Specifically, the Special Counsel has informed the defense that at trial he will seek to introduce privilege logs and/or documents that include information redacted on the basis of privilege by those third parties, and to identify to the jury the client that has invoked the privilege.

**LEGAL STANDARD**

A fact-finder may not draw a negative inference about the substance of information withheld on the basis of privilege because it "would intrude upon the protected realm of the attorney-client privilege." *Parker v. Prudential Ins. Co.*, 900 F.2d 772, 775 (4th Cir. 1990); *see also Nabisco, Inc. v. PF Brands, Inc*., 191 F.3d 208, 226 (2d Cir. 1999) (reversing a district court finding based in part on a negative inference drawn from a party's refusal to produce a legal opinion letter, reasoning "[W]e know of no precedent supporting [an adverse] inference based on the invocation of the attorney-client privilege. . . . If refusal to produce an attorney's opinion letter based on claim of the privilege supported an adverse inference, persons would be discouraged from seeking opinions, or lawyers would be discouraged from giving honest opinions. Such a penalty for invocation of the privilege would have seriously harmful consequences."), *abrogated on other grounds by Moseley v. Secret Catalogue*, 537 U.S. 418, 425-48 (2003). Allowing a fact-finder to draw a negative inference from an assertion of this right would also be impermissibly prejudicial. 2 Christopher B. Mueller et al., Federal Evidence § 5:12, Westlaw (4th ed., database updated May 2021) ("[T]he considerations underlying Rule 403 . . . suggest that the jury should

2

not observe the process [of making a claim of privilege and resolving the matter]" because it "may suggest. . . that [a party] is withholding information favorable to his opponent.").

For these reasons, courts also prohibit parties from causing circumstances that would lead a jury to develop such a negative inference. *See, e.g.*, *Williams v. Sprint/United Mgmt. Co.*, 464 F. Supp. 2d 1100, 1108 (D. Kan. 2006) ("[I]t would be inappropriate to . . . force [a] defendant to either invoke the privilege in the jury's presence (creating the negative inference desired by plaintiffs) or waive the privilege by responding to the question."); *Tallo v. United States*, 344 F.2d 467, 469-70 (1st Cir. 1965) ("it is improper to require a defendant to claim . . . privileges in the presence of a jury"); *United States v. Chapman*, 866 F.2d 1326, 1333 (11th Cir. 1989) ("[A]s a general matter it is improper to permit a witness to claim a testimonial privilege in front of the jury where the witness's intention not to testify is known beforehand.").

## ARGUMENT

The law does not and cannot permit the Special Counsel to invite the jury to draw adverse inferences against Mr. Sussmann based on attorney-client privilege asserted by third parties. Yet the Special Counsel apparently intends to do just that, by: (1) parading in front of the jury documents that have been redacted for attorney-client privilege; (2) introducing privilege logs; and (3) explaining which party is asserting privilege over withheld or redacted documents. This is a transparent effort to invite the jury to conclude that the withheld evidence must be inculpatory, because the parties asserting the privilege are the very same parties that the Special Counsel seeks to prove were Mr. Sussmann's clients and co-conspirators in a scheme to conceal their role in the information Mr. Sussmann presented to Mr. Baker.

The law does not condone the Special Counsel's approach. *First*, a party may not introduce redacted documents before the jury. *See, e.g.*, *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 8130449, at *3 (S.D.N.Y. Dec. 3, 2015) (granting motion *in limine*

"to preclude any evidence or argument concerning [defendant's] invocations of the attorney-client privilege" and work product doctrine, and explaining "there is no reason for 'privilege,' 'work product,' or other markings indicative of privilege assertions to appear in exhibits").

*Second*, a party may not introduce privilege logs before the jury. *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785-DDC-TJJ, 2022 WL 226130, at *17 (D. Kan. Jan. 26, 2022) (holding privilege logs were inadmissible in part because "any probative value of a privilege log is outweighed by the danger of unfair prejudice").

*Third*, a party may not inform the jury that another party has invoked privilege. *United States v. Foster*, 309 F.2d 8, 15 (4th Cir. 1962) (a party cannot make the "invocation of the privilege . . . the subject of debate before the jury," because "[i]f the privilege itself was not open to comment, obviously the injunction to the attorney to invoke it is not open to condemning inference."); *Goldberg v. 401 N. Wabash Venture LLC*, No. 09 C 6455, 2013 WL 1816162, at *1, *7 (N.D. Ill. Apr. 29, 2013) (holding that, in a case about whether "the Trump Defendants concealed their development plans" or "misrepresented information," the plaintiff could not mention at trial "that Defendants . . . previously invoked the attorney-client privilege during discovery" to protect attorney communications from disclosure).

Again, there can be no mistake as to the purpose for the Special Counsel's tactics here. The animating theory of the Special Counsel's Indictment is that, in meeting with the FBI and Agency-2, Mr. Sussmann sought to conceal that he was secretly working on behalf of the Clinton Campaign and Mr. Joffe.  Lacking actual evidence of Mr. Sussmann's guilt, the Special Counsel seeks instead to convict Mr. Sussmann by insinuating to the jury that such evidence must exist—by inviting them to draw the inference that, because Mr. Sussmann's alleged clients and co-

4

conspirators have chosen to withhold information relating to the very same relationship the Special Counsel alleges they and Mr. Sussmann sought to conceal, that information must be inculpatory.

Permitting the Special Counsel to prejudice Mr. Sussmann and to shirk his burden of proof by leading the jury to an adverse inference would be impermissible under any circumstance. But it is particularly egregious here, because Mr. Sussmann is not the privilege holder. The Special Counsel's tactics would accordingly penalize Mr. Sussmann for another party's invocation of their own right to assert the privilege, a decision that was not his to make. Convicting him on the basis of such fundamentally unfair circumstances would amount to a miscarriage of justice.

## CONCLUSION

The Special Counsel is entitled to prove his case by credible evidence. What he seeks to do with documents protected in whole or in part by the attorney-client privilege is something other than that. The Special Counsel cannot attempt to prove his case through innuendo and implication predicated on lawful assertions of privilege. Accordingly, Mr. Sussmann moves the Court to preclude the Special Counsel from introducing to the jury materials showing that information has been withheld on the basis of the attorney-client privilege, such as redacted documents or privilege logs, or from presenting to the jury information regarding the party invoking the privilege.

Further, Mr. Sussmann respectfully requests that the Court schedule a conference to provide the parties with the Court's preferred method for avoiding assertions of privilege in front of the jury during a witness's testimony. *See Goldberg*, 2013 WL 1816162, at *7 ("Plaintiff may not ask any question which she reasonably expects will cause Defendants to assert the attorney-client privilege."); *Chapman*, 866 F.2d at 1333 ("[A]s a general matter it is improper to permit a witness to claim a testimonial privilege in front of the jury where the witness's intention not to testify is known beforehand.").

5

| | |
|---|---|
| Dated:  April 4, 2022 | Respectfully submitted, |

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Email: sean.berkowitz@lw.com

Michael Bosworth (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: michael.bosworth@lw.com

Natalie Hardwick Rao (D.C. Bar # 1009542)
Catherine J. Yao (D.C. Bar # 1049138)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: natalie.rao@lw.com
Email: catherine.yao@lw.com