# EXHIBIT A

SENT VIA EMAIL

# Weil, Gotshal & Manges LLP

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Steven A. Tyrrell**

April 1, 2022

Michael Bosworth, Esq.
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020

In re:  *U.S. v. Sussmann*, Case No. 1:21-cr-00582-CRC

Dear Mr. Bosworth,

I am writing regarding your subpoena for testimony at trial in the above-referenced matter that I accepted service of on March 30, 2022, on behalf of my client, Rodney Joffe.  For the reasons set forth below, my client will invoke his rights under the Fifth Amendment if called to testify at trial, even though he very much wants to set the record straight about the allegations against him and believes he can provide exculpatory information concerning the allegations against your client, Michael Sussmann.

On March 31, the day after receipt of the subpoena, I spoke by telephone with representatives of the Office of Special Counsel ("OSC") in an effort to obtain sufficient information from which I could assess and advise my client whether he has a credible fear of prosecution.  I then explained that I had requested an update because my client had received your trial subpoena.  Given the impending trial date, I stated that we wished to inform you as soon as possible whether Mr. Joffe intends to invoke his Fifth Amendment rights if called to testify. I indicated that Mr. Joffe has a desire to testify, but he has concerns about doing so if he is a subject of the OSC's investigation.  In response, Mr. DeFilippis confirmed that Mr. Joffe remains a subject of the investigation (as he has been since our first contact with the OSC fifteen months ago).  I then asked if Mr. DeFilippis could explain what basis remains for Mr. Joffe's possible prosecution.  Rather than provide any additional information to aid in our assessment of the risk of prosecution, Mr. DeFilippis stated that in his view, Mr. Joffe's status in the investigation was sufficient to establish a good faith basis to invoke the privilege against self-incrimination. Mr. DeFilippis further stated that OSC did not want to get into any more detail, and presumed that Latham would understand if Mr. Joffe decided to invoke.

I then stated to Mr. DeFilippis that more than five years has elapsed since the events that are described in the indictment against your client and the OSC's related public filings, including the September 19, 2016, meeting with the FBI and the February 9, 2017, meeting with REDACTED, and asked what other basis the OSC might have to charge Joffe with criminal conduct.  Mr. DeFilippis replied in general terms that

Mr. Michael Bosworth
April 1, 2022
Page 2

**Weil, Gotshal & Manges LLP**

while it was fair to say that the Alfa-related allegations tied back to Sussmann's September 19, 2016 meeting, the Yota phone-related allegations continued to "percolate through various branches of the government and around the private sector after that date, in various forms." DeFilippis further noted that certain fraud statutes have longer than a five-year limitations period, although he did not specify what statutes might be implicated by the events in question.  Beyond that, Mr. DeFilippis was unwilling to comment further.  In light of Mr. DeFilippis' unwillingness to provide additional information, I asked whether he ever envisioned an end to my client' status as a subject of the OSC's investigation, and if so, when that might be.  Mr. DeFilippis indicated that he was unable to put an end date on the investigation at this point, and that it would depend upon various factors, including the conduct in question and the applicability of various limitations periods. Finally, I asked whether the OSC would be willing to let me know if and when the investigation as to Joffe concludes, and Mr. DeFilippis said that he would do so.

Based on these circumstances, as well as our concern that the OSC has advanced extremely aggressive, if not unprecedented theories of prosecution, and has evinced an unwillingness to consider exculpatory evidence that we have presented, my client will invoke his rights under the Fifth Amendment if called as a witness at your client's upcoming trial.  If you have any questions or would like to discuss this matter, please let me know.

Regards,

Steven A. Tyrrell