# EXHIBIT B



U. S. Department of Justice

*Special Counsel*

---

Washington, D.C. 20530

March 18, 2022

<u>Via Email</u>

Sean M. Berkowitz, Esq.
Latham & Watkins LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611

Michael Bosworth, Esq.
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020

        Re: United States v. Michael A. Sussmann
        <u>Criminal Docket No. 1:21-cr-00582 (CRC)</u>

Dear Counsel:

    The government submits this letter to notify you that the government may introduce at trial evidence of (1) the defendant's statements during a February 9, 2017 meeting at a U.S. government agency ("Agency-2"); (2) statements made to the media by Perkins Coie in October 2018 in relation to allegations[1] brought by the defendant to the Federal Bureau of Investigation ("FBI") on Septmeber 19, 2016; (3) the defendant's December 2017 Congressional testimony; and (4) the defendanat's failure to preserve law firm records during the relevant time period.  The government will move to admit this evidence as direct evidence of the charged crimes or, in the alternative, as "other act" evidence pursuant to Federal Rule of Evidence 404(b) to prove the defendant's motive, intent, plan, and absence of mistake or accident.

---

[1] The defendant provided the FBI General Counsel with purported data and "white papers" that allegedly demonstrated a covert communications channel between the Trump Organization and a Russia-based bank.

*March 18, 2022*
*Page 2 of 3*

    I.    <u>The Defendant's Meeting at Agency-2</u>

As the Indictment alleges, on February 9, 2017, the defendant provided a similar set of allegations to Agency-2 that he had previously provided to the FBI through General Counsel James Baker ("Baker"). In his meeting with Agency-2 employees, the defendant made a substantially similar false statement as he had made to Baker. In particular, the defendant asserted that he was not representing a particular client in providing the allegations to Agency-2. In truth and in fact, the defendant was representing a Technology Executive ("Tech Executive-1") – a fact he subsequently acknowledged under oath in December 2017 testimony before Congress (without identifying Tech Executive-1 by name), as discussed further below.

    II.    <u>Perkins Coie's Statements to the Media</u>

In October 2018, Perkins Coie and its managing partner drafted and issued statements to the media concerning the defendant's September 2016 meeting with Baker. Specifically, on October 12, 2018, Perkins Coie issued a statement to multiple media outlets in which the firm stated, in part: "When Sussmann met with Baker on behalf of a client, it was not connected to the firm's representation of the Hillary Clinton Campaign, the DNC or any Political Law Group client." Similarly, on October 18, 2018, Perkins Coie's managing partner issued a statement in which he asserted, in part: "Mr. Sussmann's meeting with the FBI General Counsel James Baker was on behalf of a client with no connections to either the Clinton campaign, the DNC or any other Political Law Group client." Those statements – which the defendant appears to have reviewed or assisted in drafting – were false (as to Perkins Coie's statement) and at least partially inaccurate and/or misleading (as to the managing partner's statement), based on the evidence the government will introduce at trial, including, but not limited to, Sussmann's billing records. Sussmann failed to inform Perkins Coie leadership that he had, in fact, billed his work on the allegations to Clinton campaign.

    III.    <u>The Defendant's December 2017 Congressional Testimony</u>

In December 2017, the defendant testified before the House Permanent Subcommittee on Intelligence. During this testimony, the defendant aknowledged bringing the allegations to the FBI and Agency-2 on behalf of a specific client, namely Tech Executive-1 (whom the defendant did not identify by name). This statement is at odds with what the defendant told FBI General Counsel Baker on September 19, 2016, namely that he was not acting on behalf of "any client." Further, the defendant's testimony is at best misleading insofar as it failed to disclose that the defendant billed work on the allegations to the Hillary Clinton Campaign.

    IV.    <u>The Defendant's Failure to Preserve Firm Records During the Relevant Time Period</u>

All Perkins Coie attorneys are required to maintain and preserve all firm records and communications that might exist on the attorney's personal devices. This past week the government learned that, in connection with his departure from Perkins Coie, the defendant was

*March 18, 2022*
*Page 3 of 3*

required to turn over all communications constituting firm records that were contained on his personal devices.  The evidence at trial will show that the earliest text messages turned over by the defendant date from November 25, 2016.  There are extensive gaps in time for which no text messages were provided.  The government is in possession of relevant text messages that the defendant exchanged during these time periods, including highly probative messages between the defendant and then-FBI General Counsel Baker.

      Please do not hesitate to contact the undersigned should you have any questions or concerns regarding this notice.

                                  Very truly yours,

                                  JOHN H. DURHAM
                                  Special Counsel

By:    */S/ Michael T. Keilty*
          Jonathan E. Algor IV
          Andrew J. DeFilippis
          Michael T. Keilty
          Brittain Shaw
          Assistant Special Counsels
          U.S. Department of Justice