LEAVE TO FILE GRANTED
*[signature]* USDJ
4/19/22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MICHAEL A. SUSSMANN,**<br>*Defendant.*<br><br>**TECH EXECUTIVE-1,**<br>*Proposed Intervenor.* | Case No. 1:21-cr-00582 (CRC) |

## NON-PARTY TECH EXECUTIVE-1'S MOTION TO INTERVENE

Non-party Tech Executive-1, by and through his undersigned counsel, respectfully submits this Motion to Intervene for the limited purpose of filing his opposition to the *Government's Motion to Compel the Production of Purported Privileged Communications Withheld by Non-Party Entities for In Camera Inspection by the Court.* (Dkt. 64).[1] Because the Special Counsel's Office ("SCO") seeks to invade the attorney-client privilege which is held by Tech Executive-1, intervention is appropriate to permit Tech Executive-1 to submit his Opposition to the Government's Motion to Compel, attached hereto as Exhibit A.

Although a non-party, Tech Executive-1 is the holder of the privilege for four e-mails and attachments that are the subject of the SCO's Motion. *See Nat'l Sec. Couns v. Cent. Intel. Agency*, 969 F.3d 406, 411-12 (D.C. Cir. 2020) ("[I]t is axiomatic that the attorney-client privilege is held by the client."). Therefore, Tech Executive-1 has standing to intervene in this

---

[1] Tech Executive-1 uses the pseudonym that the Government uses to refer to him in the Motion.

litigation and defend the privilege which he holds. *See United States v. Martoma*, 962 F. Supp. 2d 602, 605-06 (S.D.N.Y. 2013) ("[I]t is settled law that persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings … A third party's reasonable assertion of privilege with respect to documents to be produced in a criminal action is sufficient grounds on which to grant the third party's motion to intervene and consider the merits of that party's application.") (collecting cases); *United States v. Jesenik*, 2020 WL 7406531, *5 (D. Or. Dec. 17, 2020); *cf. In re Sealed Case*, 737 F.2d 94, 98 (D.C. Cir. 1984) (recognizing that *Perlman* doctrine permits non-party standing to appeal claim of privilege); *Perlman v. United States*, 247 U.S. 7 (1918).

For the foregoing reasons, Tech Executive-1 requests the Court grant him leave to intervene for the limited purpose of defending the applicability of the attorney-client privilege to certain communications identified by the Government and submitting the attached Opposition (Exhibit A).

Dated: April 18, 2022                                             Respectfully submitted,

                                                                  */s/ Steven A. Tyrrell*
                                                                  Steven A. Tyrrell (D.C. Bar No. 998795)
                                                                  Eileen Hren Citron (Bar No. 995117)
                                                                  WEIL, GOTSHAL & MANGES, LLP
                                                                  2001 M Street, N.W., Suite 600
                                                                  Washington, D.C. 20036
                                                                  Tel: (202) 682-7000
                                                                  Fax: (202) 857-0940
                                                                  steven.tyrrell@weil.com
                                                                  eileen.citron@weil.com

                                                                  *Counsel for Tech Executive-1*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022, I caused the foregoing to be filed and served via electronic mail upon all counsel of record:

Michael Bosworth
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
michael.bosworth@lw.com

Andrew DeFilippis
Special Counsel's Office
145 N Street, NE
Washington, DC 20002
andrew.defilippis@usdoj.gov

Sean M. Berkowitz
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
sean.berkowitz@lw.com

Michael T. Keilty
Jonathan Edgar Algor, IV
DOJ-USAO
145 N Street, NE, Suite 3E 803
Washington, DC 20530
michael.keilty@usdoj.gov
jonathan.algor@usdoj.gov

Catherine Yao
Natalie Hardwick Rao
Latham & Watkins LLP
555 11th Street, NW, Suite 1000
Washington, DC 20004
catherine.yao@lw.com

natalie.rao@lw.com

Deborah Brittain Shaw
U.S. Department of Justice
Fraud Section, Securities & Financial Fraud
1400 New York Avenue, NW
Washington, DC 20005
brittain.shaw@usdoj.gov