IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-00582 (CRC) |
| | ) | |
| MICHAEL A. SUSSMANN, | ) | |
| | ) | |
| Defendant | ) | |

**MOTION TO FILE PORTIONS OF THE DECLARATION SUPPORTING RESPONSE TO MOTION TO COMPEL *EX PARTE*, *IN CAMERA* AND UNDER SEAL**

Hillary for America ("HFA"), the principal campaign committee of Secretary Hillary Clinton's 2016 presidential campaign, and the Democratic National Committee (the "DNC"), by their counsel, hereby file this motion for leave to file certain privileged material necessary to respond to a motion to compel on an *ex parte*, *in camera* basis and under seal. In support of this Motion, HFA and the DNC state as follows:

1. On April 6, 2022, the Government filed a motion to compel, seeking the production of certain documents withheld by HFA, the DNC, their law firm (Perkins Coie), and Fusion GPS ("Fusion"), a consultant hired by Perkins Coie, all withheld based on the attorney-client privilege and/or the attorney work product doctrine. (Dkt. 64.) In the motion to compel, the Government challenged the assertion of privilege and is asking the non-party entities and/or the holders of the privileges to provide further justification for their assertion of privilege. (*Id.*) HFA and the DNC are the holders of the privileges at issue.

2. Oppositions to the motion to compel are due April 18, 2022.

3. To support the oppositions to the motion to compel and justify the basis for the privilege assertions, HFA and the DNC intend to offer a declaration from Marc Elias, a former

partner at Perkins Coie (the "Declaration"). The Declaration, a portion of which HFA and the DNC do not seek to seal, will also describe certain of Mr. Elias's thought processes, mental impressions, and attorney-client communications that related to Perkins Coie's engagement of Fusion with respect to legal matters affecting Perkins Coie's clients, HFA and the DNC. As such, portions of the Declaration contain material that is subject to a *bona fide* claim of privilege—effectively the same claim of privilege that the Government is seeking to adjudicate through the motion to compel.

4. The information in the Declaration is necessary for HFA and the DNC to respond adequately to the motion to compel. For example, in the motion to compel, the Government challenges the nature and purpose of Perkins Coie's retention of Fusion. (*See* Dkt. 64, ¶ 17.) Information to address those arguments is set forth in Mr. Elias's Declaration.

5. HFA and the DNC ask to file the portions of the Declaration containing privileged and work product information *ex parte* and under seal to protect the claim of privilege with respect to Fusion's work and its retention by Perkins Coie.

6. HFA and the DNC have already given the Government information that they believe they can provide publicly without waiving the attorney-client privilege and work product protections (thus portions of the Declaration containing such information will not be filed *in camera* or under seal),[1] but the Government contends this information is not enough. As such,

---

[1] Concurrently with this motion, HFA and the DNC are filing, publicly, a version of the Declaration from which information that is privileged or confidential has been redacted. A few redactions relate to certain confidential engagement letters that have not been filed publicly but that are in the possession of the Special Counsel's Office. Counsel for the HFA and DNC will provide the Special Counsel's Office a copy of the Declaration that has these specific redactions for confidential information removed but maintains only the redactions made for privilege reasons.

HFA and the DNC now must go further and provide privileged information to justify the claim of privilege over the documents sought in the motion to compel.

7. The law is clear on the procedure to follow when material that is subject to a claim of privilege must be filed with a court to adjudicate a matter before the court, such as the validity of the privilege claim itself. Specifically, the material should be filed on an *ex parte*, *in camera* basis and under seal, as this avoids any potential that the filing of the material itself waives the privilege. *See, e.g.*, *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1151 (D.C. Cir. 2006) (noting the court's approval of *in camera*, *ex parte* proceedings "in cases raising privilege claims"); *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 219 F. Supp. 3d 155, 159 (D.D.C. 2016) (granting motion to submit declaration under seal for *ex parte*, *in camera* review, noting that "[n]umerous courts have reviewed similar affidavits under seal to ascertain the basis of the motion to withdraw without upsetting the attorney-client privilege."); *see also United States v. Zolin*, 491 U.S. 554, 569 (1989) (explaining that "*in camera* review does not destroy the privileged nature of the contested communications"). That is the relief HFA and the DNC seek here.

8. It is particularly important to follow the *ex parte*, *in camera*, under seal procedure here, where the Government has aggressively sought material over which various parties and persons have asserted privilege, and HFA and DNC expect that the Government will contend that privilege over an entire subject matter has been waived if it has an argument that some privileged communications have been publicly disclosed. *See, e.g.*, *Hughes v. Abell*, No. 09-0220, 2012 WL 13054819, at *3-5 (D.D.C. Mar. 7, 2012) (finding waiver of privilege over all communications related to privileged information that had been disclosed in a declaration). The Government is not entitled to obtain privileged material simply because it has filed a motion to compel, and HFA and

the DNC cannot respond to that motion fully without providing the Court with information that is itself subject to a claim of privilege.

WHEREFORE, for the foregoing reasons, HFA and the DNC respectfully request that this Court permit them to file, an *ex parte*, *in camera* basis and under seal, the portions of the declaration of Marc Elias that contain privileged and work product information.

Dated: April 18, 2022                                                                       Respectfully submitted,

/s/ Robert P. Trout
Robert P. Trout, Bar No. 215400
Paola Pinto, Bar No. 1672368
Schertler Onorato Mead & Sears, LLP
555 13th Street, NW
Suite 500 West
Washington, D.C.  20004
Ph: 202-628-4199
Fax: 202-628-4177
rtrout@schertlerlaw.com
ppinto@schertlerlaw.com

*Counsel for Hillary for America*


/s/ Shawn G. Crowley
Shawn G. Crowley (*Pro hac vice* pending)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
scrowley@kaplanhecker.com
*Counsel for the Democratic National Committee*