UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **EX PARTE AND UNDER SEAL** |
| | : | |
| v. | : | Criminal Case No. 21-582 (CRC) |
| | : | |
| MICHAEL A. SUSSMANN, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' *EX PARTE* APPLICATION TO COMPEL TESTIMONY FROM LAURA SEAGO

The United States of America, by and through Special Counsel John H. Durham, respectfully requests that this Court, pursuant to the provisions of 18 U.S.C. § 6001 *et seq*., enter an order directing Laura Seago to testify at the above-captioned trial. A proposed order is attached. In support of this request, the Government states the following:

1. On or about March 15, 2022, the Government served a subpoena for Ms. Seago to appear and give testimony in the above-captioned trial.

2. Ms. Seago is represented by Holly Pierson, Esq who informed the Government that her client will invoke her Fifth Amendment privilege against self-incrimination absent a court order of immunity compelling her to testify at trial.

3. Accordingly, the Special Counsel is applying for an order compelling Ms. Seago to testify in the above-captioned trial. The statutory scheme for such an application is found at 18 U.S.C. §§ 6001–6005. Under this statute, when a United States Attorney believes that a witness's testimony or information that may be necessary to the public interest is likely to be withheld under an assertion of the privilege against self-incrimination, he or she may, with the approval of the Attorney General (or one of the authorized designees), apply to a district court

for an order compelling the witness to testify or to provide other information. *See id.* § 6003(b); *In re Sealed Case*, 791 F.2d 179, 181 (D.C. Cir. 1986). Upon such application, the statute provides that the court "*shall* issue . . . an order requiring" the witness to testify or provide other information which she refuses to give because of her privilege against self-incrimination. 18 U.S.C. § 6003(a) (emphasis added). *See also id.* ("district courts are without discretion to deny a request by a United States Attorney for an order compelling testimony as long as that request complies with the jurisdictional and procedural requirements of the law.").

4. The statute further provides that no testimony or other information so compelled (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order. *See id.* § 6002. Considering that the immunity provided under the statute is coextensive with the privilege against self-incrimination, the Supreme Court and Courts of Appeals have repeatedly instructed that the immunity provided in Section 6002 provides full constitutional protection for witnesses and therefore leaves them no alternative but to testify. *See In re Sealed Case*, 791 F.2d at 181 (citing *Kastigar v. United States*, 406 U.S. 441, 453 (1972)) (other citations omitted). Given such precedent and the wording of the statute, "district courts are without discretion to deny a request by a United States Attorney for an order compelling testimony as long as that request complies with the jurisdictional and procedural requirements of the law." *Id.* (citations omitted).

8. In accordance with 18 U.S.C. § 6003(b)(2), it is the judgment of the Special Counsel that Ms. Seago has refused or is likely to refuse to testify or provide other information on the basis of her claimed privilege against self-incrimination. In accordance with 18 U.S.C. § 6003(b)(1), it is the judgment of the Special Counsel that the testimony or other information

from Ms. Seago is necessary to the public interest. The Special Counsel represents that this application has been approved by Deputy Assistant Attorney General Jennifer A.H. Hodge of the Department of Justice's Criminal Division, pursuant to the authority vested by 18 U.S.C. § 6003 and 28 C.F.R. § 0.175(a).

WHEREFORE, the United States of America respectfully requests that the Court order Ms. Seago to give testimony or provide other information which she refuses to give or to provide on the basis of her privilege against self-incrimination as to all matters about which she might be interrogated at trial in the above-captioned trial; and that no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against Ms. Seago in any criminal case except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

Respectfully submitted,

JOHN H. DURHAM
Special Counsel

By:

/s/   *Brittain Shaw*
Jonathan E. Algor
Andrew DeFilippis
Michael T. Keilty
Brittain Shaw
Assistant Special Counsels
145 N Street, NE
Room 3E.803
Washington, DC 20530

April 19, 2022