UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 21-582 (CRC) |
| : | |
| MICHAEL A. SUSSMANN, : | |
| : | |
| Defendant. : | |

PROTECTIVE ORDER PURSTANT TO SECTION 4
OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND
<u>RULE 16(d)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE</u>

This action is before the Court on the Government's *ex parte*, *in camera* application for a protective order pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), and Rule 16(d)(1) of the Federal Rules of Criminal Procedure seeking to withhold from discovery certain classified information ("the Classified Information"), filed on March 25, 2022 ("the application"). After *ex parte*, *in camera* inspection and consideration of the application and the accompanying exhibits, the Court finds, pursuant to Section 4 of CIPA and Rule 16(d)(1), that the Government's application contains classified information that requires protection against unauthorized disclosure for reasons of national security. Specifically, the Court finds that disclosure of the Classified Information to the defense (with two exceptions noted below), or to the public, reasonably could be expected to cause serious damage to the national security.

The First Amendment right of access to court documents may be curtailed in favor of a compelling government interest provided that the limitation on access is "narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606-07 (1982); *see also Press-Enterprise Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984) ("The presumption of openness

1

may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (common law right of access may be outweighed by an important competing interest).  Here, the Court finds that the Government's interest in protecting the national security and preventing the unnecessary dissemination of classified information outweighs the defendant's and/or public's right of access to these materials.  *See Haig v. Agee*, 453 U.S. 280, 307 (1981) ("[N]o governmental interest is more compelling than the security of the Nation."); *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) ("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service.").

      WHEREAS the Government, in its motion and application, seeks a protective order against disclosure of certain classified information to the defense because that information is not discoverable under applicable law or is not helpful or material to the defense;

      WHEREAS the Court finds that disclosure of the motion or accompanying materials to the defense or the public would defeat the Government's purpose in seeking a protective order;

      WHEREAS the Court further finds that the Government's application is so interrelated with classified information as to make impracticable the filing of meaningful redacted Classified Information that do not divulge classified information, and that no reasonable alternative to closure and sealing exists that will protect the Government's interest in preventing the unauthorized dissemination of this information;

      WHEREAS this sealing order is drawn as narrowly as possible under the circumstances;

WHEREAS the Court has determined (with two exceptions noted below) that the Classified Information to be withheld are not "helpful or material to the defense," *see Roviaro v. United States*, 353 U.S. 53, 60-62 (1957);

WHEREAS the Court finds that the Classified Information sought to be excluded from discovery is not discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, or Federal Rule of Criminal Procedure 16; and

WHEREAS the Court finds that two of the Government's proposed substitutions of certain Classified Information do not adequately inform the defense of information that arguably may be helpful or material to the defense, in satisfaction of the Government's discovery obligations; it is hereby

ORDERED that the Government's application for a protective order to withhold certain Classified Information from discovery is granted in part and denied in part; and

IT IS FURTHER ORDERED that the Government is directed, as explained at the ex parte hearing, to disclose to cleared defense counsel either the underlying classified material or a classified summary of the material from which the two proposed summaries were derived.

IT IS FURTHER ORDERED that the Government's request to file its application *ex parte*, *in camera*, and under seal is granted because disclosure of the contents of the application to the defendant or the public would compromise the Government's compelling interest in protecting national security and would defeat the purpose of the protective order. *See Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988).

**SO ORDERED**.

                                                                                        _____
                                                                                        CHRISTOPHER R. COOPER
                                                                                        United States District Judge

Date:  April 26, 2022