UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL A. SUSSMANN<br><br>Defendant. | Criminal Case No. 21-582 (CRC) |

**NON-PARTY PERKINS COIE LLP'S RESPONSE TO GOVERNMENT'S MOTION TO COMPEL THE PRODUCTION OF PURPORTED PRIVILEGED COMMUNICATIONS FOR *IN CAMERA* INSPECTION BY THE COURT**

Non-party Perkins Coie, LLP ("Perkins") respectfully submits this response in connection with the Government's Motion to Compel the Production of Purported Privileged Communications Withheld by Non-Party Entities for *In Camera* Inspection by the Court ("Motion to Compel").

In response to Grand Jury Subpoenas served by the Government, Perkins made multiple productions of responsive documents with accompanying privilege logs to the Government. In its privilege logs, Perkins withheld and/or redacted documents and other communications based on privilege claims asserted by its client the Democratic National Committee ("DNC"), former client Hillary for America Campaign Committee, Inc. ("HFACC"), and former client, a technology executive referred to in the Indictment as "Tech Executive-1." Similarly, the entity referred to in the Indictment as the "U.S. Investigative Firm" also withheld and/or redacted documents and communications based on the asserted privilege claims of DNC and HFACC, and produced accompanying privilege logs. While all communications listed in the Government's Exhibit A to the Motion to Compel appear on the privilege logs submitted by the U.S. Investigative Firm, three

communications also appear on the privilege log provided by Perkins. Perkins also produced a redacted version of the retention agreement with U.S. Investigative Firm.

Perkins has an ethical obligation to assert all legitimate privilege claims made by clients in response to subpoenas calling for clients' confidential information. *See* D.C. Bar Legal Ethics Comm., Op. 288 (1999) ("a lawyer has an ethical obligation to raise all available, legitimate objections to a judicial or administrative subpoena for" a client's confidential information); *see also* ABA Model Rule 1.6, cmt. 15 ("Absent informed consent of the client to do otherwise, the lawyer should assert on behalf of the client all nonfrivolous claims that . . . the information sought is protected against disclosure by the attorney-client privilege or other applicable law."). Perkins complied with this obligation in responding to the Government's Grand Jury Subpoenas and honored the claims of privilege made by its current or former clients. As long as Perkins' current or former clients instruct it to assert these privilege claims, Perkins will do so.

To aid the Court in the instant motion, Perkins submits the attached Declaration of Patrick Benedict to provide information related to the attorney-client privilege and work-product claims asserted by DNC, HFACC, and Tech Executive-1.

## CONCLUSION

For the foregoing reasons, Perkins joins in the arguments raised by Fusion GPS and respectfully asks the Court to deny the Government's motion to compel.

Dated: April 18, 2022          By:     /s/ F. Joseph Warin

                                                  F. Joseph Warin (D.C. Bar No. 235978)
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel: (202) 887-3609
Email: FWarin@gibsondunn.com

*Counsel for Non-Party Perkins Coie, LLP*