## BEFORE THE FEDERAL ELECTION COMMISSION

In the matter of )
 )
DNC Services Corporation/ Democratic ) MURs 7291 and 7449
National Committee and Virginia )
McGregor in her official capacity )
as treasurer )

## CONCILIATION AGREEMENT

These matters were initiated by signed, sworn, and notarized complaints. An investigation was conducted, and the Commission found probable cause to believe that the DNC Services Corporation/Democratic National Committee and Virginia McGregor in her official capacity as treasurer (the "DNC" or "Respondent"), violated 52 U.S.C. § 30104(b)(5)(A) and (b)(6)(B)(v) and 11 C.F.R § 104.3(b)(3)(i) by misreporting the purpose of certain disbursements.

NOW, THEREFORE, the Commission and Respondent, having duly entered into conciliation pursuant to 52 U.S.C. § 30109(a)(4)(A)(i) to resolve with the Commission all of the allegations set forth in the complaints in these matters, do hereby agree as follows:

I. The Commission has jurisdiction over Respondent and the subject matter of this proceeding.

II. Respondent has had a reasonable opportunity to demonstrate that no action should be taken in this matter.

III. Respondent enters voluntarily into this agreement with the Commission.

IV. The pertinent facts in this matter are as follows:

1. Respondent is the national committee of the Democratic Party.

2. Fusion GPS is a consulting firm that provides research, strategic intelligence, and due diligence services to corporations, law firms, and investors.

Page 1 of 4

MUR 7291 and 7449 (DNC Services Corporation/Democratic National Committee)
Conciliation Agreement
Page 2 of 4

3. Perkins Coie is a law firm retained by Respondent during the 2016 election cycle to provide legal services, including with respect to potential litigation.

4. In 2016, Perkins Coie engaged Fusion GPS to provide research services related to Respondent and Hillary for America ("HFA").

5. Perkins Coie paid $1,024,407.97 to Fusion GPS in 2016.

6. As stated in the Commission's Factual and Legal Analysis, between July 15, 2016, and August 26, 2016, Respondent paid $849,407.97 to Perkins Coie for what was alleged in the complaints to be "opposition research done by Fusion [GPS]." Respondent reported the purpose of $782,907.97 of these payments to Perkins Coie as "legal and compliance consulting" on its disclosure reports.

7. Respondent contends that it filed the relevant reports based on its understanding that the reported purposes of the disbursements at issue were done in accordance with the law and Commission guidelines. Respondent further contends that Perkins Coie retained Fusion GPS in furtherance of its legal services provided to Respondent and HFA and that Fusion GPS performed research at the direction of Perkins Coie into matters that would assist Perkins Coie in providing legal advice and services to the Respondent and HFA, including in anticipation of litigation. Respondent further contends that the fact that Fusion GPS may have conducted research relating to an opposition candidate does not mean that the research was not conducted in furtherance of legal services that Perkins Coie was performing on behalf of Respondent and HFA. Respondent also contends that the substance of the work performed by Fusion GPS is protected under the attorney-client privilege and work product doctrine.

V. The pertinent law in this matter is as follows:

MUR 7291 and 7449 (DNC Services Corporation/Democratic National Committee)
Conciliation Agreement
Page 3 of 4

1. Under the Federal Election Campaign Act of 1971, as amended (the "Act"), political committees are required to report the name and address of each person to whom they make expenditures or other disbursements aggregating more than $200 per calendar year, or per election cycle for authorized committees, as well as the date, amount, and purpose of such payments. 52 U.S.C. § 30104(b)(5), (6); 11 C.F.R. § 104.3(b)(3)(i), (ix).

2. Commission regulations define "purpose" as a brief statement or description of why the disbursement was made. The "purpose of disbursement" entry, when considered along with the identity of the disbursement recipient, must be sufficiently specific to make the purpose of the disbursement clear. *See* Statement of Policy: "Purpose of Disbursement" Entries for Filings with the Commission, 72 Fed. Reg. 887 (Jan. 9, 2007) (citing 11 C.F.R. § § 104.3(b)(3)(i)(b), (4)(i)(A)).

VI. Solely for the purpose of settling this matter expeditiously and to avoid further legal costs, Respondent does not concede, but will not further contest the Commission's finding of probable cause to believe.

VII. Respondent will take the following actions:

1. Respondent will pay a civil penalty to the Commission in the amount of one hundred and five thousand dollars ($105,000) pursuant to 52 U.S.C. § 30109(a)(5)(A).

2. Respondent agrees not to violate 52 U.S.C. § 30104(b)(5)(A) and (b)(6)(B)(v) and 11 C.F.R § 104.3(b)(3)(i) in the future.

IX. The Commission, on request of anyone filing a complaint under 52 U.S.C. § 30109(a)(1) concerning the matters at issue herein or on its own motion, may review compliance with this agreement. If the Commission believes that this agreement or any

MUR 7291 and 7449 (DNC Services Corporation/Democratic National Committee)
Conciliation Agreement
Page 4 of 4

requirement thereof has been violated, it may institute a civil action for relief in the United States District Court for the District of Columbia.

X. This agreement shall become effective as of the date that all parties hereto have executed the same and the Commission has approved the entire agreement.

XI. Respondent shall have no more than 30 days from the date this agreement becomes effective to comply with and implement the requirements contained in this agreement and to so notify the Commission.

XII. This conciliation agreement constitutes the entire agreement between the parties on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by either party or by agents of either party, that is not contained within this written agreement shall be enforceable.

FOR THE COMMISSION:

Lisa J. Stevenson
Acting General Counsel

BY: _____          2-22-22
Charles Kitcher                                        Date
Associate General Counsel
  for Enforcement

*Digitally signed by Charles Kitcher. Date: 2022.02.22 12:58:42 -05'00'*

FOR THE RESPONDENT:

_____          2-16-22
Graham Wilson                                     Date
Counsel for Respondent

BEFORE THE FEDERAL ELECTION COMMISSION

In the matter of )
)
   Hillary for America and ) MURs 7291 and 7449
   Elizabeth Jones )
     in her official capacity as treasurer )
)

## CONCILIATION AGREEMENT

These matters were initiated by signed, sworn, and notarized complaints. An investigation was conducted, and the Commission found probable cause to believe that Hillary for America and Elizabeth Jones in her official capacity as treasurer ("Respondent"), violated 52 U.S.C. § 30104(b)(5)(A) and 11 C.F.R. § 104.3(b)(4)(i) by misreporting the purpose of certain disbursements.

NOW, THEREFORE, the Commission and Respondent, having duly entered into conciliation pursuant to 52 U.S.C. § 30109(a)(4)(A)(i) to resolve with the Commission all of the allegations set forth in the complaints in these matters, do hereby agree as follows:

    I.    The Commission has jurisdiction over Respondent and the subject matter of this proceeding.

    II.    Respondent has had a reasonable opportunity to demonstrate that no action should be taken in this matter.

    III.    Respondent enters voluntarily into this agreement with the Commission.

    IV.    The pertinent facts in this matter are as follows:

        1.    Respondent is the authorized committee of Hillary Clinton's 2016 presidential campaign.

        2.    Fusion GPS is a consulting firm that provides research, strategic intelligence, and due diligence services to corporations, law firms and investors.

MUR 7291 and 7449 (Hillary for America)
Conciliation Agreement
Page 2 of 4

3. Perkins Coie is a law firm retained by Respondent during the 2016 election cycle to provide legal services, including with respect to potential litigation.

4. In 2016, Perkins Coie engaged Fusion GPS to provide research services related to Respondent and the DNC Services Corporation/Democratic National Committee ("DNC").

5. Perkins Coie paid $1,024,407.97 to Fusion GPS in 2016.

6. As stated in the Commission's Factual and Legal Analysis, between July 15, 2016 and August 26, 2016, Respondent paid $175,000 to Perkins Coie for what was alleged in the complaints to be "opposition research done by Fusion [GPS]." Respondent reported the purpose of payments to Perkins Coie as "legal services" on its disclosure reports.

7. Respondent contends that it filed the relevant reports based on its understanding that the reported purposes of the disbursements at issue were done in accordance with the law and Commission guidelines. Respondent further contends that Perkins Coie retained Fusion GPS in furtherance of its legal services provided to Respondent and the DNC and that Fusion GPS performed research at the direction of Perkins Coie into matters that would assist Perkins Coie in providing legal advice and services to the Respondent and the DNC, including in anticipation of litigation. Respondent further contends that the fact that Fusion GPS may have conducted research relating to an opposition candidate does not mean that the research was not conducted in furtherance of legal services that Perkins Coie was performing on behalf of Respondent and the DNC. Respondent also contends that the substance of the work performed by Fusion GPS is protected under the attorney-client privilege and work product doctrine.

V. The pertinent law in this matter is as follows:

MUR 7291 and 7449 (Hillary for America)
Conciliation Agreement
Page 3 of 4

1. Under the Federal Election Campaign Act of 1971, as amended (the "Act"), political committees are required to report the name and address of each person to whom they make expenditures or other disbursements aggregating more than $200 per calendar year, or per election cycle for authorized committees, as well as the date, amount, and purpose of such payments. 52 U.S.C. § 30104(b)(5), (6); 11 C.F.R. § 104.3(b)(3)(i), (ix).

2. Commission regulations define "purpose" as a brief statement or description of why the disbursement was made. The "purpose of disbursement" entry, when considered along with the identity of the disbursement recipient, must be sufficiently specific to make the purpose of the disbursement clear. *See* Statement of Policy: "Purpose of Disbursement" Entries for Filings with the Commission, 72 Fed. Reg. 887 (Jan. 9, 2007) (citing 11 C.F.R. § § 104.3(b)(3)(i)(b), (4)(i)(A)).

VI. Solely for the purpose of settling this matter expeditiously and to avoid further legal costs, Respondent does not concede, but will not further contest the Commission's finding of probable cause to believe.

VII. Respondent will take the following actions:

1. Respondent will pay a civil penalty to the Commission in the amount of eight thousand dollars ($8,000) pursuant to 52 U.S.C. § 30109(a)(5)(A).

2. Respondent agrees not to violate 52 U.S.C. § 30104(b)(5)(A) and 11 C.F.R § 104.3(b)(4)(i) in the future.

IX. The Commission, on request of anyone filing a complaint under 52 U.S.C. § 30109(a)(1) concerning the matters at issue herein or on its own motion, may review compliance with this agreement. If the Commission believes that this agreement or any

MUR 7291 and 7449 (Hillary for America)
Conciliation Agreement
Page 4 of 4

requirement thereof has been violated, it may institute a civil action for relief in the United States District Court for the District of Columbia.

X. This agreement shall become effective as of the date that all parties hereto have executed the same and the Commission has approved the entire agreement.

XI. Respondent shall have no more than 30 days from the date this agreement becomes effective to comply with and implement the requirements contained in this agreement and to so notify the Commission.

XII. This conciliation agreement constitutes the entire agreement between the parties on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by either party or by agents of either party, that is not contained within this written agreement shall be enforceable.

FOR THE COMMISSION:

Lisa J. Stevenson
Acting General Counsel

BY: Charles Kitcher
Digitally signed by Charles Kitcher
Date: 2022.02.22 12:56:56 -05'00'

Charles Kitcher
Associate General Counsel
for Enforcement

2-22-22
Date

FOR THE RESPONDENT:

Graham Wilson
Counsel for Respondent

2-16-22
Date