**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal Case No. 21-582 (CRC)** |
| | : | |
| **MICHAEL A. SUSSMANN,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OBJECTIONS TO THE DEFENDANT'S PROPOSED TRIAL**
**EXHIBITS**

The United States of America, by and through its attorney, Special Counsel John H. Durham, respectfully provides herein its Objections to the Defendant's Proposed Trial Exhibits. While the Government respectfully submits that certain objections will be most efficiently addressed at trial after the Court has ruled on the parties' motions *in limine*, the Government hereby submits the following initial objections to three categories of exhibits that the defense intends to offer at trial.

**I.   Emails Relating to the Defendant's Work on Cyber Issues for the DNC and HFA**

*First*, the defendant's Exhibit List includes more than approximately 300 email chains between and among the defendant and various FBI personnel reflecting the defendant's work relating to (i) the hack of the Democratic National Committee ("DNC"), and (ii) cybersecurity issues pertaining to the Hillary for America Campaign ("HFA").  As an initial matter, the Government is not contesting that the defendant worked for both of those entities on cybersecurity issues.  The Government also acknowledges that certain emails reflecting the defendant's work on behalf of HFA on cybersecurity matters are potentially relevant and admissible insofar as the

1

defendant might use those emails to argue that some or all of the billing entries to HFA that the Indictment alleges related to the Russian Bank-1 allegations were, in fact, related to work on other matters for HFA.   The Government respectfully submits however, that the Court should carefully analyze each email that the defendant offers at trial to ensure that it is not admitted for its truth but instead is offered for a permissible purpose, such as to prove the defendant's state of mind or the email's effect on one or more of its recipients.  Fed. R. Evid. 801(c);  *United States v. Safavian*, 435 F. Supp. 2d 36, 45–46 (D.D.C. 2006).   In addition, the defendant should not be permitted to offer *dozens* of emails to establish such basic facts because such voluminous evidence would be cumulative and unduly prejudicial.  Fed. R. Evid. 403 (permitting courts to preclude parties from "needlessly presenting cumulative evidence").

As to the dozens of communications regarding the defendant's work regarding the DNC hack, these emails are largely irrelevant.  The defendant billed his work on that matter to the *DNC*, not HFA.  The Indictment alleges specifically that the defendant billed time on the Russian Bank-1 allegations to HFA. These emails therefore do not support any inferences or arguments relating to the defendant's alleged billed time for the Russian Bank-1 allegations.   Instead, they contain extensive detail on collateral issues.  *See, e.g.,* Defense Ex. 306 (Email dated September 14, 2016 from FBI Special Agent E. Adrian Hawkins to Michael Sussmann, *et al*., stating in part, "We just got notified by some industry personnel that some previously unreleased DNC documents were uploaded to Virus Total today. In the files there was a contact list that I attached here with lots of personal emails for people. Rumor is that these files are supposed to be the network share for a guy named [named redacted] who worked IT until April 2011.")

To the extent the defendant is offering such emails in support of arguments that (i) the defendant was an accomplished cybersecurity lawyer, (ii) the defendant was known and respected at the FBI, or (iii) the defendant was concerned about, and involved in responding to, cyberattacks carried out by the Russian Federation, such arguments are peripheral to the charged offense because they do not concern the Russian Bank-1 allegations or the defendant's statements to the FBI about those allegations. The defendant's potential arguments in this regard support, at best, the admission of a limited quantity of these emails to establish basic facts about the defendant's representation of the DNC. Admitting *all* or most of these exhibits, however, would be highly cumulative and would waste the jury's time with highly-detailed evidence concerning a tangential matter (the DNC hack) that is not at issue in this trial. Accordingly, the Government respectfully submits that the Court should admit only a limited number of these emails that are not being offered for their truth.

## II. Notes of FBI and DOJ Personnel

The defense also may seek to offer (i) multiple pages of handwritten notes taken by an FBI Headquarters Special Agent concerning his work on the investigation of the Russian Bank-1 allegations, (including notes reflecting information he received from the FBI Chicago case team), and (ii) notes taken by multiple DOJ personnel at a March 6, 2017 briefing by the FBI for the then-Acting Attorney General on various Trump-related investigations, including the Russian Bank-1 allegations. *See, e.g.,* Defense Ex. 353, 370, 410. The notes of two DOJ participants at the March 6, 2017 meeting reflect the use of the word "client" in connection with the Russian Bank-1 allegations.[1] The defendant did not include reference to any of these notes – which were taken

---

[1] The notes of the March 6, 2017 briefing do not appear on the defendant's Exhibit List, but the Government understands from its recent communications with counsel that they may intend to offer the notes at trial.

nearly *six months after* the defendant's alleged false statement – in its motions *in limine*.  Moreover, the DOJ personnel who took the notes that the defendant may seek to offer were not present for the defendant's 2016 meeting with the FBI General Counsel.  And while the FBI General Counsel was present for the March 6, 2017 meeting, the Government has not located any notes that he took there.

The Government respectfully submits that the Court should require the defense to proffer a non-hearsay basis for each portion of the aforementioned notes that they intend to offer at trial.  The defendant has objected to the Government's admission of certain notes taken by FBI officials following the defendant's September 19, 2016 meeting with the FBI General Counsel, and the Government has explained in detail its bases for admitting such notes.  Accordingly, the defendant should similarly proffer a legal basis to admit the notes he seeks to offer at trial.  Fed. R. Evid. 801(c).

### III.   <u>News Articles</u>

The defendant also seeks to offer a series of news articles at trial, including but not limited to the following articles set forth on the defendant's Exhibit List:

| | | | |
|---|---|---|---|
| 5/14/2016 | | | The Wall Street Journal Article (D. Paletta): "Election 2016: Trump Goes His Own Way With Putin --- Warm words and push to improve ties with Moscow aren't shared by Obama, GOP rivals" |
| 6/14/2016 | | | The Washington Post Article (E. Nakashima): "Russian government hackers penetrated DNC, stole opposition research on Trump" |
| 7/7/2016 | | | TIME Article (E. Jordan): "Meet the Tyrant Donald Trump Loves the Most" |
| 7/16/2016 | | | The Washington Post Article (T. Hamburger et al.): "Inside Trump's financial ties to Russia and his unusual flattery of Vladimir Putin" |
| 7/18/2016 | | | New York Magazine Article (J. Chait): "Is Donald Trump Working for Russia?" |
| 7/20/2016 | | | The Washington Post Article (E. Nakashima): "Cyber researcher confirms Russian government hack of Democratic National Committee" |
| 7/26/2016 | | | New York Times Article (D. Sanger and E. Schmitt): "Spy Agency Consensus Grows That Russia Hacked D.N.C." |
| 7/26/2016 | | | Los Angeles Times Article (M. Boot): "Russia's finger on the campaign scale; DNC email hack hurts Clinton, helps Trump -- and Vladimir Putin" |
| 7/26/2016 | | | The New York Times Article (D. Sanger and E. Schmitt): "Spy Agency Consensus Grows That Russia Hacked D.N.C." |
| 7/27/2016 | | | The Washington Post Article (P. Rucker and R. Costa): "Trump invites Russia to meddle in the U.S. presidential race with Clinton's emails" |

| | | | |
|---|---|---|---|
| 7/27/2016 | | | The New York Times Article (A. Parker and J. Sanger): "Donald Trump Calls on Russia to Find Hillary Clinton's Missing Emails" |
| 7/27/2016 | | | The Christian Science Monitor Article (D. Iaconangelo): "How Russia became the wildcard in the 2016 US presidential election; 'Russia, if you're listening, I hope you're able to find the 30,000 emails that are missing,' said Republican presidential nominee Donald Trump at a press conference on Wednesday" |
| 7/28/2016 | | | The Wall Street Journal Article (B. Reinhard and D. Paletta): "Trump Urges Russia To Wade Into Race" |
| 7/29/2016 | | | The Washington Post Article (R. Helderman): "Here's what we know about Donald Trump and his ties to Russia" |
| 7/29/2016 | | | The Washington Post Article (D. Ignatius): "Russia's DNC hack: A prelude to intervention in November?" |
| 7/30/2016 | | | The Guardian Article (P. Stone et al.): "Donald Trump and Russia: a web that grows more tangled all the time" |
| 7/31/2016 | | | CNN Money Article (J. Pagliery): "Donald Trump's ties to Russia explained" |
| 8/2/2016 | | | Time Article (J. Nesbit): "Donald Trump's Many, Many, Many, Many Ties to Russia" |
| 8/2/2016 | | | Pittsburgh Post-Gazette Article (G. Will): "TRUMP AND RUSSIA; JUST HOW ENTANGLING IS THE GOP NOMINEE'S ALLIANCE WITH PUTIN?" |
| 8/14/2016 | | | New York Times Article (A. Kramer et al.): "Secret Ledger in Ukraine List Cash for Donald Trump's Campaign Chief" |
| 8/15/2016 | | | ABC News Article (M. Keneally): "Russia's Recurring Role in the 2016 Presidential Campaign" |
| 8/15/2016 | | | The Christian Science Monitor Article (J. Walker Glascock): "Donald Trump and the $12.7 million Ukraine connection; Donald Trump's campaign manager, Paul Manafort, is linked to an undisclosed $12.7 million in campaign contributions from his previous work as political consultant." |

As an initial matter, the defendant has proffered no evidentiary or factual basis to offer these various news articles – many of which far predate the defendant's meeting with the FBI General Counsel. The majority of the above articles appear to relate to (i) the DNC hack, and/or (ii) Donald Trump's purported illicit ties to Russia. News articles regarding such matters are not themselves probative of the charged conduct in any way. The Government will not dispute that the DNC was a victim of the aforementioned hack, nor will it dispute that the defendant carried out significant legal work in relation to the hack. The Government similarly will not seek to prove one way or the other whether Donald Trump maintained ties – illicit, unlawful, or otherwise – to Russia, other than to establish facts relating to the FBI's investigation of the Russian Bank-1 allegations. Permitting the defense

6

to admit the above-listed series of news articles would amount to the ultimate "mini-trial" – of the very sort that will distract and confuse the jury without offering probative evidence. *United States v. Ring,* 706 F.3d 460, 472 (D.C.Cir.2013) ("Unfair prejudice within its context means an undue tendency to suggest [making a] decision on an improper basis, commonly, though not necessarily, an emotional one."); *see also Carter v. Hewitt,* 617 F.2d 961, 972 (3d Cir.1980) (explaining that evidence is unfairly prejudicial "if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case.") (citations omitted).  Accordingly, this Court should exclude the above-referenced news articles.

## **CONCLUSION**

For the foregoing reasons, the Court should sustain the above-described objections to the defendant's proposed trial exhibits.

Respectfully submitted,

JOHN H. DURHAM
Special Counsel

By:

 /S/ _____
Jonathan E. Algor
Assistant Special Counsel
jonathan.algor@usdoj.gov

Andrew J. DeFilippis
Assistant Special Counsel
andrew.defilippis@usdoj.gov

Michael T. Keilty
Assistant Special Counsel
michael.keilty@usdoj.gov

Brittain Shaw
Assistant Special Counsel
brittain.shaw@usdoj.gov