**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**UNITED STATES OF AMERICA,**

*v.*

**MICHAEL A. SUSSMANN,**

*Defendant.*

Case No. 1:21-cr-00582 (CRC)

---

**JOINT PROPOSED JURY INSTRUCTIONS**

As directed by the Court's December 14, 2021 Pre-Trial Order, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully propose the following preliminary and final instructions for the Court's charge to the jury and the attached verdict form.  In addition, the parties request leave to offer such other and additional instructions as may become appropriate during the course of the trial.[1]

**I.       PROPOSED PRELIMINARY JURY INSTRUCTIONS**

The  parties request that the Court include in its charge to the jury the following instructions from the latest edition of the Criminal Jury Instructions for the District of Columbia (the "Red Book"):

1.   Instruction 1.102, Preliminary Instruction Before Trial

   o   **[Mr. Sussmann proposes the Special Counsel's Office be referred to as "the Special Counsel," not "the government."  Mr. Sussmann therefore requests that the Court change all references in all jury instructions from "the**

---

[1] Instances where the parties disagree regarding specific instructions or language within specific instructions are indicated in **bold, brackets, and/or underline**.  Jointly proposed substantive instructions are labeled as "Joint Proposed Instructions."  Substantive instructions proposed by only the Special Counsel are labeled as "Government's Proposed Instructions."  Substantive instructions proposed by only Mr. Sussmann are labeled as "Mr. Sussmann's Proposed Instructions."

government" to "the Special Counsel."  The Special Counsel believes it should be referred to as the government throughout.  For ease of review, Mr. Sussmann has not repeated his proposal in every instruction.]

o  [Where noted in the pattern instruction, the Special Counsel proposes reading or summarizing the Indictment.  If summarizing, the Special Counsel proposes the following: "The Indictment in this case alleges that, on or about September 19, 2016, Mr. Sussmann, did willfully and knowingly make a materially false, fictitious, and fraudulent statement or representation in a matter before the Federal Bureau of Investigation ("FBI"), in violation of 18 U.S.C. § 1001(a)(2), namely, that Mr. Sussmann stated to the General Counsel of the FBI that he was not acting on behalf of any client in conveying particular allegations."

   Mr. Sussmann proposes summarizing, rather than reading, the Indictment and adding the following clause to the summary, as indicated with underlining:  ". . . on behalf of any client in conveying particular allegations <u>concerning Donald Trump, when, in fact, he was acting on behalf of specific clients, namely, Rodney Joffe and the Clinton Campaign.</u>"]

o  [The parties agree to include the following optional paragraph where noted in the pattern instruction:  "At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense with which he has been charged.  To prove that offense, the government must prove beyond a reasonable doubt each of the elements of the charged offense.  The charged offense in this case is as follows: Count One charges a violation of Title 18 U.S.C. § 1001(a)(2), which makes it unlawful for a person to willfully and knowingly make a materially false, fictitious or fraudulent statement or representation in a matter before the jurisdiction of the executive branch of the Government of the United States, as charged in this case that executive branch agency is the Federal Bureau of Investigation.  I will give you detailed instructions at the conclusion of the trial as to what the offense charged in this case requires the government to prove beyond a reasonable doubt."]

o  [The Special Counsel proposes the following revision to the pattern instruction, as indicated with underlining:  "As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant."  When I mention the "government," I am referring to <u>Assistant Special Counsel Ms. Shaw and Messrs. DeFilippis, Keilty, and Algor.</u>  When I mention the defendant or the defense, I am referring either to the defendant Mr. Sussmann or to his attorneys <u>Messrs. Berkowitz and Bosworth and Ms. Rao and Ms. Yao</u>."

   Mr. Sussmann instead proposes the following, as indicated with underlining: "As I explain how the trial will proceed, I will refer to the <u>"Special Counsel"</u> or "government" and to the "defense" or the "defendant."  When I mention the "<u>Special Counsel,</u>" I am referring to <u>Special Counsel John Durham and</u>

1 of 21

**his team, Assistant Special Counsel Ms. Shaw and Messrs. DeFilippis, Keilty, and Algor.  A Special Counsel is a lawyer appointed to investigate, and potentially prosecute, a particular case of suspected wrongdoing for which a conflict of interest exists for the usual prosecuting authority.  When I mention the defendant or the defense, I am referring either to the defendant Mr. Sussmann or to his attorneys Messrs. Berkowitz and Bosworth and Ms. Rao and Ms. Yao.**"]

- o  **[The parties agree to include the following optional paragraph where noted in the pattern instruction: In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.]**

2. Instruction 1.105, Notetaking by Jurors

3. Instruction 1.107, Preliminary Instruction to Jury Where Identity of Alternates is Not Disclosed

4. Instruction 1.108, A Juror's Recognition Of A Witness Or Other Party Connected To The Case

## II.     PROPOSED FINAL JURY INSTRUCTIONS – PATTERN INSTRUCTIONS

The parties jointly propose, except as indicated or modified, the following final jury instructions from the Redbook:

1. Instruction 2.100, Furnishing the Jury with a Copy of the Instructions

2. Instruction 2.101, Function of the Court

3. Instruction 2.102, Function of the Jury **[Mr. Sussmann proposes modifying Instruction 2.102 to say: ". . . All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, income level, <u>or political leanings</u>. . . .".  The government requests that Instruction 2.102 be read as set forth in the Redbook.]**

4. Instruction 2.103, Jury's Recollection Controls

5. Instruction 2.104, Evidence in the Case

6. Instruction 2.105, Statements of Counsel

7. Instruction 2.106, Indictment Not Evidence

8. Instruction 2.107, Burden of Proof

9. Instruction 2.108, Reasonable Doubt

10. Instruction 2.109, Direct and Circumstantial Evidence

11. Instruction 2.110, Nature of Charge Not to be Considered

12. Instruction 2.111, Number of Witnesses

13. Instruction 2.112, Inadmissible and Stricken Evidence

14. Instruction 2.216, Evaluation of Prior Inconsistent Statement of a Witness

15. Instruction 2.200, Credibility of Witnesses

16. Instruction 2.204, Testimony of Immunized Witness

17. Instruction 2.207, Police Officer's Testimony **[The parties propose modifying Instruction 2.207 to say: "Instruction 2.107, <u>Testimony by Law Enforcement Officers:</u> A <u>law enforcement</u> officer's testimony should be evaluated by you just as any other evidence in the case.  In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give**

either greater or lesser weight to the testimony of any witness merely because he or she is a <u>law enforcement</u> officer."]

18. Instruction 2.208, Right of Defendant Not to Testify [*if Mr. Sussmann chooses not to testify*] or Instruction 2.209, Defendant as Witness [*if Mr. Sussmann chooses to testify*] **[In lieu of Instruction 2.209 and in the event Mr. Sussmann chooses to testify, Mr. Sussmann proposes the following:  "In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, the defendant decided to testify.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case."[2]  The government requests that Instruction 2.209 be read as set forth in the Redbook.]**

19. Instruction 2.215, Specialized Opinion Testimony

20. Instruction 2.216, Evaluation of Prior Inconsistent Statement of a Witness

21. Instruction 2.500, Redacted Exhibits

22. Instruction 2.405, Unanimity—General

23. Instruction 2.407, Verdict Form Explanation

24. Instruction 2.501, Exhibits During Deliberations

25. Instruction 2.502, Selection of Foreperson

26. Instruction 2.508, Cautionary Instruction on Publicity, Communication and Research

27. Instruction 2.509, Communications Between Court and Jury During Jury's Deliberations

28. Instruction 2.510, Attitude and Conduct of Jurors in Deliberations

29. Instruction 2.511, Excusing Alternate Jurors

30. Instruction 3.101, Proof of State of Mind

---

[2] **Authority:**  1 Modern Federal Jury Instructions-Criminal ¶ 7.01, Instruction 7-4; "Defendant's Interest If Defendant Testifies"

III.     **PROPOSED FINAL JURY INSTRUCTIONS –**
         **SUBSTANTIVE INSTRUCTIONS 18 U.S.C. § 1001(A)(2)**

The parties jointly propose, except as indicated or modified, the following substantive final jury instructions:

### Government's Requested Instruction No. 1
### <u>The Purpose of the Statute</u>

The purpose of § 1001 is to protect the authorized functions of the various governmental departments from any type of misleading or deceptive practice and from the adverse consequences that might result from such deceptive practices.

To establish a violation of § 1001, it is necessary for the government to prove certain essential elements – which I will soon describe for you – beyond a reasonable doubt.  However, I want to point out now that it is not necessary for the government to prove that the Federal Bureau of Investigation was, in fact, misled as a result of the defendant's actions.  It does not matter whether the FBI was in fact misled, or even whether it knew of the misleading or deceptive act, should you find that the act occurred.  These circumstances would not excuse or justify a concealment undertaken, or a false, fictitious or fraudulent statement made, or a false writing or document submitted, willfully and knowingly about a matter within the jurisdiction of the government of the United States.[3]

**Mr. Sussmann objects to the inclusion of this instruction.  The elements speak for themselves and there is no basis for including an instruction about the purpose of the statute, particularly one written in a way that emphasizes language about materiality that is only favorable to the Special Counsel.**

---

[3] **Authority:** 2 Modern Federal Jury Instructions – Criminal ¶ 36.01, Instruction 36-2, "The Purpose of the Statute."

## Joint Requested Instruction No. 2

### Allegations

The Indictment alleges that Michael Sussmann made one false statement to the Federal Bureau of Investigation ("FBI") in violation of 18 U.S.C. § 1001(a)(2).

Specifically, the Indictment alleges that, on or about September 19, 2016, Mr. Sussmann, did willfully and knowingly make a materially false, fictitious, and fraudulent statement or representation in a matter before the FBI, in violation of 18 U.S.C. § 1001(a)(2), namely, that Mr. Sussmann stated to the General Counsel of the FBI that he was not acting on behalf of any client in conveying particular allegations.[4]

**Mr. Sussmann proposes modifying the last sentence as follows, as indicated by underlining:  Specifically, the Indictment alleges that, on or about September 19, 2016, Mr. Sussmann, did willfully and knowingly make a materially false, fictitious, and fraudulent statement or representation in a matter before the FBI, in violation of 18 U.S.C. § 1001(a)(2), namely, that Mr. Sussmann stated to the General Counsel of the FBI that he was not acting on behalf of any client in conveying particular allegations <u>concerning Donald Trump, when, in fact, he was acting on behalf of specific clients, namely, Rodney Joffe and the Clinton Campaign</u>.[5]  The government objects to the defense's proposed modification since it will lead to confusion regarding charging in the conjunctive but only needing to prove in the disjunctive.**

---

[4] **Authority**: Indictment.

[5] **Authority**: Indictment.

**Joint Requested Instruction No. 3**

**<u>Elements of the Offense</u>**

In order to prove the defendant guilty of the crime charged, the government must prove beyond a reasonable doubt:

First, on or about September 19, 2016, the defendant made a statement or representation;

Second, the statement or representation was false, fictitious or fraudulent;

Third, that this statement or representation was material;

Fourth, the false, fictitious or fraudulent statement was made knowingly and willfully; and

Fifth, the statement or representation was made in a matter within the jurisdiction of the executive branch of the government of the United States.[6]

---

[6] **Authority**: 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-9; "Elements of the Offense."

**Joint Requested Instruction No. 4**

**First Element: Statement or Representation**

The first element that the government must prove beyond a reasonable doubt is that the

defendant made a statement or representation.[7]

---

[7] **Authority:** 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-10, "False Statements,"
"Statement or Representation."

**Joint Requested Instruction No. 5**

**<u>Second Element: False, Fictitious, or Fraudulent Statement</u>**

The second element that the government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious or fraudulent.  A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.  A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the FBI.[8]

---

[8] **Authority:** 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-12, "False Statements," "False, Fictitious or Fraudulent Statement."

**Government's Requested Instruction No. 6**
**Third Element: Materiality**

The third element the government must prove beyond a reasonable doubt is that the defendant's statement or representation was material.

A fact is material if it had a natural tendency to influence, or was capable of influencing, either a decision or other function of the FBI.  In other words, a statement is material if it was capable of influencing the FBI.  However, proof of actual reliance on the statement by the government is not required.  Accordingly, the government is not required to prove that the statement actually influenced a decision or other function of the FBI.[9]

---

[9] **Authority:** 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-11, "False Statements," "Materiality," as modified based on *United States v. Verrusio*, 762 F.3d 1, 20 (D.C. Cir. 2014); *United States v. Safavian*, 649 F.3d 688, 691-92 (D.C. Cir. 2011); *United States v. Moore*, 612 F.3d 698, 701 (D.C. Cir. 2010).

**Mr. Sussmann's Requested Instruction No. 6**

**Third Element: Materiality**

The third element the government must prove beyond a reasonable doubt is that Mr. Sussmann's statement or representation was material.

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, a discrete decision of the decision-making body to which it is addressed.[10]

Here, the alleged statement was made before the FBI began investigating the Alfa Bank allegations. Therefore, to be "material" the statement must be capable of influencing the FBI's decision whether to initiate an investigation.[11]

---

[10] **Authority** 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-11, "Second Element—Materiality"; *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (to be material a "statement must have 'a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988))); *United States v. Stadd*, 636 F.3d 630, 638 (D.C. Cir. 2011) ("The jury charge correctly used" the "accepted definition of materiality" where "the jury instruction read: 'A statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed."); *United States ex rel. Morsell v. Symantec Corp.*, 130 F. Supp. 3d 106, 123 n.16 (D.D.C. 2015) ("'a statement is material if it has a natural tendency to influence, or is capable of influencing' an agency's action" (quoting *United States v. Moore*, 612 F.3d 698, 701 (D.C. Cir. 2010))).

The defense recognizes that the Court did not accept this approach in its Opinion and Order denying Mr. Sussmann's Motion to Dismiss. ECF No. 67 at 2. The defense continues to believe in the propriety of its previously suggested approach, *see* ECF No. 39 at 5-8, and proposes this instruction to preserve the issue for appeal. To the extent the Court adheres to its previous decision, the defense alternatively requests the following instruction: "A statement is 'material' if it has a natural tendency to influence, or is capable of influencing, either a discrete decision or any other function of the government agency to which it is addressed."

[11] **Authority:** *United States v. Hansen*, 772 F.2d 940, 949-950 (D.C. Cir. 1985) (holding that because defendant's omissions "tended to conceal information that would have prompted investigation or action," they met the test of materiality, i.e., "whether the statement 'has a natural tendency to influence, or was capable of influencing, the decision of the tribunal in making a [particular] determination'" (citation omitted)); *United States v. Carrasquillo*, 239 F. App'x 634, 635 (2d Cir. 2007) (Although the government was "not actively investigating whether defendant owned an unauthorized firearm," defendant's false "statement that he had never owned an off-duty firearm was clearly material . . . as it went to the heart of whether [the defendant] had the means of engaging in . . . possibly unprofessional conduct," for which the government "had the authority

To be "material," a statement must be reasonably likely to influence the agency's decision. That is, the statement must have a sufficient nexus or close connection to the decision required to be made. A statement is "material" only if it relates to an important fact. By contrast a statement is not material if it relates to an ancillary, non-determinative fact or unimportant detail.[12] A statement may be relevant but not material.[13]

**The government objects to the defense's proposed instruction in that it is confusing in parts and, respectfully, misstates the law in certain respects.**

---

to investigate" and which the government then investigated. (emphasis added)). The defense recognizes that this Court articulated a somewhat different standard in its Opinion and Order denying Mr. Sussmann's Motion to Dismiss. ECF No. 67 at 3. The defense adheres to its previous articulation, *see* ECF No. 39 at 11-13, and proposes this instruction to preserve the issue for appeal. To the extent the Court adheres to its view that materiality extends to both the "commencement or *the later conduct* of the FBI's investigation," ECF No. 67 at 3 (emphasis added), the defense alternatively requests the following instruction: "Here, to be 'material,' the statement therefore must have been capable of influencing a discrete decision or function of the FBI."

[12] **Authority:** Op. and Order, ECF No. 67 at 5 (viewing as "correct that certain statements might be so peripheral or unimportant to a relevant agency decision or function to be immaterial under § 1001 as matter of law"); *United States v. White*, 765 F.2d 1469, 1472 (11th Cir. 1985) (materiality standard ensures "trivial falsifications" are not prosecuted); *Weinstock v. United States*, 231 F.2d 699, 701 (D.C. Cir. 1956) ("To be 'material' means to have probative weight, i.e., reasonably likely to influence the tribunal in making a determination required to be made."); *United States v. Steele*, 933 F.2d 1313, 1315 (1991) (materiality serves "to exclude trivial falsehoods from the purview of the statute"); *United States v. Naserkhaki,* 722 F. Supp. 242, 248 (E.D. Va. 1989) (explaining that "[w]here, as here, a misstatement relates to an ancillary, non-determinative fact, it is not material and cannot support a conviction under Section 1001"); *United States v. Facchini*, 874 F.2d 638, 643 (9th Cir. 1989) (noting that a "false statement must . . . be capable of having some non-trivial effect on a federal agency"); *see generally United States v. Neder*, 527 U.S. 1, 20-23 & n.5 (1999) (defining a "matter" as "material" if "a reasonable man would attach importance to its existence or nonexistence in determining his choice of action'" (quoting Restatement (Second) of Torts § 538 (1977))).

[13] **Authority:** *Weinstock v. United States*, 231 F.2d 699, 701 (D.C. Cir. 1956) ("'Material' when used in respect to evidence is often confused with 'relevant', but the two terms have wholly different meanings. To be 'relevant' means to relate to the issue. To be 'material' means to have probative weight, i.e., reasonably likely to influence the tribunal in making a determination required to be made. A statement may be relevant but not material."); *United States v. Johnson*, 19 F.4th 248, 257, 59 (3d Cir. 2021) (same).

**Joint Requested Instruction No. 7**

**Fourth Element: Knowing and Willful Conduct**

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

An act is done willfully if it is done with an intention to do something the law forbids, that is, with a bad purpose to disobey the law.[14]

**Mr. Sussmann additionally proposes the following instruction: "The defendant's conduct is not willful if it was the result of a good faith understanding that he was acting within the requirements of the law."[15]   The government objects to the inclusion of this language.**

---

[14] **Authority**: 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-13, "False Statements," "Knowing and Willful Conduct."

[15] **Authority:** *United States v. Doyle*, 130 F.3d 523, 540 (2d Cir. 1997).

14

**Joint Requested Instruction No. 8**

**Fifth Element:  Matter Within the Jurisdiction of the United States Government**

As I have told you, the fifth element with respect to each count is that the statement or representation be made with regard to a matter within the jurisdiction of the executive branch of the government of the United States.  I charge you that the FBI is a part of the executive branch of the United States.

To be within the jurisdiction of the executive branch of the government of the United States means that the statement must concern an authorized function of that branch.[16]

---

[16] **Authority:** 2 Modern Federal Jury Instructions ¶ 36.01, Instruction 36-14, "False Statements," "Matter Within the Jurisdiction of the United States Government."

**Mr. Sussmann's Requested Instruction No. 9**

**Good Faith**

Good faith is a complete defense to the charge in this case.  A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime.  This is so even if the statement is, in fact, erroneous.[17]

In other words, a person who acts on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an error in management does not rise to the level of knowledge and willfulness required by the statute.

This law is intended to subject to criminal punishment only those people who knowingly and willfully attempt to deceive.  While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to comply with known legal duties.

In determining whether or not the government has proven that the defendant acted knowingly and willfully in making a false, fictitious or fraudulent statement, the jury must consider all of the evidence in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case.  It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted knowingly and willfully to make false, fictitious or fraudulent statements.

---

[17] **Authority:** 1 Modern Federal Jury Instructions-Criminal ¶ 8.01, Instruction 8-1; "Good Faith."

If the evidence in the case leaves the jury with a reasonable doubt as to whether the defendant acted in good faith, the jury must acquit him.[18]

**The government objects to the defendant's requested instruction as proposed.**

---

[18] **Authority:** 2A Fed. Jury Prac. & Instr. § 40:16 (6th ed.).

**Mr. Sussmann's Requested Instruction No. 10**

**<u>Theory of the Defense</u>**

Michael Sussmann denies the charge against him and maintains his innocence.   He contends that the government has failed to prove beyond a reasonable doubt: (1) what Mr. Sussmann actually said to Mr. Baker; (2) that the statement was false; (3) that Mr. Sussmann intended to say something false; and (4) that the statement was material.[19]

**The government objects to the inclusion of this instruction.**

---

[19] **Authority:** Redbook, Instruction 9.100 ("A defendant is generally entitled to an instruction on his theory of the case.").   Mr. Sussmann reserves the right to modify this proposed instruction based on the evidence introduced at trial.

**Joint Requested Instruction No. 11**

**<u>Punishment</u>**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively upon the Court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.[20]

---

[20] **Authority:** 2 Modern Federal Jury Instructions – Criminal ¶ 9.01, Instruction 9-1, "Punishment."

**Joint Requested Instruction No. 12 [*if applicable*]**

**Charts and Summaries (Admitted as Evidence)**

The government (or defense) has presented exhibits in the form of charts and summaries.

I decided to admit these charts and summaries in place of the underlying documents that they

represent in order to save time and avoid unnecessary inconvenience.  You should consider these

charts and summaries as you would other evidence.

WHEREFORE, the parties submit the foregoing proposed Jury Instructions and Verdict Form.

Respectfully submitted,

JOHN H. DURHAM
Special Counsel

By:
 */s/ Brittain Shaw*
Jonathan E. Algor
Assistant Special Counsel
jonathan.algor@usdoj.gov

Andrew J. DeFilippis
Assistant Special Counsel
andrew.defilippis@usdoj.gov

Michael T. Keilty
Assistant Special Counsel
michael.keilty@usdoj.gov

Brittain Shaw
Assistant Special Counsel
brittain.shaw@usdoj.gov

MICHAEL A. SUSSMANN

By:
 */s/ Sean M. Berkowitz*
Sean M. Berkowitz (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Email: sean.berkowitz@lw.com

Michael Bosworth (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: michael.bosworth@lw.com

Natalie Hardwick Rao (D.C. Bar # 1009542)
Catherine J. Yao (D.C. Bar # 1049138)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax:  (202) 637-2201
Email: natalie.rao@lw.com
Email: catherine.yao@lw.com