UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL A. SUSSMANN,<br><br>Defendant. | Case No. 21-cr-582 (CRC) |

## ORDER

To ensure that the proceedings in this matter are conducted in a fair and orderly manner, it is hereby **ORDERED** that the following rules shall govern these proceedings:

(1) Trial of this matter will begin at 9:00 a.m. in Courtroom 27A unless otherwise instructed by this Court.

(2) There will not be a public telephone line for listening to the proceedings.

(3) All persons in any public area of the courthouse must wear a mask that covers the nose and mouth.  Public areas include public elevators, public corridors, public restrooms, the atrium, and the cafeteria.  Masks must be worn at all times in the courtroom, overflow courtroom, and Media Room, except by witnesses and attorneys addressing the Court.

(4) Consistent with the Media Policy of the U.S. District Court for the District of Columbia, the use of electronic devices to take photographs, make audio or video recordings, or transmit live audio or video streaming in the Courthouse is prohibited at all times.

(5) Courtroom 27A Seating

   a. Unless otherwise directed by courthouse staff, members of the public and the press may sit in the third and fourth rows in the gallery on the right side of the courtroom facing the bench; government and court personnel may sit in the third and fourth rows on the left side of the courtroom facing the bench.  The second row of seating on the right side will be reserved for the defense.

   b. Seating for the press and the general public at the beginning of the trial day and after each recess will be on a first-come, first-served basis until all seating capacity is filled.  Courthouse staff will be present to direct people to seats. The Court will observe approximately three feet of social distancing in the gallery.

    c. Other than items authorized by this Court, cameras, tape recording devices, laptops, or other electronic equipment is not allowed in the courtroom. Cellular telephones are allowed in the courtroom, provided that the device is turned off or put in airplane mode (not set to "vibrate" mode) during the proceedings.  **Photographing, video and audio recording, or transmission of court proceedings is strictly prohibited**. No person may tweet, blog, or otherwise make use of an electronic device within the courtroom.

    d. No conversations, inappropriate gestures, or activities that would disrupt the proceedings are permitted.

(6) Remote viewing

    a. To the extent available, there will be an overflow courtroom for video and audio transmission of proceedings. The location of the overflow courtroom will be posted daily outside Courtroom 27A. The same rules regarding electronic devices in Courtroom 27A apply to the overflow courtroom. Exhibits admitted into evidence and published to the jury will not be displayed in the overflow courtroom due to the technical inability to do so.

    b. The First Floor Media Room (Prettyman Courthouse – Room 1206) will be an additional remote location for video and audio transmission of proceedings. Exhibits admitted into evidence will be displayed in this room. No cameras, cellular telephones, or tape-recording devices may be used in this room. Members of the media may use laptops and tablets in this room for notetaking, live written reporting, blogging, and tweeting, but video and audio recording or transmission of court proceedings are strictly prohibited. Any violation of this policy may result in the banning of all laptops and tablets from the Media Room, the closing of the Media Room, the imposition of contempt sanctions against the violator individually, and, if attending in the capacity of an employee or agent, against the employer or principal. In addition, members of the media who violate this policy will be prohibited from entering the courthouse and annex with electronic devices in the future.

(7) Members of the public or press who wish to view the proceedings from Courtroom 27A, the overflow courtroom, or the Media Room must comply with any requests made by any Court Security Officer, United States Marshal, or court staff. Members of the press must display credentials if requested by court staff or the U.S. Marshal's Service.

(8) The original exhibits admitted in evidence and published to the jury will not be available to the public for copying or inspection during trial. The admitting party shall make available to the media at the end of the trial day a copy of any admitted exhibit that has been published to the jury and not restricted by the Court for dissemination. The government may make exhibits available using the "drop box" technical solution described in Standing Order 21-28, In re: Media Access to Video Exhibits.

(9) Juror Contact and Security

    a. Any attempt to contact or interact with jurors, to obtain the location of their job sites, or to otherwise ascertain their identities in any way is strictly prohibited.

    b. In accordance with Local Criminal Rule 24.2, conversations, interviews, and written communication with jurors or prospective jurors is prohibited.  This includes communication with (1) prospective jurors before completion of voir dire, and (2) selected jurors, including alternate jurors, before the Court has discharged the members of the jury at the conclusion of their jury service.

    c. After the Court has discharged the jury for the final time, any juror may consent to speak with whomever they please concerning the case; however no juror is obligated to do so and there must not be further attempts to talk to a juror who has indicated a desire not to discuss the case.

(10) Interviews of trial participants or press conferences may not be conducted inside the Courthouse.  Members of the media, including camera crews, must not block or crowd entrances to the courthouse or annex as people are attempting to enter or exit, or in any other manner impede passage by any person who has business with the Courts.

**Any violation of any portion of this order may result in the imposition of contempt sanctions against the violator individually, and, if attending in the capacity of an employee or agent, against the violator's employer or principal.**

**SO ORDERED**.

                                                         CHRISTOPHER R. COOPER
                                                         United States District Judge

Date:  May 12, 2022