## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 21-582 (CRC)** |
| **MICHAEL A. SUSSMANN,** | |
| **Defendant.** | |

## DECLARATION OF CHAD R. BOWMAN IN SUPPORT OF
## NON-PARTY ERIC LICHTBLAU'S MOTION FOR PROTECTIVE ORDER

I, Chad R. Bowman, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a partner in the Washington, D.C. office of Ballard Spahr LLP.  I am
admitted to practice in this Court.  I am one of the attorneys representing Eric Lichtblau, who
during the time relevant to this case was employed as a reporter for *The New York Times*.
I submit this declaration to put before the Court certain information and documents relevant to
Mr. Lichtblau's Motion for Protective Order ("the Motion").  I have personal knowledge of the
facts set forth herein and would be competent to testify to them.

2.      Mr. Lichtblau was employed as a reporter in the Washington, D.C. bureau of *The
New York Times* from 2002 until 2017, covering beats that included the Justice Department,
terrorism, law enforcement, and lobbying.  He and a colleague at the newspaper won a Pulitzer
Prize for National Reporting in 2006 for their coverage of a warrantless wiretapping program by
the National Security Agency approved by President George W. Bush.  He was also part of a
team that won a Pulitzer Prize in 2018 for reporting on Donald Trump's advisers and their
connections to Russia.  He has authored three books and, in addition to *The New York Times*, has

reported for *The Los Angeles Times*, *Time* magazine, *The New Yorker*, CNN, and other media organizations.

3.      While working as a reporter for *The New York Times* in 2016, Mr. Lichtblau investigated information showing that logs of computer "look-up" messages showed a pattern of connections between a Trump Organization computer server and a large Russian bank with longstanding ties to Russia's president.  Some of that reporting appeared in an October 31, 2016 article in *The New York Times*, "Investigating Donald Trump, F.B.I. Sees No Clear Link to Russia," under the byline of Mr. Lichtblau and a colleague.

4.      The Defendant in this case, Michael A. Sussmann, was a confidential source for this reporting.  Through counsel, Defendant has released Mr. Lichtblau from his confidentiality agreement regarding their communications.

5.      On April 5, 2022, counsel for Mr. Sussmann served a trial subpoena on Mr. Lichtblau, a true and correct copy of which is attached as <u>Exhibit A</u>.  I promptly began conferring with counsel for Mr. Sussmann about the expected scope of examination. Specifically, I explained that questioning a national news reporter might implicate other, still-confidential news sources and unpublished journalistic work product.  During the discussion, counsel for Mr. Sussmann confirmed their client's waiver of confidential source status.  They also agreed to limit the scope of questioning to direct communications between Mr. Sussmann and Mr. Lichtblau—*i.e.*, information subject to the waiver—that might conceivably be relevant to the dispositive legal issue in this prosecution: Whether Mr. Sussmann made a materially false statement to the FBI during a September 19, 2016 meeting.

2

6.      On April 21, 2022, counsel for non-party Rodney Joffee, who attended one or more meetings between Mr. Sussmann and Mr. Lichtblau, confirmed by phone to me that Mr. Joffee had likewise waived confidentiality with respect to those discussions.

7.      On April 21, 2022, I spoke by telephone with Andrew DeFilippis in the Special Counsel's Office, as well as several of his colleagues.  I asked whether the prosecution similarly would be willing to limit examination to direct communications between Mr. Sussmann and Mr. Lichtblau, a journalist, particularly given the Department of Justice's new policy restricting the use of compulsory process to obtain information from reporters, as memorialized in the Office of the Attorney General's July 21, 2021 Memorandum, a true and correct copy of which is attached as Exhibit B and which also is available online at https://www.justice.gov/ag/page/file/1413001/download.  Mr. DeFilippis stated that the prosecution needed time to consider the request.

8.      On May 2, 2022, during a follow-up telephone call, Mr. DeFilippis stated that the prosecution was unable to give "any assurance" that their cross-examination questioning of Mr. Lichtblau would be confined to his discussions with Mr. Sussmann.  In particular, Mr. DeFilippis stated that certain of Mr. Lichtblau's email communications with third parties were within the prosecution's possession, and that the prosecution might want to examine Mr. Lichtblau about other, unknown aspects of his reporting.  He also indicated a view that any reporter's privilege would be pierced by a trial subpoena.

9.      Mr. Lichtblau has filed a Motion for Protective Order to bring the issue of the proper scope of his testimony, and the application of the reporter's privilege here, to the Court's attention in advance of Mr. Lichtblau's being called to the stand.

3

10.     Mr. DeFilippis has confirmed that the prosecution <u>opposes</u> the Motion.  Counsel for Mr. Sussmann have stated that he <u>does not oppose</u> the Motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 11th day of May 2022.

*/s/ Chad R. Bowman*
Chad R. Bowman
