**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | |
| **MICHAEL A. SUSSMANN,** | Case No. 21-cr-582 (CRC) |
| Defendant. | |

**OPINION AND ORDER**

The parties have each lodged various objections to the other side's exhibit list.  The Court

addressed some of these objections on the record at the pretrial conference on May 9, 2022, and

reserved ruling on certain issues until trial.  In this Order, the Court will address a particular set

of exhibits the defense seeks to offer: two sets of handwritten notes taken by DOJ personnel at a

March 6, 2017 meeting.  As it did in its Order on the parties' motions *in limine* addressing notes

the Special Counsel wishes to offer, the Court will lay out the steps needed to admit the notes,

but will reserve judgment on whether proper foundation has been laid until trial.

The parties' exhibit objections and responses indicate that the defense will seek to

introduce certain handwritten notes taken by DOJ personnel at a March 6, 2017 meeting at FBI

headquarters.  Notice of Gov't Objections at 2, ECF No. 119.  The notes suggest the meeting was

a briefing for then-Acting Attorney General Dana Boente on the FBI's various ongoing Russia-

related investigations.  Def's Resp. re: Gov't Objections at 4, ECF No. 123.   Meeting attendees

from the DOJ included Boente, Mary McCord, Tashina Gauhar, and Scott Schools.  Id.

Attendees from the FBI included Andrew McCabe (then-Deputy Director of the FBI) and then-

FBI General Counsel James Baker, along with Trisha Anderson and William Priestap.  Id.  The

notes taken by Ms. McCord and Ms. Gauhar suggest that Mr. McCabe advised the group that the

Alfa Bank allegations were shared with the FBI by an "attorney . . . on behalf of his client," or by

an attorney who had a client, but "d[id]/n[ot] say who [the] client was." See id., Exhibits A-B,

ECF Nos. 123-1, 123-2.

I.     **Analysis**

As with Ms. Anderson and Mr. Priestap's notes (which the Court addressed in a prior

Order, ECF No. 95), these notes present a hearsay problem on two levels: first, as to Mr.

McCabe's statement at the meeting and second, as to the notetakers' memorialization of that

statement in writing. Accordingly, the defense must proffer either a non-hearsay rationale or a

hearsay exception for each level of hearsay contained in the notes. Fed. R. Evid. 805; see also

Barry v. Trustees of Int'l Ass'n Full-Time Salaried Officers & Emps., 467 F. Supp. 2d 91, 102

(D.D.C. 2006) ("Statements made by third persons that are recorded . . . are hearsay within

hearsay. As such, they are inadmissible unless they qualify for their own exclusion from the

hearsay rule.") (citation omitted).

Starting with Mr. McCabe's statement, the defense submits that it does not intend to offer

the statement for its truth (i.e., that Mr. Sussmann in fact brought the Alfa Bank allegations to

Mr. Baker on behalf of a client). Instead, the defense intends to offer the statement as evidence

of the state of mind of the attendees at the meeting—most notably Mr. Baker—as well as the

FBI's knowledge of the origins of the Alfa Bank allegations. Def's Resp. at 8. The defense also

seeks to use the statement to impeach Mr. Baker by pointing out that, if Mr. Baker had disagreed

with Mr. McCabe on this point—i.e., if Mr. Sussmann had actually told him he was *not* at the

September 2016 meeting on behalf of any client, as the Indictment alleges—Baker "presumably

. . . would have made that known" at the meeting. Id. at 9–10.

If offered for the purpose the defense describes, Mr. McCabe's statement would not be

evidence of the truth of the matter asserted. See United States v. Day, 591 F.2d 861, 886 (D.C.

Cir. 1978) ("The mere fact that a statement was made is not the same as offering the statement for the truth of the matter contained therein."); see also United States v. Thompson, 279 F.3d 1043, 1047 (D.C. Cir. 2002) ("An out-of-court statement that is offered to show its effect on the hearer's state of mind is not hearsay."). Accordingly, Mr. McCabe's statement is not hearsay and the defense would be permitted to introduce it at trial, subject to an appropriate limiting instruction, and provided it had a percipient witness who could testify to the statement. However, Mr. McCabe is not on either party's witness list, and, apparently, neither of the notetakers (who are expected to testify) clearly remember him making the statement at the meeting.

That brings the Court to the second level of hearsay—whether the statement can be admitted through the notes, which are themselves out-of-court statements. The defense anticipates that the notetakers' testimony will lay the foundation for admission of the notes as past recorded recollections under Federal Rule of Evidence 803(5). Namely, the defense expects the notetakers will not be able to independently recall what was said at the meeting, but will be able to testify that the notes were made or adopted when the matter was fresh in their memory, and that the notes accurately reflect their knowledge. As with the notes the Special Counsel wishes to admit, if the witnesses' testimony lays the proper foundation, the notes may be read into evidence as a past recorded recollection under Rule 803(5).

The defense also argues the notetakers' testimony will lay the foundation for admitting the notes themselves as present sense impressions under Federal Rule of Evidence 803(1). There are three requirements for a present sense impression: "(1) the declarant must have personally perceived the event described, (2) the declaration must be a factual description, and (3) the declaration and the event described must be contemporaneous." Tracinda Corp. v.

DaimlerChrysler AG, 362 F. Supp. 2d 487, 502 (D. Del. 2005).  The "critical element" of the

exception is contemporaneity: "the statement must be made at the time that the event or

condition is being perceived or immediately thereafter."  Partido Revolucionario Dominicano

(PRD) v. Partido Revolucionario Dominicano, Seccional de Maryland y Virginia, 311 F. Supp.

2d 14, 16 (D.D.C. 2004).

There is precedent for admitting handwritten notes taken during meetings or

conversations under this rule, provided the notes were made contemporaneously with the

conversation and not after the fact.  E.g., PRD, 311 F. Supp. 2d at 16 (notes of someone who was

present at a meeting and contemporaneously recorded what transpired are admissible); United

States v. AT&T, 516 F. Supp. 1237 (D.D.C. 1981) (contemporaneous memoranda reflecting

discussions in meetings and telephone discussions meet admissibility requirements of Rule

803(1)); Phoenix Mut. Life Ins. Co. v. Adams, 828 F. Supp. 379, 389 (D.S.C. 1993), aff'd, 30

F.3d 554 (4th Cir. 1994) (handwritten notes made "substantially contemporaneous with" the

telephone conversation are admissible);  United States v. Ferber, 966 F. Supp. 90, 97–98 (D.

Mass. 1997) (banker's handwritten notes reciting things his superior said to him, made with

"virtual immediacy" during or after the conversation were admissible present sense impressions).

But see PRD, 311 F. Supp. 2d at 17 (handwritten notes not admissible as a present sense

impression where there was no evidence the notes were made "contemporaneously" with any

event or condition).  If the defense is able to establish the foundation required by Rule 803(1),

the Court sees no impediment to admitting the notes under this rule in addition to Rule 803(5).

Having established these general parameters, the Court will reserve judgment on whether

a foundation has been laid for admission of the notes until trial.  Finally, if the defense believes

in good faith that it will be able to lay a proper foundation for the notes, it is free to mention them in its opening statement.

      **SO ORDERED**.


                                        _____

                                        CHRISTOPHER R. COOPER
                                        United States District Judge

Date:  May 13, 2022