IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>*v.*<br><br>**MICHAEL A. SUSSMANN,**<br><br>*Defendant*. | Case No. 1:21-cr-00582 (CRC) |

### DEFENDANT'S MOTION TO STRIKE, OR ALTERNATIVELY FOR A MISTRIAL

Defendant Michael A. Sussmann, by and through his counsel, respectfully moves to strike nonresponsive and prejudicial portions of Marc Elias's trial testimony, preclude reference to or argument regarding those portions of Mr. Elias's testimony, and permit the defense to publish a transcript of the revised testimony to the jury or, in the alternative, for a mistrial.

Nonresponsive and prejudicial testimony by Mr. Elias, as well as repeated improper questioning by the Special Counsel, violated Mr. Susmann's constitutional rights by effectively suggesting to the jury that, in order to answer a key question in the case—whether Mr. Sussmann went to the FBI on behalf of a client—"you would have to ask Mr. Sussmann." That suggestion implicates Mr. Sussmann's Fifth Amendment right not to testify in his own defense, and Mr. Sussmann was deeply prejudiced by Mr. Elias's comments and the Special Counsel's efforts to double down on those comments. For the reasons discussed below, the defense moves the Court to strike portions of Mr. Elias's testimony and provide other requested relief or, if that relief is not granted, for a mistrial.

### BACKGROUND

This afternoon, the defense asked Mr. Elias a pointed question that was specifically limited to his knowledge, namely: "To your knowledge, did Mr. Sussmann go to the FBI on September

19th on behalf of the HFA campaign?" Mr. Elias answered as follows: "I think you'd have to ask Mr. Sussmann. I mean, as far as I – I mean I don't know. From my standpoint, I would say no. But like – 'on behalf of' [is] kind of [like] a subjective intent thing."[1] Portions of Mr. Elias's answer—namely that "you'd have to ask Mr. Sussmann" and "'on behalf of' is kind of like a subjective intent thing"—were nonresponsive and prejudicial. Although Mr. Sussmann was prejudiced even then, the defense declined to draw attention to the comment in the presence of the jury.

On re-direct, which followed immediately thereafter, the Special Counsel returned to this topic in his initial questions not once, not twice, but three times. First, the Special Counsel asked: "Mr. Elias, I think when Mr. Berkowitz asked you about on whose behalf Mr. Sussmann may have gone to the FBI for that September 19th meeting, you indicated that *that's something that would be in Mr. Sussmann's knowledge*." The Court sustained the defense's objection. Second, the Special Counsel asked: "how did you respond when you were asked about whether Mr. Sussmann went to the FBI on behalf of the campaign?" The Court again sustained the defense's objection and instructed the Special Counsel to move on. Then, after two sustained objections and an explicit instruction to move to another line of questioning, the Special Counsel went back a third time and asked: "[w]hat is the best way to determine what – on whose behalf an attorney is spending his time *other than by asking them*?" Mr. Elias responded, "I was going to say, ask him."

## ARGUMENT

Mr. Elias's nonresponsive testimony on cross examination, as well as the repeated, improper questioning by the Special Counsel, directly suggested to the jury that in order to answer

---

[1] The testimony quoted herein was taken from the Realtime feed provided by the Court and does not reflect the final trial transcript.

a key question in this case—whether Mr. Sussmann went to the FBI on September 19, 2016 on behalf of a client—Mr. Sussmann would need to testify.  But as the Special Counsel and Mr. Elias are well aware, a defendant in a criminal trial has a constitutional right not to testify.  U.S. Const. amend. V. ("No person . . . shall be compelled in any criminal case to be a witness against himself[.]").  And commenting, either directly or indirectly, on a defendant's decision to testify or not testify is entirely improper.  *See Griffin v. California*, 380 U.S. 609, 615 (1965) ("[T]he Fifth Amendment . . . forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."); *United States v. Catlett*, 97 F.3d 565, 573 (D.C. Cir. 1996) ("[I]t is improper for the prosecutor to comment directly or indirectly on a defendant's failure to testify.").

Here, Mr. Elias expressly invited the jury to look to Mr. Sussmann for answers.  This has caused obvious prejudice to Mr. Sussmann, who has not yet decided whether or not to testify in this case.  The Special Counsel compounded that prejudice by repeatedly returning to the topic even when the Court had sustained objections and expressly instructed counsel to move on.  In his first two questions, moreover, the Special Counsel mischaracterized the defense's earlier question, in each instance omitting that the defense had explicitly limited its question—whether Mr. Sussmann went to the FBI on behalf of HFA—to what Mr. Elias knew.  The Special Counsel's misleading line of questioning only drew more attention to Mr. Elias's unnecessary commentary, and the third question in fact elicited repeat testimony from Mr. Elias suggesting the need for Mr. Sussmann to testify about whether he was acting on behalf of a client.  The only remedy short of a mistrial that could cure the prejudice to Mr. Sussmann would be for the Court to (1) strike the nonresponsive and prejudicial portions of Mr. Elias's testimony on cross examination; (2) strike the three questions the Special Counsel asked on re-direct examination and the answer to the third

question, as described above; (3) preclude reference to or argument regarding any testimony suggesting that you would have to "ask Mr. Sussmann" to know whether he went to the meeting with the FBI on behalf of any client; and (4) permit the defense to publish a transcript to the jury during closing argument that shows Mr. Elias's testimony without the improper questions and answers.

In the alternative, should the Court decline to issue the relief sought, the defense moves for a mistrial due to the impropriety of the Special Counsel's questioning.

## CONCLUSION

For the foregoing reasons, Mr. Sussmann moves to strike portions of Mr. Elias's testimony or, in the alternative, for a mistrial.

Dated:  May 18, 2022                                              Respectfully submitted,

*/s/Sean M. Berkowitz*
Sean M. Berkowitz (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Email: sean.berkowitz@lw.com

Michael Bosworth (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: michael.bosworth@lw.com

Natalie Hardwick Rao (D.C. Bar # 1009542)
Catherine J. Yao (D.C. Bar # 1049138)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: natalie.rao@lw.com
Email: catherine.yao@lw.com