UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal Case No. 21-582 (CRC)** |
| | : | |
| **MICHAEL A. SUSSMANN,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION REGARDING EVIDENCE ADMISSIBLE UNDER
RULES 801(d) and 804(3), FEDERAL RULES OF EVIDENCE**

The Government intends to offer into evidence portions of the defendant Michael Sussmann's sworn testimony before the House Permanent Select Committee on Intelligence given on December 18, 2017. In particular, the government has pre-marked as a government exhibit the defendant's testimony wherein, contrary to what he had told the FBI's General Counsel on September 19, 2016 (as corroborated by the hand-written notes of E.W. Priestap and Trisha Anderson which have already been admitted into evidence as full exhibits) and he told CIA personnel with whom he met in February 2017, he stated he *was* representing a client on both occasions. The prior testimony is admissible against the defendant as a Statement of Party Opponent, Rule 801(d), Fed.R.Evid., as well as Statement Against Interest under Rule 804(3), Fed.R.Evid.

Last evening the defense has advised government counsel that it intends to seek the admission of the entirety of the defendant's Congressional testimony under the so-called "rule of completeness." Rule 106, Fed.R.Evid. The Rule states: "If a party introduces all or part of a

1

writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."

The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial. Fed. R. Evid. 106 Advisory Committee's Note to 1972 Proposed Rules. As succinctly noted in *United States v. Gravely*, 840 F.2d 1156, 1163 (4th Cir. 1988), "Fed. R. Evid. 106 allows an adverse party to introduce any other part of a writing or recorded statement which ought in fairness be considered contemporaneously. The rule simply speaks the obvious notion that parties should not be able to lift selected portions out of context."

 Here, the testimony to be offered by the government is limited to that relating to the defendant's statements concerning his representation of a client in his September 19, 2016, and February 2017 engagements with the FBI's General Counsel and CIA representatives, respectively. In this regard, the defense has not identified any additional portions of the transcript that suggest that those to be offered by the government have been taken out of context or are incomplete.

 As a possible aid to the Court in assessing how Rule 106 should be applied in the instant matter, the government respectfully suggests taking the approach followed by the district court in *United States v. Bailey*, Crim. No. PWG-16-0246 (D.MD 2017). In the *Bailey*, the court, citing what it referred to as a respected evidence treatise, 21A Wright & Graham, *Federal Practice and Procedure: Evidence*, § 5077.2, identified a "series of factors that help courts identify when the fairness requirement of Rule 106 has been met. They include: (1) Is the proffered evidence taken

out of context (does what is missing change the meaning of what was introduced)? (2) Does the lack of context make the evidence misleading (does the admitted evidence "invite" or "permit" a false premise)? (3) Can the misleading impression be dispelled by other means (for example, by instructing the jury not to draw the misleading inference, or by permitting introduction of completing evidence at a later time, such as during cross examination or the defense case, so as not to interrupt the presentation of the prosecution's case)? (4) How much evidence is needed to dispel misleading effects (lawyers should be precise in identifying the information actually needed to correct the misleading impression created by the incomplete evidence, and judges should be skeptical about allowing expansive introduction of lengthy excerpts from writings or recordings under the guise of "correcting" a misimpression)? (5) How strong is the evidence admitted and omitted (how does the strength of the admitted evidence compare to the strength of the omitted evidence—a minor discrepancy does not require "correction" with a massive introduction of information of little probative value)? (6) How long will repair be delayed if not accelerated (if the completing information is not introduced during the prosecution's case, can the defendant effectively dispel any misleading impression during cross examination or during his case in chief, or will the damage, once done, be irremediable if not immediately addresses)? (7) What is the consequential fact to be proved (if the misimpression goes to an essential element of the prosecution's case—such as the defendant's motive or intent—then there is a more exigent need to ensure immediate correction than exists if the incomplete information is primarily relevant to a less critical issue, such as an assessment of a witness's credibility)? (8) How much will completion disrupt or prejudice the proponent (the more disruptive the immediate completion will be of the proponent's case, the more cautious the court should be before allowing it at that

3

time)? And (9) does truncation or completion implicate constitutional rights (if the prosecution introduces incomplete portions of a defendant's confession that, if not completed by introducing other parts of the confession, would require the defendant to waive his Fifth Amendment right not to testify)?

There are proper grounds for the admission of the defendant's statement relating to his representation of a client as made on December 18, 2017, before a Congressional Committee. Rule 106, Fed.R.Evid.  There is no lawful basis for admitting the entire transcript of the defendant's testimony before the House Committee.

        Respectfully submitted,

        JOHN H. DURHAM
        Special Counsel

        By:

        /s/   Brittain Shaw
        Jonathan E. Algor
        Assistant Special Counsel
        jonathan.algor@usdoj.gov

        Andrew J. DeFilippis
        Assistant Special Counsel
        andrew.defilippis@usdoj.gov

        Michael T. Keilty
        Assistant Special Counsel
        michael.keilty@usdoj.gov

        Brittain Shaw
        Assistant Special Counsel
        brittain.shaw@usdoj.gov